

JAMES L. DAY
jday@fbm.com
415.954.4414

December 26, 2024

*Via ECF and E-Mail*

Hon. Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

      Re:    <u>Dow Jones & Co., Inc. et al. v. Perplexity AI, Inc.</u>, No. 1:24-cv-07984-KPF

Dear Judge Failla:

      Defendant Perplexity AI, Inc. ("Perplexity") respectfully submits this letter pursuant to Section 4.A of Your Honor's Individual Practices to request a pre-motion conference regarding its anticipated non-consented motion to dismiss the First Amended Complaint (ECF No. 36) ("FAC") or, in the alternative, to transfer this action to the Northern District of California. A full record will show that Plaintiffs' claims fail on the merits for a host of reasons. But Perplexity's anticipated motion addresses threshold problems with the FAC: it was filed in the wrong court based on where Plaintiffs prefer to litigate, not where the law says they must, giving rise to jurisdiction and venue issues warranting transfer; and it improperly brings claims for works that were not registered at the time Plaintiffs brought suit.

      **I.**    **This Court lacks personal jurisdiction over Perplexity.**

      Perplexity is a search engine company founded in San Francisco, where its headquarters and the vast majority of its approximately 150 employees are located today. California-based researchers and engineers developed the cutting-edge technology that is at the heart of Plaintiffs' complaint: an AI-powered search engine that uses a technique called Retrieval Augmented Generation ("RAG") to understand natural-language questions, locate relevant factual information on the internet, and instantly create concise, accessible summaries of that information accompanied by prominent source citations and links. From its home base in California, Perplexity makes its search engine available to anyone with an internet connection and strives to market its service to a global audience.

      The conduct Plaintiffs challenge in this suit arises from California, and Plaintiffs cannot establish a *prima facie* case for personal jurisdiction in New York. As a Delaware corporation with its principal place of business in California (FAC ¶ 18), Perplexity is not "at home" in New York and so is not subject to general jurisdiction there. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619 (2d Cir. 2016). Plaintiffs must therefore establish that Perplexity's alleged contacts with New York subject it to specific jurisdiction for this case. They cannot. Under CPLR § 302(a)(1), Plaintiffs must show that Perplexity "transact[ed] business" in New York and that their claims "arise out of" those in-state activities. *Donner v. Der Spiegel Gmbh & Co. KG*, – F. Supp. 3d —,



2024 WL 4035215, at *5 (S.D.N.Y. Sept. 4, 2024). But, as described below, Plaintiffs cannot show the required "substantial relationship" between Perplexity's limited New York transactions and the claims in the FAC. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007). Nor can Plaintiffs satisfy CPLR § 302(a)(3)'s requirement of "injury … within the state" merely by pointing to Plaintiffs' residence there. And, even if specific jurisdiction were appropriate under New York's long-arm statute, it would not comport with constitutional due process, which requires a "connection between the forum and the specific claims at issue." *Bristol-Myers Squibb Co. v. Sup. Ct. of Calif., S.F. Cty.*, 582 U.S. 255, 265 (2017).

*First*, Plaintiffs claim "Perplexity aggressively promotes and advertises" in New York, but their allegations establish only that Perplexity was marketing to a global audience. (FAC ¶ 25.) Plaintiffs' allegations do not establish efforts to specifically target New York residents—but even if they did, Plaintiffs' claims arise out of the operation of Perplexity's RAG technology from California, not its marketing efforts. *See Lopez v. Shopify, Inc.*, 2017 WL 2229868, at *7–8 (S.D.N.Y. May 23, 2017) ("no evidence" defendant's "promotional events in New York" had "any nexus to [plaintiff's copyright and trademark] claims").

*Second*, Plaintiffs allege Perplexity has customers and users in New York (FAC ¶ 26), which is unsurprising given that Perplexity makes its service available to users worldwide. But "the theoretical availability of" allegedly infringing material "to anyone with internet use in any state, including New York," does not mean a defendant "has purposefully directed its activities at New York." *Lopez*, 2017 WL 2229868, at *8 n.9 (collecting cases); *see also Best Van Lines*, 490 F.3d at 253. Perplexity does not direct its online service at New York specifically, and "is no more benefitting from the laws of [New York] than from the laws of any other state." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002).

*Third*, Plaintiffs allege Perplexity "possesses or utilizes real property" in New York and that its employees there "are actively engaged in developing, implementing, and promoting the technology" that Plaintiffs accuse of infringement. (FAC ¶ 24.) That allegation apparently refers to the coworking space Perplexity rents in Manhattan, where just 5 of 118 U.S. employees were based when Plaintiffs filed suit (October 21, 2024). None of those employees is responsible for the development of the RAG technology at issue, and Plaintiffs do not allege any of the New York employees engaged in the conduct that they contend is "the most basic copyright violation in this case"—the alleged copying of Plaintiffs' copyrighted works "as inputs into [Perplexity's] RAG index." (FAC ¶ 77.) Perplexity's small contingent of employees located in New York is thus not sufficiently connected to Plaintiffs' claims to establish jurisdiction. *See, e.g., Donner*, 2024 WL 4035215, at *7; *Zibiz Corp. v. FCN Tech. Solns*, 777 F. Supp. 2d 408, 417 (E.D.N.Y. 2011).

*Finally*, that Plaintiffs reside and allegedly experienced injury from copyright infringement in New York "is not a sufficient predicate for jurisdiction." *Troma Ent'mt, Inc. v. Centennial Pics. Inc.*, 729 F.3d 215, 218 (2d Cir. 2013). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014).

## II. Venue in this District is improper.

A copyright infringement suit "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Perplexity does not "reside" in the

Case 1:24-cv-07984-KPF   Document 39   Filed 12/26/24   Page 3 of 4



Hon. Katherine Polk Failla
December 26, 2024
Page 3

Southern District of New York, and it cannot "be found" there because personal jurisdiction is not proper. *See Capitol Records, LLC v. VideoEgg, Inc.*, 611 F. Supp. 2d 349, 366 (S.D.N.Y. 2009). Venue is therefore lacking in this District under § 1400(a). Plaintiffs also cannot establish that venue lies under the more general venue statute, because no "substantial part of the events or omissions giving rise to" their claims occurred in this District. 28 U.S.C. § 1391(b)(ii). Plaintiffs' infringement claims turn on Perplexity's development and operation of its RAG search engine (from California) and global internet users' interaction with that service (with no particular focus on New York). *See Scales v. Web Design Gator*, 2024 WL 68536, at *3 (S.D.N.Y. Jan. 2, 2024) (venue improper where events giving rise to plaintiff's claims "occurred on the internet").

### III.     If the Court does not dismiss this action, it should be transferred to the Northern District of California.

In the alternative to dismissal, the Court may transfer this action to the Northern District of California ("NDCA"), the proper district where this action could have been brought, under 28 U.S.C. § 1631 (jurisdiction), § 1406(a) (venue), and § 1404(a) (convenience). The interests of justice would support transfer to NDCA. **First**, Plaintiffs agreed to litigate IP disputes in San Francisco courts when they accepted Perplexity's Terms of Service, which contain a forum-selection clause.[1] *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59–60 (2013). **Second**, the locus of operative facts is NDCA—the district "where the allegedly-infringing product was designed and developed," *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 697 (S.D.N.Y. 2009), and where Perplexity coordinates the retrieval of material as inputs for its RAG technology. **Third**, nearly all of the "key witnesses" in this copyright infringement action, *i.e.* "those individuals who were involved in the design, production, and sale of the allegedly infringing product," are based in the San Francisco Bay Area. *Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 615 (S.D.N.Y. 2016). For these reasons, among others, the balance of private and public interest factors favors transfer to NDCA.

### IV.     Plaintiffs fail to state a claim as to untimely registered copyrighted works.

The Court should dismiss with prejudice the ten new copyright registrations Plaintiffs added to the list of asserted works in the FAC. (*See* ECF No. 37.) The Copyright Office's public catalog shows these ten works have very recent effective registration dates, which are the dates Plaintiffs submitted their applications to the U.S. Copyright Office. 17 U.S.C. § 410(d). The Supreme Court recently resolved a Circuit split and held that works like these, on which the Office had not yet acted when the initial complaint was filed, did not satisfy the statutory prerequisite for filing suit.[2] *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com*, 586 U.S. 296, 302–03 (2019). Plaintiffs cannot cure this defect by amending after the registrations issued. *See, e.g.*, *Malibu Media, LLC v. Doe*, 2019 WL 1454317, at *3 (S.D.N.Y. Apr. 2, 2019); *Roblox Corp. v. WowWee Grp. Ltd.*, 660 F. Supp. 3d 880, 890 (N.D. Cal. Mar. 9, 2023) (collecting cases). Plaintiffs therefore fail to state a claim as to each untimely registered work.

---

[1] Perplexity Terms of Service, https://www.perplexity.ai/hub/legal/terms-of-service, § 10.7.

[2] The Court can take judicial notice of the copyright registration records for these works, which include decision dates. *See Island Software & Computer Serv. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005). Perplexity's request to the Office for copies of these records is pending.



Hon. Katherine Polk Failla
December 26, 2024
Page 4

Respectfully Submitted,

James L. Day
Counsel for Defendant
Perplexity AI, Inc.