# Torridon Law PLLC

801 Seventeenth Street NW, Suite 1100
Washington, DC 20006
(202) 249-6900

January 2, 2025

**VIA CM/ECF & ELECTRONIC MAIL**

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re:     *Dow Jones & Co., Inc., et al. v. Perplexity AI, Inc.*, Civ. No. 24-7984 (KPF)

Dear Judge Failla:

We represent Plaintiffs Dow Jones & Company, Inc. and NYP Holdings, Inc. (together "Plaintiffs") in the above-referenced action, and submit this letter in response to Perplexity AI, Inc.'s ("Perplexity" or "Defendant") December 26, 2024 letter, ECF No. 39 ("Letter"), which requests a pre-motion conference to discuss Defendant's contemplated motion to dismiss (the "Proposed Motion") Plaintiffs' First Amended Complaint, ECF No. 36 ("FAC"). According to its Letter, Defendant intends to move to dismiss based on (i) a purported lack of personal jurisdiction, (ii) improper venue, and (iii) a failure to state a claim as to certain copyright registrations first asserted in the FAC. Plaintiffs respectfully submit that each argument fails.

### 1.     The FAC Alleges Multiple Copyright and Trademark Infringements.

Plaintiffs are the publishers of *The Wall Street Journal* and *New York Post*, two of the most widely circulated newspapers in the United States, FAC ¶ 2, and have their headquarters and principal places of business in New York City, *id.* ¶¶ 16, 17. As alleged in the FAC, Perplexity is a generative AI company that is registered to do business in New York and transacts business in New York, *id.* ¶ 23, has office space and employees in New York City, *id.* ¶ 24, and markets and sells its product to New Yorkers, *id.* ¶ 25. It is building an "answer engine" that uses generative AI to provide answers to users' search queries that it claims are so reliable users can "Skip the Links" to the websites of the original content creators altogether, *id.* ¶ 4. Its technology does this by feeding content—including all of Plaintiffs' copyrighted articles that Perplexity can access and copy using web scrapers—into third-party large language models that copy and/or summarize the content for Perplexity to deliver to its users, *id.* ¶ 5, including paid subscribers in New York, *id.* ¶ 26, as a substitute for Plaintiffs' copyrighted works, *id.* ¶ 76.

As a result of Perplexity's conduct, the FAC asserts one cause of action for copyright infringement premised on Defendant's scraping and copying for its databases and technology thousands of articles published in *The Wall Street Journal* and *New York Post*, *see* FAC ¶¶ 111–20, and a second that focuses on the infringing outputs generated by Perplexity, *see id.* ¶¶ 121–33. In addition, the FAC asserts a cause of action for trademark infringement resulting from Perplexity's use of Plaintiffs' trademarks in connection with outputs that misattribute content to *The Wall Street Journal* and *New York Post* in order to appear authentic, accurate, and authoritative. *Id.* ¶¶ 96, 134–49.

**Torridon Law PLLC**
Hon. Katherine Polk Failla, U.S.D.J.
January 2, 2025
Page 2 of 4

### 2. Perplexity Is Subject to Personal Jurisdiction in New York.

Defendant does not seriously dispute that it transacts business in New York sufficient for the exercise of personal jurisdiction pursuant to CPLR 302(a)(1), FAC ¶¶ 23–26, and instead focuses its argument on whether "th[e] action arises from that transaction of business." *See Royalty Network v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 417 (S.D.N.Y. 2009). However, the allegations of the FAC include "an averment of facts that, if credited, would suffice to establish that jurisdiction exists." *Dental Recycling North Am., Inc. v. Stoma Ventures, LLC*, 21-cv-9147 (KPF), 2023 WL 373143, at *2 (S.D.N.Y. Jan. 24, 2023) (cleaned up).

"A claim 'arises from' a particular transaction 'when there is some articulable nexus between the business transacted and the claim sued upon, or when there is a substantial relationship between the transaction and the claim asserted.'" *Capitol Records, LLC*, 611 F. Supp. 2d 349, 361 (S.D.N.Y. 2009) (citation omitted). Here, Defendant "frames the business activities that it contends are relevant to jurisdiction too narrowly." *Id*. at 362. The FAC challenges not only Perplexity's assemblage of its RAG index, but also its use of the index to develop and market a substitute product, to usurp Plaintiffs' customers, and to generate outputs that also infringe on Plaintiffs' copyrighted works and/or dilute Plaintiffs' trademarks. Indeed, Perplexity's entire business strategy and existence is founded on and enabled by its infringement, as its technology relies on feeding its RAG index a steady stream of high-quality news content. FAC ¶¶ 4–5. It then aggressively promotes and advertises its products, services, and repackaged content to customers in New York with promotional material specifically tailored to a New York audience, including an interactive web page inviting visitors to "Discover New York with Perplexity" and a massive billboard in Times Square in September 2024. *Id*. ¶ 25. *See also McGraw-Hill Glob. Educ. Holdings, LLC v. Khan*, 323 F. Supp. 3d 488, 495 (S.D.N.Y. 2018) ("Because Defendants' website is interactive and allows a buyer in New York to submit an order online, Plaintiffs have established this Court's personal jurisdiction over Defendants.") (cleaned up).

The FAC further alleges that Defendant derives significant revenue from customers, including premium tier paid subscribers, in New York. FAC ¶ 26. Moreover, "its co-founder and Chief Strategy Officer, as well as engineering, infrastructure, and content staff, who are actively engaged in developing, implementing, and promoting the technology that Perplexity uses to gather and misappropriate Plaintiffs' copyrighted content," are in New York. *Id*. ¶ 24. While Defendant argues that its New York employees were not responsible for the "development" of the "RAG technology," this case is about the *use* of that technology (*e.g.*, copying content into and out of the index), and the FAC alleges that persons responsible for the use of the technology (including its implementation and promotion) are employed in New York. *Id*. In short, these allegations quite clearly form the "articulable nexus" between the claims made in the FAC and Defendant's business in New York sufficient for the exercise of personal jurisdiction pursuant to CPLR 302(a)(1).

In addition, Defendant is separately subject to the Court's jurisdiction pursuant to CPLR 302(a)(3). Defendant's sole argument on this point is that Plaintiffs cannot satisfy the "situs of injury" element by claiming that their principal place of business is in New York. However, in recognizing the "intangible and ubiquitous" nature of the internet, the New York Court of Appeals in *Penguin Grp. (USA) Inc. v. Am. Buddha*, 16 N.Y.3d 295, 304 (2011) (*Penguin II*), held that the situs of injury for "digital piracy" cases, where content is uploaded and distributed on the internet,

**Torridon Law PLLC**
Hon. Katherine Polk Failla, U.S.D.J.
January 2, 2025
Page 3 of 4

is tied to *where the plaintiff resides*, *id.* at 306.  As the Court of Appeals acknowledged—and as alleged by paragraph 12 of the FAC—"one of the harms arising from copyright infringement is the loss or diminishment of the incentive to publish or write." *Id.* at 305.  In addition, the FAC specifically alleges that Defendant's technology creates verbatim reproductions of Plaintiffs' copyrighted works and other commercial substitutes for Plaintiffs' publications, thereby diverting Plaintiffs' *New York* customers away from Plaintiffs' subscriptions and websites.  FAC ¶¶ 8, 22.  To the extent those infringing outputs constitute "discrete, geographically circumscribed theft," the situs of the injury is New York, as in a "traditional commercial tort case." *Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 220 (2d Cir. 2013) (citation omitted).  Moreover, in cases involving trademark infringement, it is well settled that "the injury requirement is satisfied by harm and threatened harm resulting from actual or potential confusion and deception of internet users in New York State." *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458 (S.D.N.Y. 2008) (citation omitted).

### 3. Venue Is Proper and Appropriate in the Southern District of New York.

"[Defendant's] argument for dismissal based on improper venue is coextensive with its personal jurisdiction argument because in a copyright case such as this one venue is proper in a judicial district where the corporate defendant is subject to personal jurisdiction." *Capitol Records, LLC*, 611 F. Supp. 2d at 365.  As shown above, because Defendant is subject to personal jurisdiction in New York, venue is also proper here pursuant to 28 U.S.C. § 1400(a).  Even so, Defendant says that it will, in the alternative, move for a transfer of venue on *forum non conveniens* grounds.  Defendant suggests that the action could have been brought in the Northern District of California, but the critical question is "whether transfer is *appropriate*," *Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 616 (S.D.N.Y. 2016) (emphasis added).  The thrust of Defendant's argument is that it is more convenient for Defendant to litigate this case closer to its headquarters in San Francisco.  But that is not enough, because the result simply would be to shift any inconvenience "from one party to the other." *Id.* at 618.  Plaintiffs' principal places of business are in New York City, FAC ¶¶ 16, 17, Plaintiffs' witnesses are in New York, and Defendant maintains an office here, *id.* ¶ 24.  Finally, Perplexity's terms of service argument is nonsensical.  Plaintiffs never contracted with Defendant and the claims here do not arise from Perplexity's Terms of Service. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 391–92 (2d Cir. 2007).

### 4. The FAC Properly Asserts Infringement of Ten Additional Copyrights.

The ten additional copyright registrations asserted in the FAC are properly before the Court.  Plaintiffs complied with *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301–03 (2019), by initiating this lawsuit based upon already-registered works, and asserting the ten additional copyrights only after the Copyright Office acted on those registrations.  In other words, the "suit was not 'instituted' as to the newly-pleaded copyrights until the filing of the Amended Complaint." *Malibu Media, LLC v. Baker*, No. 18-cv-3263 (JGK) (BCM), 2020 WL 3978302, at *4 n.3 (S.D.N.Y. June 18, 2020) *report and recommendation adopted*, 2020 WL 3972736 (July 13, 2020).

**Torridon Law PLLC**
Hon. Katherine Polk Failla, U.S.D.J.
January 2, 2025
Page 4 of 4

                                                                                  Respectfully submitted,

                                                                                  *s/ Paul T. Cappuccio*
                                                                                  Paul T. Cappuccio

cc:      All counsel of record (via CM/ECF)