UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOW JONES & COMPANY, INC. and NYP HOLDINGS, INC., <br><br>            Plaintiffs, <br><br> v. <br><br> PERPLEXITY AI, INC., <br><br>            Defendant. | Civil Action No. 1:24-cv-07984-KPF <br><br> **ORAL ARGUMENT REQUESTED** |

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

In support of its concurrently filed Motion to Dismiss or, in the Alternative, to Transfer Venue ("Motion"), Defendant Perplexity AI, Inc. ("Perplexity") hereby requests that this Court consider the documents attached to the accompanying Declaration of Michelle Kao in Support of Defendant's Request for Judicial Notice ("Kao Declaration").

**ARGUMENT**

In ruling on a Rule 12(b) motion to dismiss, a court may properly consider matters subject to judicial notice. *Trump v. Vance*, 480 F. Supp. 3d 460, 478 (S.D.N.Y. 2020), *aff'd*, 977 F.3d 198 (2d Cir. 2020). Federal courts may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201.

Perplexity requests that this Court take judicial notice of the official copyright registration certificates issued by the U.S. Copyright Office for ten of the works Plaintiffs assert in the Second Amended Complaint, and in particular, the registration decision dates set forth in those certificates.

The Second Circuit has held that federal copyright registrations are among the facts of which a district court may take judicial notice. *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005); *see also TCA Television Corp. v. McCollum*, 151 F. Supp. 3d 419, 425 (S.D.N.Y. 2015); *Jackson v. Destiny's Child*, No. 23-cv-10507, 2024 WL 218058, at *3 n.4 (S.D.N.Y. Jan. 19, 2024) (collecting cases). Perplexity asks this Court to take notice of the registration decision dates set forth in the registration certificates for U.S. Reg. Nos. TX 9-442-680, TX 9-436-972, TX 9-445-492, TX 9-447-215, TX 9-444-230, TX 9-438-369, TX 9-442-675, TX 9-447-687, TX 9-444-348, and TX 9-445-592, true and correct copies of which are attached as Exhibits A–J to the Kao Declaration.

Finally, Perplexity requests that this Court take judicial notice of Perplexity's Terms of Service. Courts in the Second Circuit regularly recognize that publicly available terms of service are subject to judicial notice. *See, e.g.*, *McGucken v. Newsweek LLC*, 464 F. Supp. 3d 594, 600 n.2 (S.D.N.Y. 2020) (taking judicial notice of Instagram Terms of Use), *reconsideration denied*, No. 19-cv-9617, 2020 WL 6135733 (S.D.N.Y. Oct. 19, 2020); *Force v. Facebook, Inc.*, 934 F.3d 53, 59 n.5 (2d Cir. 2019) (finding Facebook's publicly available Terms of Service were subject to judicial notice). Perplexity's Terms of Service are publicly available and readily determined from Perplexity's website at https://www.perplexity.ai/hub/legal/terms-of-service. A true and correct copy of the current Terms is attached as Exhibit K to the Kao Declaration.

## CONCLUSION

For the foregoing reasons, Perplexity respectfully requests that the Court take judicial notice of the documents identified above and attached to the Kao Declaration in deciding Perplexity's Motion.

Dated:  February 18, 2025	Respectfully submitted,

By:  /s/ *James L. Day*

Cameron J. Gibbs
James L. Day (pro hac vice)
Eugene Y. Mar (pro hac vice)
Michelle Kao (pro hac vice)
**FARELLA BRAUN + MARTEL LLP**
One Bush Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
cgibbs@fbm.com
jday@fbm.com
emar@fbm.com
mkao@fbm.com

*Attorneys for Defendant Perplexity AI, Inc.*