**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DOW JONES & COMPANY, INC. and NYP HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PERPLEXITY AI, INC., <br><br> Defendant. | Civil Action No. 1:24-cv-07984-KPF <br><br> **DECLARATION OF ALEXANDER GIBSON IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE** |

I, Alexander Gibson, declare as follows:

1. I am over 18 years of age and am the Director of Regulatory Affairs for News Corporation ("News Corp"), parent company of plaintiffs Dow Jones & Company, Inc. and NYP Holdings, Inc. (together "Plaintiffs"), and submit this Declaration in Opposition to the Motion filed by Defendant Perplexity AI, Inc. ("Perplexity") to Dismiss or, in the alternative, to Transfer Venue, ECF No. 47. I have personal knowledge of the facts and circumstances set forth below.

2. I have reviewed and am familiar with the allegations made in Plaintiffs' Second Amended Complaint, ECF No. 46 ("SAC").

3. Paragraphs 110 and 119 of the SAC allege two specific examples (together, the "Outputs") of infringing information and answers delivered to a Perplexity user. SAC ¶¶ 110, 119.

4. Paragraph 110 of the SAC alleges an example of "Perplexity's free application providing an in-depth summary of a paywalled article of *The Wall Street Journal*." SAC ¶ 110. This is alleged to "constitute [a] distinct copyright violation[]." SAC ¶ 104.

5. Paragraph 119 of the SAC alleges an example of Perplexity providing a "hallucination" in the form of "'several key quotes' purportedly included in the article that do not

1

in fact appear there." SAC ¶ 119. This is alleged to constitute a false designation of origin and dilution of Plaintiffs' trademarks. SAC ¶ 115.

6. I received these Outputs on July 30, 2024, in response to queries I submitted to the free version of Perplexity's generative AI technology, available at http://www.perplexity.ai/.

7. I was located at 1211 Avenue of the Americas, New York, New York at the time I submitted the queries and received these Outputs.

8. I understood these Outputs—a comprehensive summary of a newly published article of *The Wall Street Journal*, together with several misquotations of the same article—to constitute potential infringing uses of Plaintiffs' intellectual property. I therefore captured and preserved the Outputs and provided them to Plaintiffs' legal team, including Plaintiffs' outside counsel.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on March 11, 2025

_____
Alexander Gibson