UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOW JONES & COMPANY, INC. and NYP HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PERPLEXITY AI, INC., <br><br> Defendant. | Civil Action No. 24-cv-07984-KPF <br><br> **CONFIDENTIALITY AND PROTECTIVE ORDER** |

      Plaintiffs Dow Jones & Company, Inc. and NYP Holdings, Inc. and Defendant Perplexity AI, Inc. (each a "Party," and collectively, "the Parties"), through their respective counsel of record, hereby submit this Confidentiality and Protective Order ("Protective Order") for the Court to so order.

      Whereas, for good cause shown, IT IS HEREBY ORDERED THAT:

      1.     This Protective Order governs the handling of any documents, information, and other things exchanged by the Parties or received from nonparties in response to any discovery method authorized or permitted by the Federal Rules of Civil Procedure, in connection with all phases of the above-captioned action leading up to trial, including, but not limited to, the filing of any pleadings, answering any discovery requests, taking depositions, filing motions, and preparing transcripts and exhibits.  This Protective Order does not govern proceedings during trial, nor does it prohibit any Party from seeking a separate protective order to govern trial proceedings; however, this Protective Order shall govern all testimony taken at a pretrial hearing or other judicial proceeding in this action.

      2.     Any information or materials produced by any Party or nonparty as part of discovery in this action may be designated "Confidential" or "Highly Confidential" or "Highly

1

Confidential – Inspection Data" by such Party or nonparty pursuant to Paragraph 3 of this Protective Order.

    3.    As used herein:

    (a)    "Confidential Information" shall include any documents, tangible things, or testimony that a Party (or nonparty as applicable) reasonably believes not to be in the public domain and contains any confidential financial, business, research, development, technical, strategic, and/or personal information, the disclosure of which, in the good faith judgment of the Party or nonparty designating the material as confidential, could harm the privacy or business interests of the Producing Party (as defined below) or any other person. Confidential Information shall not include information that (a) is available to the public other than through a breach of this Protective Order or other duty of confidentiality; or (b) a Receiving Party (as defined below) can demonstrate was already known to the Party at the time of disclosure and was not subject to conditions of confidentiality.

    (b)    "Designated In-House Counsel" shall mean In-House Counsel (as defined below) who seek access to "Highly Confidential" documents and information in this Action. Each Party shall be permitted to designate to the other Party no more than three (3) Designated In-House Counsel, none of whom shall have responsibilities that include and/or are intertwined with "competitive decision-making," *Koninklijke Philips N.V. v. iGuzzini Lighting USA, Ltd.*, 311 F.R.D. 80, 83 (S.D.N.Y. 2015), or editorial decision-making.

    (c)    "Highly Confidential Information" shall include any Confidential Information which a Party (or nonparty as applicable) reasonably believes to be so sensitive that it is entitled to extraordinary protections. Such information includes but is not limited

2

to any information, document, or thing, or portion of any document or thing, that contains trade secrets or highly sensitive business or personal information, the disclosure of which would create a substantial risk of serious harm to the privacy or business interests of the Producing Party or any other person that could not be avoided by less restrictive means.

  (d) "Highly Confidential – Inspection Data" shall be defined in a separate agreement negotiated by the Parties for the discovery of source code and other extremely sensitive electronic data subject to inspection, including but not limited to training data.

  (e) "In-House Counsel" shall mean those attorneys who are directly employed by and serve as in-house counsel to a Party. For the avoidance of doubt, the term In-House Counsel shall not include outside counsel of record that have appeared in this action along with other lawyers affiliated with the law firms that are retained to represent a Party in this action.

  (f) "Producing Party" shall mean the Party or Parties to this action (and any nonparty as applicable) producing documents and/or information in this action.

  (g) "Receiving Party" shall mean the Party or Parties to this action (and any nonparty as set forth in this Protective Order) receiving documents and/or information in this action.

  (h) "Expert" shall mean a person who has been retained by a Party or its counsel to serve as a testifying expert witness or as a non-testifying consultant in this action, who the Party or its counsel believe has specialized knowledge or experience in an area pertinent to the litigation and who is neither a past or current employee of a Party, nor a current employee of a Party's commercial competitor, and at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor. As a reference

point, the Parties' initial, non-exhaustive lists of competitors are attached hereto as Schedule 1.

(i) "Professional Vendor" shall mean a person or entity that provides litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4. Designation in conformity with this Protective Order requires:

(a) <u>For information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "HIGHLY CONFIDENTIAL – INSPECTION DATA" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, to the extent practicable, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>In the case of testimony given in deposition or in other pretrial or trial proceedings</u>, confidentiality designations shall be made by notifying all counsel, either on the record during the deposition or in writing at any time up to twenty (20) business days after the final transcript is received by counsel for the Party asserting the confidentiality designation, of those portions which are to be stamped or otherwise treated as such. Prior to the expiration of such twenty (20) business day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents, tangible things, deposition transcripts, and recordings of the deposition shall be treated as

4

Highly Confidential Information. Nothing shall prohibit a Party from seeking to redesignate a confidentiality designation subsequent to the twenty (20) business day period.

(c) <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "HIGHLY CONFIDENTIAL – INSPECTION DATA". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5. The Receiving Party may, at any time, notify the Producing Party in writing that the Receiving Party does not concur in the (a) non-designation or (b) designation of a document or other material as Confidential Information, Highly Confidential Information, or Highly Confidential – Inspection Data. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order, and must state with particularity the reason(s) for the objection. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within ten (10) business days of the date of service of notice. In conferring, the Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the identified document or material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Receiving Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Producing Party is unwilling to participate in the meet and confer process in a timely manner. If

the Producing Party does not agree to redesignate such document or material, the Receiving Party may move before the Court for an order redesignating those documents or materials. If no such motion is filed within twenty (20) business days of the initial written notice of challenge, such documents or materials shall continue to be treated as they are designated by the Producing Party. If such motion is filed, the documents or other materials shall be treated at the highest level of confidentiality requested by a Party (or nonparty as applicable) unless and until the Court rules otherwise. The burden of proving that information has been properly designated under this Protective Order is on the Party (or nonparty as applicable) making the highest level of confidentiality designation.

      6.      Except with the prior written consent of the Producing Party, which consent will not be unreasonably withheld, or by order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

      (a)      personnel of Plaintiffs or Defendant actually engaged in assisting in the preparation of the above-captioned action and who have been advised of their obligations hereunder;

      (b)      In-House Counsel and Designated In-House Counsel for the Parties herein and staff and supporting personnel of such attorneys who are directly assisting such counsel in the preparation of the above-captioned action, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

      (c)      outside counsel for the Parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of the above-captioned action, are under the

supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(d) a document's author, its addressee, and/or any other person indicated on the face of the document as having received a copy of that version of the document, and/or a custodian of the document;

(e) Experts (as defined in this Protective Order) that are retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 9 hereof;

(f) the Court and Court personnel, if filed in accordance with paragraph 14 hereof;

(g) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 4(b) hereof;

(h) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 4(b), 10, and 13 hereof;

(i) professional jury or trial consultants and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Certification Regarding Confidentiality (Exhibit A);

(j) mediators or settlement officers and their supporting personnel; and

(k) any other person agreed to in writing by the Parties.

7. Except with the prior written consent of the Producing Party, which consent will not be unreasonably withheld, or by order of the Court, Highly Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

(a) those individuals listed in Paragraph 6(c)-(k); and

(b) Designated In-House Counsel who have signed the Certification Regarding Confidentiality (Exhibit A).

8. Except with the prior written consent of the Producing Party, which consent will not be unreasonably withheld, or by order of the Court, Highly Confidential Information – Inspection Data shall not be furnished, shown or disclosed to any person or entity except to those individuals listed in Paragraph 6(c)-(k). Notwithstanding the foregoing, while Designated In-House Counsel may not directly inspect or review Highly Confidential Information – Inspection Data, Designated In-House Counsel may review information concerning such data that does not repeat any Highly Confidential Information – Inspection Data verbatim, absent written consent from the Producing Party to directly inspect or review Highly Confidential Information – Inspection Data.

9. Before any disclosure of Confidential Information, Highly Confidential Information, or Highly Confidential Information – Inspection Data is made to an Expert (as defined in this Protective Order), counsel for the Party retaining the Expert shall obtain the Expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Further:

(a) Counsel for the Party obtaining a Certification Regarding Confidentiality (Exhibit A) for any Expert retained to give testimony at the trial of this action or other proceeding herein shall supply to counsel for the Producing Party at least ten (10) court

days prior to such person's review of material designated Confidential, Highly Confidential, or Highly Confidential – Inspection Data pursuant to this Protective Order the following materials: (i) a copy of the testifying Expert's Certification Regarding Confidentiality (Exhibit A), and (ii) a copy of the Expert's current CV, including an identification of the Expert's current employer(s).

(b) Counsel for the Party obtaining a Certification Regarding Confidentiality (Exhibit A) for any non-testifying consultant retained as an Expert shall supply to counsel for the Producing Party at least ten (10) court days prior to such person's review of material designated Highly Confidential or Highly Confidential – Inspection Data pursuant to this Protective Order the following materials: (i) a copy of the non-testifying Expert's Certification Regarding Confidentiality (Exhibit A), and (ii) a copy of the Expert's current CV, including an identification of the Expert's current employer(s).

(c) During the ten (10) court-day period referenced in Paragraph 9(a)–(b), counsel for the Producing Party shall have the opportunity to meet and confer with counsel for the Party retaining the Expert regarding the proposed disclosure, failing which the Party retaining the Expert may disclose any material designated under this Protective Order to the proposed Expert.  If the Parties do not resolve the dispute as to the proposed disclosure, the Producing Party may seek appropriate relief from the Court within seven (7) court days of the initial meet-and-confer conference.  If, after a timely objection and meet-and-confer conference, the Producing Party does not file a letter or motion with the Court pursuant to the procedures of this paragraph, the Party retaining the Expert may disclose the material to properly identified Experts.  Nothing in this provision shall preclude a Party from in good faith re-designating an expert consultant as a testifying expert witness.

10. Confidential Information, Highly Confidential Information, and Highly Confidential – Inspection Data shall be utilized by the Receiving Party and its counsel for purposes of prosecuting, defending, or attempting to settle this litigation and for no other purposes.

11. Should the need arise for any of the Parties to disclose Confidential Information, Highly Confidential Information, or Highly Confidential – Inspection Data during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court shall deem necessary to preserve the confidentiality of such Confidential Information, Highly Confidential Information, or Highly Confidential – Inspection Data.

12. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Information, Highly Confidential Information, or Highly Confidential – Inspection Data that Party must:

    (a) promptly notify in writing the Producing Party. Such notification shall include a copy of the subpoena or court order;

    (b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Confidential, Highly Confidential Information, or Highly Confidential – Inspection Data may be affected.

    (d) If the Producing Party timely seeks a protective order in the other litigation, the Party served with the subpoena or court order shall not produce any information

10

designated in this action as Confidential, Highly Confidential, or Highly Confidential – Inspection Data before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a recipient of Confidential Information, Highly Confidential Information, or Highly Confidential – Inspection Data in this action to disobey a lawful directive from another court.

13. This Protective Order shall not preclude counsel for the Parties from using during any deposition in this action any documents or information which have been designated as Confidential Information, Highly Confidential Information, or Highly Confidential – Inspection Data under the terms hereof. Any court reporter and deposition witness who is given access to Confidential Information, Highly Confidential Information, or Highly Confidential – Inspection Data shall, prior thereto, be provided with a copy of this Protective Order and shall be requested to sign (or acknowledge on the record their agreement to abide by) an agreement in the form of Exhibit A attached hereto. If he or she declines, the individual shall be advised on the record of their obligations to abide by the Protective Order.

14. All Confidential Information, Highly Confidential Information, or Highly Confidential – Inspection Data filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Information, Highly Confidential Information, or Highly Confidential – Inspection Data, shall be filed under seal and kept under seal until further order of the Court, consistent with the Court's Individual Rule of Practice in Civil Cases. The Parties will use their best efforts to minimize such sealing. Consistent with the Court's

Individual Rule of Practice in Civil Cases, for any document filed under seal: (1) a redacted version of the document shall be filed on the public docket on the same day, and (2) a letter shall be filed on the public docket indicating what has been filed under seal. The Parties will otherwise follow the Sealed Record Filing Instructions of the Southern District of New York for filing documents under seal.[1] All pleadings, briefs, motions, or other papers filed with the Court that reproduce, paraphrase or disclose any documents which have previously been designated by a Party as comprising or containing Confidential Information, Highly Confidential Information, or Highly Confidential – Inspection Data shall identify such documents by the production number ascribed to them at the time of production.

15. In the event a non-disclosing Party believes that a document is improperly filed under seal, that Party may file a letter with the Court requesting that the document be unsealed. The documents will remain under seal until the Court renders a decision on the request to unseal.

16. Any person receiving Confidential Information or Highly Confidential Information shall not intentionally or negligently reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

17. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party

---

[1] By stipulating herein to follow the Individual Rules of Practice of this Court and Sealed Record Filing Instructions of the Southern District of New York, Defendant does not concede that jurisdiction or venue are proper in this Court. Defendant does not waive, and expressly reserves, its right to seek modification of this Protective Order should this case be transferred to the U.S. District Court for the Northern District of California pursuant to Defendant's pending Motion to Dismiss or, in the Alternative, to Transfer Venue (ECF No. 47).

must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

18.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information, Highly Confidential Information, or Highly Confidential – Inspection Data to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, Highly Confidential Information, or Highly Confidential – Inspection Data, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the Certification Regarding Confidentiality that is attached as Exhibit A.

19.  Inadvertent production of any document produced in response to discovery requests in this action by any Party or nonparty that a Party or nonparty later claims should have been withheld on grounds of a privilege, including the attorney-client privilege or work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection in this or any other federal or state proceeding.  A Party or nonparty may request the return of any document that it inadvertently produced by identifying in writing the Inadvertently Produced Privileged Document and stating in writing the basis for withholding such document from production.  If a Party or nonparty requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more Parties, the possessing Parties shall within five (5) business days destroy or return to the requesting Party or nonparty the Inadvertently Produced Privileged Document and all copies thereof and shall make reasonable efforts to expunge from any other

13

document or material information solely derived from the Inadvertently Produced Privileged Document. A Party may move the Court for an order compelling production of the document, but said Party may not assert as a ground for the entering such an order the fact or circumstances of the inadvertent production. Nothing in this Protective Order shall preclude a Party from arguing that the production of the allegedly inadvertently produced document was not inadvertent or that conduct other than the alleged inadvertent production in this litigation constitutes a waiver.

20. The production or disclosure of Confidential Information, Highly Confidential Information, or Highly Confidential – Inspection Data shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in this action or in any other action.

21. This Protective Order is entered into without prejudice to the right of any Party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under applicable law.

22. Entering into this Protective Order, producing or receiving information or material designated under this Protective Order, not objecting to any designation under this Protective Order, or otherwise complying with the terms of this Protective Order shall not:

> (a) operate as an admission by any Party that any particular information or material designated under this Protective Order contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) waive or prejudice in any way the rights of any Party to object to the production of documents they consider not subject to discovery or to seek discovery regarding any materials subject to this Protective Order;

(c) waive or prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(d) waive or prejudice in any way the rights of any Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(e) waive or prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly confidential information;

(f) waive or prejudice in any way the rights of any Party to comment on this action, so long as such comment does not reveal any information in violation of this Protective Order.

23. This Protective Order shall survive the termination of this action, subject to any Party seeking and receiving written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any of the Protective Order.

24. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, all Confidential Information, Highly Confidential Information, or Highly Confidential – Inspection Data produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that a Producing Party

chooses to destroy physical objects and documents, the Receiving Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge.  Notwithstanding anything to the contrary, (a) the Parties, the attorneys that the Parties have specifically retained for this action, and Experts retained by such attorneys are not required to delete or destroy backup tapes or other media maintained for purposes of disaster recovery, business continuity, or regulatory reasons; and (b) outside counsel for the Parties may retain documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits.  This Protective Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

25. This Protective Order may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

**AGREED:**

By: */s/ Brett D. Katz*
    William P. Barr *(pro hac vice)*
    Paul T. Cappuccio (4092508)
      *Counsel of Record*
    Justin M. Romeo *(pro hac vice)*
    Genevieve M. Kelly *(pro hac vice)*
    TORRIDON LAW PLLC
    801 Seventeenth Street NW, Suite 1100
    Washington, DC 20006
    Telephone: (202) 249-6900
    pcappuccio@torridonlaw.com
    jromeo@torridonlaw.com
    gkelly@torridonlaw.com

    Brett D. Katz (BK6685)
    TORRIDON LAW PLLC
    800 Westchester Avenue, Suite N-641
    Rye Brook, NY 10573
    Telephone: (646) 787-9290
    bkatz@torridonlaw.com

    Susan J. Kohlmann
    Alison I. Stein
    Gianni P. Servodidio
    JENNER & BLOCK LLP
    1155 Avenue of the Americas
    New York, NY 10036
    Telephone: (212) 891-1600
    skohlmann@jenner.com
    astein@jenner.com
    gservodidio@jenner.com

*Counsel for Plaintiffs Dow Jones & Company, Inc. and NYP Holdings, Inc.*


By: */s/ James L. Day*
    Cameron J. Gibbs
    James L. Day (*pro hac vice*)
    Eugene Y. Mar (*pro hac vice*)
    Michelle Kao (*pro hac vice*)
    FARELLA BRAUN + MARTEL LLP
    One Bush Street, Suite 900
    San Francisco, CA 94104
    Telephone: (415) 954-4400
    Facsimile: (415) 954-4480
    cgibbs@fbm.com
    jday@fbm.com
    emar@fbm.com
    mkao@fbm.com

*Counsel for Defendant Perplexity AI, Inc.*

Dated: July 31, 2025
      New York, New York

This confidentiality agreement does not bind the Court or any of its personnel.  The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

Dated:    August 1, 2025
          New York, New York

**SO ORDERED**

_____
Hon. Katherine Polk Failla
United States District Judge

**EXHIBIT A**
**CERTIFICATION REGARDING CONFIDENTIALITY**

*Dow Jones & Company, Inc. and NYP Holdings, Inc. v. Perplexity AI, Inc.*,
**Case No. 24-cv-07984-KPF**

I hereby acknowledge that I have read the Confidentiality and Protective Order ("Protective Order") entered by the Court on _____, 2025, in the above-captioned case and that I understand both the terms of the Protective Order and the potential consequences of violating the Protective Order. I recognize that I am bound by the terms of that Protective Order and I agree to comply with its terms. I agree not to disclose documents, information, or other things designated thereunder as "Confidential Information", "Highly Confidential Information", or "Highly Confidential – Inspection Data" to any person not entitled to access to such information under the express terms of the Protective Order. I also understand that I may be subject to penalties or sanctions and that I and others to whom I convey such designated documents, information, or other things may be restrained or enjoined, if I violate the terms of the Protective Order. I further agree to use Confidential Information, Highly Confidential Information, or Highly Confidential – Inspection Data only in connection with this litigation (and for no other litigation), and not for any other purpose. I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York in respect to any proceedings relative to the enforcement of the Protective Order or any claims arising thereunder, whether or not this action has been dismissed, transferred, stayed or is appealed.

_____

Name: _____

Business Address: _____

_____

## SCHEDULE 1 – COMPETITORS

[PARTIES TO EXCHANGE WITHIN FOURTEEN (14) DAYS OF ENTRY OF THIS ORDER]