**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| DOW JONES & COMPANY, INC. and NYP HOLDINGS, INC.,<br><br>               Plaintiffs,<br><br>    v.<br><br>PERPLEXITY AI, INC.,<br><br>               Defendant. | Civil Action No. 1:24-cv-07984-KPF |

## DEFENDANT PERPLEXITY AI, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Perplexity AI, Inc. hereby answers Plaintiffs Dow Jones & Company, Inc. and NYP Holdings, Inc.'s (collectively, "Dow Jones" or "Plaintiffs") Second Amended Complaint ("SAC"). Dkt. No. 46.

## PRELIMINARY STATEMENT

Perplexity is a remarkable and transformative AI-powered Internet search tool that enables the public to locate and leverage factual information in a way that has never before been possible. Perplexity is the world's first "answer engine"—an easy-to-use tool that allows the public to obtain up-to-date, concise, factual answers to questions. Using Perplexity's app or website, anyone can ask a question, such as: "How many Van Gogh paintings of sunflowers currently exist in the world?"



In response to this query, Perplexity's answer engine provides a factual answer that contains links to the sources on the Internet from which the factual information is derived:



To access and read the ***protected copyrighted expression*** in the Internet-based sources cited in Perplexity's answer, users must click on the links provided by Perplexity, similar to how users access the results of a traditional search engine.

Perplexity's answer engine does not infringe copyrights. It is a bedrock principle of copyright law that neither facts nor ideas can be owned by authors. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991). In the words of the Supreme Court, "every idea, theory, and fact in a copyrighted work becomes instantly available for public exploitation at the moment of publication." *Eldred v. Ashcroft*, 537 U.S. 186, 219 (2003). And copyright protection extends only to the author's original expression, which Perplexity's answers do not provide. To access protected copyrighted expression, users must click on the links to the sources provided by Perplexity. In this way, Perplexity helps users discover copyrighted content on the Internet and drives traffic to the webpages on which that content appears.

Perplexity's answer engine contains guardrails that are specifically designed to prevent users from accessing third-party copyrighted expression by circumventing the source webpage.

2

Nor is there anything improper about the fact that Perplexity indexes content from the Internet and uses it on the back-end to power its answer engine. Compiling copyrighted content to create a searchable database has been sanctioned in this Circuit and others for more than a decade. *See Authors Guild v. Google, Inc.*, 804 F.3d 202, 214-15, 217 (2d Cir. 2015); *Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87, 97 (2d Cir. 2014); *Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1164-66 (9th Cir. 2007); *Kelly v. Arriba Soft Corp*., 336 F.3d 811, 821 (9th Cir. 2003).

Plaintiffs will not prevail in this lawsuit because Perplexity's answer engine complies with copyright law. Although Plaintiffs maintain that the sky is now falling due to this latest innovation in search technology, in truth the law has never protected facts and ideas, and has always allowed providers of search technology to index the web to provide search information. These well-established principles and precedent ensure an outcome in Perplexity's favor.

## RESPONSES TO SPECIFIC ALLEGATIONS

## NATURE OF THE ACTION[1]

With respect to specific paragraphs of the SAC, Perplexity responds as follows:

1.     With respect to the allegations in the first sentence of Paragraph 1, Perplexity admits that one of its goals is to provide its users with the most up-to-date information available, backed by verifiable sources.  The allegations in the second sentence of this Paragraph state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies those allegations.  With respect to the third sentence of this Paragraph, Perplexity lacks knowledge or information sufficient to form a belief as to the truth of its allegations with respect to what Plaintiffs purport to do with this litigation, and on that basis denies them.  Except as expressly admitted, Perplexity denies the allegations in Paragraph 1.

2.     Perplexity admits Plaintiffs purport to publish the Wall Street Journal and the New York Post.  Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis denies them.

3.     Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies them.

4.     Perplexity admits that it has created an answer engine.  The remaining allegations in Paragraph 4 contain legal conclusions and argument to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

5.     Perplexity admits that it searches the internet and gathers factual information from sources and provides an answer to the user question.  The remaining allegations in Paragraph 5

---

[1]    The various headings and subheadings of the Complaint are not allegations and thus do not require a response.  Perplexity reproduces them in this Answer solely for convenience. To the extent a response is required, Perplexity denies any allegations contained in the headings and subheadings of the SAC.

contain legal conclusions and argument to which no response is required.  To the extent a response is required, Perplexity denies the remaining allegations in this Paragraph.

6.    The allegations in Paragraph 6 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph, including the erroneous legal assertion that Perplexity does not have "even a colorable fair use claim."

7.    The allegations in Paragraph 7 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

8.    The allegations in Paragraph 8 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity admits that it offers a premium subscription service called "Perplexity Pro."  To the extent a further response is required, Perplexity denies the remaining allegations in this Paragraph.

9.    Perplexity denies the allegations in Paragraph 9.

10.    The allegations in Paragraph 10 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

11.    Perplexity admits that it searches the internet and gathers factual information from sources and provides an answer to the user question.  Perplexity otherwise denies the remaining allegations in Paragraph 11.

12.    The allegations of Paragraph 12 state legal conclusions and argument, to which no response is required.  To the extent the allegations purport to allege facts about Perplexity, Perplexity denies them.

13.     Perplexity admits that Plaintiffs' corporate parent, News Corp, sent a letter to Aravind Srinivas on July 9, 2024, and that Perplexity provided a prompt response.  To the extent the allegations in this Paragraph purport to summarize or characterize the content of the documents cited in Paragraph 13, such documents speak for themselves.  Perplexity lacks knowledge or information sufficient to admit or deny the allegations in Footnote 3 concerning Plaintiffs' awareness of Perplexity's prompt response to News Corp's July 9, 2024 letter, and on that basis denies the allegations in that footnote.  The remaining allegations in this Paragraph contain legal conclusions and argument to which no response is required.  To the extent a response is required, Perplexity denies them.

14.     Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis denies them.

15.     The allegations in Paragraph 15 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in Paragraph 15.

**THE PARTIES**

16.     Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis denies them.

17.     Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis denies them.

18.     Perplexity admits that Perplexity AI, Inc. is a Delaware corporation with its current principal place of business at 115 Sansome Street, Suite 900, San Francisco, California 94105.

**JURISDICTION AND VENUE**

19.     Perplexity admits that Plaintiffs filed a civil action purporting to seek damages, injunctive relief, and other equitable relief under the Copyright Act of 1976, 17 U.S.C. § 101 et

seq., and the Lanham Act, 15 U.S.C. § 1051 et seq, but expressly denies that Plaintiffs are entitled to any such relief.

20.     For the purposes of this action, Perplexity does not contest subject matter jurisdiction.  The allegations in Paragraph 20 otherwise state legal conclusions and argument, to which no response is required.

21.     For purposes of this action, Perplexity does not contest personal jurisdiction.  The allegations in Paragraph 21 otherwise state legal conclusions and argument, to which no response is required.

22.     Perplexity admits that it registered to do business in the State of New York on April 21, 2023 and that Perplexity is still registered to do business in the State of New York.  Perplexity further admits that Perplexity's New York Department of State identification number is 6837808. Except as expressly admitted, Perplexity denies the remaining allegations in Paragraph 22.

23.     Perplexity admits that it has a satellite office situated in Manhattan, New York. Perplexity further admits it maintains a contract in New York City with a landlord and/or a lessor of office space in Manhattan, New York.  Perplexity denies any and all remaining allegations in Paragraph 23.

24.     Perplexity admits that it has employees located in New York.  Perplexity denies any and all remaining allegations in Paragraph 24.

25.     Perplexity admits its employees develop, implement, maintain, and promote technology used by Perplexity.  Perplexity further admits its employees market Perplexity's products to customers and potential customers, including to business customers, which results in Perplexity contracting for the sale of goods and services to customers in New York.  The remaining allegations in Paragraph 25 state legal conclusions and argument, to which no response is required.

To the extent a response is required, Perplexity denies any and all remaining allegations in this Paragraph.

26. To the extent the allegations set forth in Paragraph 26 purport to summarize or characterize the contents of the referenced YouTube video, such video speaks for itself. Perplexity further denies Plaintiffs' characterization of Mr. Ho's alleged statements are admissions. Perplexity denies any remaining allegations in this Paragraph.

27. To the extent the allegations set forth in Paragraph 27 purport to summarize or characterize the contents of the referenced webpages, such webpages speak for themselves. Perplexity denies the remaining allegations in this Paragraph.

28. The allegations in Paragraph 28 state legal conclusions and argument, to which no response is required. To the extent a response is required, Perplexity admits that its answer engine provides its users with the most up-to-date information available, backed by verifiable sources. Except as expressly admitted, Perplexity denies the remaining allegations in this Paragraph.

29. Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, including because Perplexity lacks knowledge on how Plaintiffs prepared the screenshot it includes in this Paragraph, and on that basis denies them.

30. Perplexity admits that it has maintained a "Campus Partners" program in which Campus Partners may "collaborat[e] directly with the Perplexity Growth team," receive a "Free Perplexity Pro" account and "Perplexity merch." Perplexity admits that it has had Campus Partners at some universities in New York. The allegations in Paragraph 30 paraphrase or quote written statements from an outdated webpage. Perplexity has updated its website since January 28, 2025. To the extent the allegations in this Paragraph purports to summarize or characterize that outdated webpage, it speaks for itself. Perplexity further denies Plaintiffs' characterizations

of the referenced webpage are admissions.  Perplexity denies the remaining allegations in this Paragraph.

31.    The allegations in Paragraph 31 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

32.    Perplexity admits that it searches the internet and gathers factual information from sources and provides an answer to the user question.  The allegations in Paragraph 32 paraphrase or quote written statements on the referenced webpage that speak for themselves.  Perplexity further denies Plaintiffs' characterizations of the referenced webpage are admissions.  Except as expressly admitted, Perplexity denies the remaining allegations in this Paragraph.

33.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, including because Perplexity lacks knowledge on how Plaintiffs prepared the screenshot it includes in this Paragraph, and on that basis denies them.

34.    Perplexity admits that its service generates revenue.  Except as expressly admitted, Perplexity denies the remaining allegations in Paragraph 34, including because it does not provide a complete statement on the purported "three ways" in which Perplexity allegedly generates its revenues.

35.    The allegations in Paragraph 35 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

36.    Perplexity admits that it sells Perplexity Pro subscriptions at a cost of $20 per month or $200 per year which generate revenues.  To the extent the allegations set forth in Paragraph 36 purport to summarize or characterize the contents of the referenced webpages, such webpages

speak for themselves.  Perplexity further denies Plaintiffs' characterizations of the referenced webpages are admissions.

37.    Perplexity admits that it offers an Application Programming Interface ("API") to enterprise platforms, including some located in New York.  The remaining allegations in Paragraph 37 state legal conclusions and argument, to which no response is required.  Except as expressly admitted, Perplexity denies the remaining allegations in this Paragraph.

38.    Perplexity admits that it advertises its services in New York.  To the extent the allegations set forth in Paragraph 38 purport to summarize or characterize the contents of the referenced webpage, such webpage speaks for itself.  The remaining allegations in this Paragraph state legal conclusions and argument, to which no response is required.

39.    Perplexity admits that it has advertised its services in Times Square.  To the extent the allegations set forth in Paragraph 39 purport to summarize or characterize the contents of the referenced social media account page, such social media account page speaks for itself.

40.    Perplexity admits that it advertised its services by placing its name on the side of a Tesla Cybertruck.  To the extent the remaining allegations set forth in Paragraph 40 purport to summarize or characterize the contents of the referenced social media account page, such social media account page speaks for itself.

41.    Perplexity admits it derives revenues from services rendered for users in multiple states, including the State of New York.  Perplexity further admits that, as of October 2024, Perplexity had over 15 million monthly active users comprised of paying and non-paying subscribers.  The remaining allegations in Paragraph 41 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the remaining allegations in this Paragraph.

42.     The allegations in Paragraph 42 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in Paragraph 42.  The allegations in this Paragraph also purport to characterize Plaintiffs' SAC; the content of the filing cited in this Paragraph speaks for itself.  Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

43.     The allegations in Paragraph 43 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in Paragraph 43.  Perplexity further responds that Perplexity lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43, and on that basis denies them.

44.     The allegations in Paragraph 44 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in Paragraph 44.  Perplexity further responds that Perplexity lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44, and on that basis denies them.

45.     For purposes of this action, Perplexity does not contest personal jurisdiction.  The allegations in Paragraph 45 otherwise state legal conclusions and argument, to which no response is required.

46.     For purposes of this action, Perplexity does not contest venue.  The allegations in Paragraph 46 otherwise state legal conclusions and argument, to which no response is required.

## **FACTUAL ALLEGATIONS**

47.     Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and on that basis denies them.

48.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and on that basis denies them.

49.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and on that basis denies them.

50.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and on that basis denies them.

51.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and on that basis denies them.

52.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and on that basis denies them.

53.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and on that basis denies them.

54.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and on that basis denies them.

55.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and on that basis denies them.

56.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and on that basis denies them.

57.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and on that basis denies them.

58.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and on that basis denies them.

59.     Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first four sentences in Paragraph 59, and on that basis, denies those allegations.  Perplexity denies the allegations in the last sentence in Paragraph 59.

60.     Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and on that basis denies them.

61.     Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and on that basis denies them.

62.     Perplexity denies that it is a "generative AI company" as that phrase appears to be used in the SAC.

63.     Perplexity admits that generally speaking large language models can generate responses to user prompts.

64.     Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and on that basis denies them.

65.     Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and on that basis denies them.

66.     Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 and on that basis denies them.

67.     Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 and on that basis denies them.

68.     Perplexity admits that RAG stands for "retrieval-augmented generation." Perplexity otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and on that basis denies them.

69.     Perplexity admits that RAG enables identification of factual information based on semantic similarity to the user question.  Perplexity otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and on that basis denies them.

70.     Perplexity admits that the quoted language appears on the outdated webpage cited in Paragraph 70.  Perplexity further denies Plaintiffs' characterizations of the referenced webpage are admissions.

71.     Perplexity admits that RAG enables identification of factual information based on semantic similarity to the user question.  Perplexity otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and on that basis denies them.

72.     Perplexity admits that RAG enables identification of factual information based on semantic similarity to the user question.  Perplexity otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and on that basis denies them.  Perplexity denies the allegations in the third sentence in this Paragraph.  To the extent the allegations set forth in this Paragraph purport to summarize or characterize the contents of the referenced article, such article speaks for itself.  Perplexity further denies Plaintiffs' characterization of Mr. Srinivas's alleged statements are admissions.

73.     The allegations in Paragraph 73 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis denies them.

74.     Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and on that basis denies them.

75.     Perplexity admits that RAG enables identification of factual information based on semantic similarity to the user question.  Perplexity otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and on that basis denies them.

76.     Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the hypothetical allegations in Paragraph 76, and on that basis denies them.

77.     The allegations in Paragraph 77 purport to paraphrase or quote statements in the referenced YouTube video that speak for themselves.  Perplexity further denies Plaintiffs' characterization of Mr. Srinivas's alleged statements are admissions.  Perplexity denies the remaining allegations in this Paragraph.

78.     Perplexity denies the allegations in Paragraph 78, including the allegation that copyrighted works are "repackaged and sold to Perplexity's users."  Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis denies them.

79.     To the extent the allegations set forth in Paragraph 79 purport to summarize or characterize the contents of the referenced YouTube video, such video speaks for itself.  Perplexity further denies Plaintiffs' characterization of Mr. Srinivas's alleged statements are admissions.  Perplexity denies the remaining allegations in this Paragraph.

80.     The allegations in Paragraph 80 purport to paraphrase or quote third-party statements in referenced articles that speak for themselves.  Perplexity denies the remaining allegations in this Paragraph.

81.     Perplexity denies the allegations in Paragraph 81.

82.     Perplexity admits that the allegations in Paragraph 82 accurately quote the language of the YouTube video, but avers that Paragraph 82 purports to characterize, paraphrase and quote, selectively and out of context, a video, and that the content of any such video, considered fully and in context, would speak for itself.   To the extent the allegations in Paragraph 82 state legal conclusions and argument, no response is required.  To the extent a response is required, Perplexity denies the allegations.

83.     Perplexity admits that the allegations in Paragraph 83 accurately quote the language of the interview, but avers that Paragraph 83 purports to characterize, paraphrase and quote, selectively and out of context, an internet site, and that the content of any such internet site, considered fully and in context, would speak for itself.  To the extent the allegations in Paragraph 83 state legal conclusions and argument, no response is required.  To the extent a response is required, Perplexity denies the allegations.

84.     Perplexity admits that the allegations in Paragraph 84 accurately quote the language of the interview, but avers that Paragraph 84 purports to characterize, paraphrase and quote, selectively and out of context, an internet site, and that the content of any such internet site, considered fully and in context, would speak for itself.  In addition, the allegations in Paragraph 84 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies those allegations.

85.     Perplexity admits that the allegations in Paragraph 85 accurately quote the language of the social media post, but avers that Paragraph 85 purports to characterize, paraphrase and quote, selectively and out of context, a social media post, and that the content of any such social media post, considered fully and in context, would speak for itself.   To the extent the allegations in

Paragraph 85 state legal conclusions and argument, no response is required.  To the extent a response is required, Perplexity denies those allegations.

86.    Perplexity admits that the allegations in Paragraph 86 accurately quote the language of the YouTube video, but avers that Paragraph 86 purports to characterize, paraphrase and quote, selectively and out of context, a video, and that the content of any such video, considered fully and in context, would speak for itself.  To the extent the allegations in Paragraph 86 state legal conclusions and argument, no response is required.  To the extent a response is required, Perplexity denies those allegations.

87.    The allegations in Paragraph 87 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and therefore denies them.

88.    Perplexity denies the allegations in Paragraph 88.

89.    Perplexity denies the allegations in Paragraph 89.

90.    Perplexity denies the allegations in Paragraph 90.

91.    Perplexity admits that the allegations in Paragraph 91 accurately quote the language of the YouTube video, but avers that Paragraph 91 purports to characterize, paraphrase and quote, selectively and out of context, a video, and that the content of any such video, considered fully and in context, would speak for itself.  To the extent the allegations in Paragraph 91 state legal conclusions and argument, no response is required.  To the extent a response is required, Perplexity denies those allegations.

92.    Perplexity admits that the allegations in Paragraph 92 accurately quote the language of the internet site, but avers that Paragraph 92 purports to characterize, paraphrase and quote,

selectively and out of context, an internet site, and that the content of any such internet site, considered fully and in context, would speak for itself.  Perplexity denies the remaining allegations in this Paragraph.

93.    Perplexity denies the allegations in Paragraph 93.

94.    Perplexity admits that the allegations in Paragraph 94 accurately quote the language of the interview, but avers that Paragraph 94 purports to characterize, paraphrase and quote, selectively and out of context, an internet site, and that the content of any such internet site, considered fully and in context, would speak for itself.  Perplexity denies the remaining allegations in this Paragraph.

95.    The allegations in Paragraph 95 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

96.    Perplexity denies the allegations in Paragraph 96.

97.    Perplexity denies the allegations in Paragraph 97.

98.    Perplexity admits that the allegations in Paragraph 98 accurately quote the language of the video, but avers that Paragraph 98 purports to characterize, paraphrase and quote, selectively and out of context, a video, and that the content of any such video considered fully and in context, would speak for itself.  Perplexity denies the remaining allegations in this Paragraph.

99.    The allegations in Paragraph 99 paraphrase or quote written statements from an outdated webpage.  Perplexity has updated its website since January 28, 2025.  To the extent the allegations in this Paragraph purports to summarize or characterize that outdated webpage, it speaks for itself.  Perplexity further denies Plaintiffs' characterizations of the referenced webpage are admissions.  Perplexity denies the remaining allegations in this Paragraph.

100.     The allegations in Paragraph 100 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

101.     Perplexity admits that the allegations in Paragraph 101 accurately quote the language of the internet site, but avers that Paragraph 101 purports to characterize, paraphrase and quote, selectively and out of context, an internet site, and that the content of any such internet site, considered fully and in context, would speak for itself.  Perplexity denies the remaining allegations in this Paragraph.

102.     The allegations in Paragraph 102 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

103.     Perplexity denies the allegations in Paragraph 103.

104.     Perplexity denies the allegations in Paragraph 104.

105.     The allegations in Paragraph 105 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity admits that it offers a service known as "Perplexity Pro" at the cost of $20 per month or $200 per year.  Except as expressly admitted, Perplexity denies the remaining allegations in this Paragraph.

106.     The allegations in Paragraph 106 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the remaining allegations in this Paragraph.

107.     Perplexity denies the allegations in Paragraph 107.

108.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108, including because Perplexity lacks knowledge on how Plaintiffs prepared the screenshot it includes in this Paragraph, and on that basis denies them.

109.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, including because Perplexity lacks knowledge on how Plaintiffs prepared the screenshot it includes in this Paragraph, and on that basis denies them.

110.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110, including because Perplexity lacks knowledge on how Plaintiffs prepared the screenshot it includes in this Paragraph, and on that basis denies them.

111.    Perplexity denies the allegations in Paragraph 111.

112.    The allegations in Paragraph 112 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity admits that it has preserved at least some contextual information in a database to provide answers to user questions.  Except as expressly admitted, Perplexity denies the remaining allegations in Paragraph 112.

113.    The allegations in Paragraph 113 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

114.    The allegations in Paragraph 114 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

115.    The allegations in Paragraph 115 state legal conclusions and argument, to which no response is required.  Perplexity otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

116.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, including with respect to the circumstances in which the answer was created, and on that basis denies them.

117.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and therefore denies them.

118.    The allegations in Paragraph 118 state legal conclusions and argument, to which no response is required.  Perplexity otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and therefore denies them.

119.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 119, including because Perplexity lacks knowledge on how Plaintiffs prepared the screenshot it includes in this Paragraph, and on that basis denies them.

120.    The allegations in Paragraph 120 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis denies them.

121.    The allegations in Paragraph 121 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

122.    The allegations in Paragraph 122 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

123.    The allegations in Paragraph 123 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

124.    The allegations in Paragraph 124 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

125.    Perplexity denies the allegations in Paragraph 125.

126.    Perplexity denies the allegations in Paragraph 126.

127.    Perplexity denies the allegations in Paragraph 127.

128.    Perplexity denies the allegations in Paragraph 128.

129.    Perplexity admits that Plaintiffs purport to bring three counts against Perplexity in the SAC.  Perplexity denies that it is liable to Plaintiffs for any of the three claims.

**CAUSES OF ACTION**
**COUNT ONE**
**Copyright Infringement (17 U.S.C. § 106) – Perplexity's Copying of Plaintiffs' Copyrighted Work to Create "Inputs" for Its RAG Index**

130.    Perplexity incorporates by reference its responses to all allegations set forth in Paragraphs 1-129 as if set forth fully herein.

131.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and on that basis denies them.

132.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and on that basis denies them.

133.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and on that basis denies them.

134.    The allegations in Paragraph 134 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

135.    The allegations in Paragraph 135 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity admits that it maintains one or more databases for use in its answer engine.

136.    The allegations in Paragraph 136 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

137.    Perplexity denies the allegations in Paragraph 137.

138.    Perplexity denies the allegations in Paragraph 138.

139.    Perplexity denies the allegations in Paragraph 139.

## COUNT TWO
### Copyright Infringement (17 U.S.C. § 106) – Perplexity's Copying of Plaintiffs' Protected Work to Generate "Outputs" to User Queries

140.    Perplexity incorporates by reference its responses to all allegations set forth in Paragraphs 1-139 as if set forth fully herein.

141.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141, and on that basis denies them.

142.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142, and on that basis denies them.

143.    Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143, and on that basis denies them.

144.    The allegations in Paragraph 144 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

145.    The allegations in Paragraph 145 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity admits that it maintains one or more databases for use in its answer engine.

146.    The allegations in Paragraph 146 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

147.    The allegations in Paragraph 147 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

148.    Perplexity denies the allegations in Paragraph 148.

149.    The allegations in Paragraph 149 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in Paragraph 149.

150.    Perplexity denies the allegations in Paragraph 150.

151.    Perplexity denies the allegations in Paragraph 151.

152.    Perplexity denies the allegations in Paragraph 152.

## COUNT THREE
**False Designation of Origin and Dilution of Plaintiffs' Trademarks**
**(15 U.S.C. § 1125)**

153.    Perplexity incorporates by reference its responses to all allegations set forth in Paragraphs 1-152 as if set forth fully herein.

154.     The allegations in Paragraph 154 state legal conclusions and argument, to which no response is required.   To the extent a response is required, Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

155.     The allegations in Paragraph 155 state legal conclusions and argument, to which no response is required.   To the extent a response is required, Perplexity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis denies them.

156.     The allegations in Paragraph 156 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

157.     The allegations in Paragraph 157 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

158.     The allegations in Paragraph 158 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

159.     The allegations in Paragraph 159 state legal conclusions and argument, to which no response is required.  To the extent a response is required, Perplexity denies the allegations in this Paragraph.

160.     Perplexity denies the allegations in Paragraph 160.

161.     Perplexity denies the allegations in Paragraph 161.

162.     Perplexity denies the allegations in Paragraph 162.

163.    Perplexity denies the allegations in Paragraph 163.

164.    Perplexity denies the allegations in Paragraph 164.

165.    Perplexity denies the allegations in Paragraph 165.

166.    Perplexity denies the allegations in Paragraph 166.

167.    Perplexity denies the allegations in Paragraph 167.

168.    Perplexity denies the allegations in Paragraph 168.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, Perplexity denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## DEMAND FOR TRIAL BY JURY

With respect to the jury demand contained in Plaintiffs' SAC, Perplexity states that no response is required.  To the extent a response is deemed required, Perplexity denies that all of Plaintiffs' claims are properly triable to a jury.

## AFFIRMATIVE DEFENSES

In further answer to the allegations made by Plaintiffs in the SAC, Perplexity asserts the following affirmative defenses, incorporating by reference all of the preceding material, including without limitation the Preliminary Statement above.  Perplexity does not concede that it has the burden of proof on the defenses listed below, or element of a cause of action where such burden properly belongs to Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not own or hold exclusive rights under 17 U.S.C. § 106 or any copyright law over each work that was allegedly infringed by Perplexity, including because some or all of the material over which Plaintiffs claim copyright is not protectible and/or in the public domain.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the copyright registrations purporting to cover some or all of the works in dispute are invalid and do not satisfy the requirements of 17 U.S.C. §§ 411-412.

## THIRD AFFIRMATIVE DEFENSE

To the extent there is copying of copyrightable expression, that copying constitutes fair use pursuant to 17 U.S.C. § 107.  Perplexity's answer machine uses a back-end technological process, invisible to the public, in the service of creating an ultimately non-infringing new search technology.  This is quintessential fair use.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of copyright misuse and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no provable injury as a result of the challenged conduct, which inter alia precludes relief under 17 U.S.C. § 504 or 15 U.S.C. § 1125.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail, in whole or in part, because the complained-of use was validly licensed by express or implied license.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by one or more other equitable doctrines, such as waiver, abandonment, forfeiture, estoppel, and laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' remedies are barred at least in part by any applicable statutes of limitations.

### NINTH AFFIRMATIVE DEFENSE

To the extent there is copying of copyrightable expression, that copying is de minimis.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled to injunctive relief (temporarily, preliminarily, or permanently), including because any injury to them is not immediate or irreparable, Plaintiffs would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are barred by the safe harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512 (a)-(d).

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' allegations do not demonstrate a cognizable trademark use.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged trademarks are not famous, or inherently distinctive, and have not acquired secondary meaning.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because their marks are not sufficiently famous or distinctive to warrant protection under federal or state dilution laws.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, based on the doctrine of nominative fair use.

## RESERVATION OF RIGHTS OF ADDITIONAL AFFIRMATIVE DEFENSES

Perplexity reserves the right to rely on all further affirmative defenses that become available or appear during discovery proceedings in this action, and Perplexity reserves the right to amend this Answer for the purpose of asserting any such additional affirmative defenses.

## REQUEST FOR RELIEF

Therefore, Perplexity respectfully requests that this Court:

1. Enter judgment in Perplexity's favor and against Plaintiffs;

2. Dismiss all claims by Plaintiffs with prejudice;

3. Award Perplexity its attorneys' fees and costs to the extent permitted by law; and

4. Grant Perplexity such other and further relief this Court deems just and proper.

Dated: October 6, 2025

Respectfully submitted,

By: */s/ Andrew H. Schapiro*
Andrew H. Schapiro
William F. Patry
Jessica A. Rose
Dylan I. Scher
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
Tel.: (212) 849-7064
andrewschapiro@quinnemanuel.com
williampatry@quinnemanuel.com
jessicarose@quinnemanuel.com
dylanscher@quinnemanuel.com

John B. Quinn
Moon Hee Lee (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St, 10th Floor
Los Angeles, CA 90017
Tel.: (213) 443-3000
johnquinn@quinnemanuel.com
moonheelee@quinnemanuel.com

*Attorneys for Defendant Perplexity AI, Inc.*