1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711

JENNER&BLOCK LLP

October 27, 2025

Gianni Servodidio
Tel +1 212 891 1620
Fax +1 212 891-1699
GServodidio@jenner.com

**VIA ECF AND ELECTRONIC MAIL**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re:   *Dow Jones & Co., Inc. et al. v. Perplexity AI, Inc*., Civ. No. 24-7984 (KPF)

Dear Judge Failla:

Along with counsel of record Paul T. Cappuccio of Torridon Law PLLC, we represent Plaintiffs Dow Jones & Company, Inc., and NYP Holdings, Inc., in the above-referenced matter. We write to request an informal conference to compel Defendant Perplexity AI, Inc. ("Perplexity") to (i) search for and produce documents that pre-dated Perplexity's formal incorporation; and (ii) search for and produce documents from one of its four founders, Andy Konwinski. The parties have met and conferred on this issue, but remain at an impasse.

**Perplexity must produce pre-incorporation documents.** Perplexity was incorporated on August 3, 2022, and launched its product later that year.[1] However, Perplexity did not merely spring into existence on the date of its formal incorporation. It was the *end result* of planning, discussing, brainstorming, and experimenting by its founders. Thus, Plaintiffs' discovery requests seek documents from January 1, 2022 onward that cover pre-incorporation activities, including: Request for Production ("RFP") Nos. 68 (whether to obtain a license for third-party content); 78 (the actual or intended market, customers, competitors, and use of Perplexity's products); 80–81 (efforts to acquire content); 90 (the origin, meaning, and promotion of the statement that users can "Skip the Links"); 93 (business or marketing plans made or sent to investors, potential investors, and/or business partners, including concerning the use of copyrighted content); 98 (Perplexity's reasons for implementing the "Cited Sources" feature); and 107–108 (the potential effects of generative AI on journalism and publishers). Yet, Perplexity has refused to search for, let alone produce, any responsive custodial documents prior to its August 3, 2022 incorporation, and has not confirmed if it will produce (1) responsive non-custodial documents created prior to incorporation or (2) custodial documents created prior to incorporation that have been forwarded or attached to a Perplexity email account.

---

[1] Prior to launching Perplexity, its four founders had backgrounds at major tech companies and in AI research and entrepreneurship. *Aravind Srinivas*, LinkedIn, https://perma.cc/F965-V7JN (last visited Oct. 26, 2025); *Johnny Ho*, LinkedIn, https://perma.cc/ADG5-3RA3 (last visited Oct. 26, 2025); *Denis Yarats*, LinkedIn, https://perma.cc/ST8T-CDCU (last visited Oct. 26, 2025); *Andy Konwinski*, LinkedIn, https://perma.cc/3N6P-3U4S (last visited Oct. 26, 2025).

Hon. Katherine Polk Failla
October 27, 2025
Page 2

Relevance is an "extremely broad" standard with a "low threshold," which Plaintiffs easily meet. *Delta Air Lines, Inc. v. Lightstone Grp., LLC*, 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021). Here, the pre-incorporation business planning and product development activities of Perplexity's tech savvy founders plainly are relevant, as they provide the backdrop and context for their brazen decision a few months later to launch a product encouraging users to "skip the links" to the copyrighted material that Perplexity copied without authorization for its product. *See* 2d Amend. Compl. ¶¶ 4, 88, ECF No. 46. And while Perplexity has claimed in correspondence that it did not conceive of the idea for an "answer engine" prior to its incorporation, that statement, even if true, does not somehow make pre-incorporation documents any less relevant. To the contrary, evidence showing that Perplexity altered its initial business model to flagrantly copy Plaintiffs' content to offer a substitute product would be highly illuminating.[2] For this reason, courts have acknowledged that document production can be "too narrow" when it does not extend a "reasonable number of years prior to the defendants' illegal action." *Go v. Rockefeller Univ.*, 280 F.R.D. 165, 172 (S.D.N.Y. 2012). *See also Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 924, 939 (2005) (finding early statements from executives suggesting that the defendant "planned to flaunt" its service's infringing capabilities to be "particularly notable" evidence of intent).

The Court should also reject Perplexity's boilerplate objections that a January 1, 2022 start date for discovery is overbroad or unduly burdensome. Def.'s Resps. and Objs. at 8. Plaintiffs intentionally limited the start date for their discovery requests to a narrow seven-month window of time likely to cover Perplexity's most relevant pre-incorporation activities. Nor does the fact that some responsive documents from this time period may reside on the personal email accounts and devices of Perplexity's four founders and custodians preclude production, as such documents are within the responding party's "possession, custody, or control."[3] *See CA, Inc. v. AppDynamics, Inc.*, 2014 WL 12860591, at *3 (E.D.N.Y. Sept. 8, 2014). Perplexity has offered no explanation as to why a search for responsive documents starting on January 1, 2022, would be burdensome or impractical.

Accordingly, Plaintiffs respectfully request that the Court compel Perplexity to search for and produce all responsive documents dated from January 1, 2022 onward in its possession, custody and control.

**Perplexity must search for and produce responsive documents from Andy Konwinski.** Plaintiffs also request that the Court compel Perplexity to search for and produce any responsive documents associated with one of its four founders, Andy Konwinski. Perplexity has refused to

---

[2] Nor are Plaintiffs required to "rely on an opposing party's assurance" that the pre-August 2022 documents lack relevance, especially untethered to any actual collection or review of the documents in question. *El Badrawi v. Dep't of Homeland Sec.*, 258 F.R.D. 198, 202 (D. Conn. 2009) ("[T]he party seeking discovery is entitled to obtain the discovery and draw its own conclusions as to the documents' usefulness.").

[3] In an abundance of caution, Plaintiffs also served Perplexity's four founders with third-party subpoenas for documents dating back to January 1, 2022, concerning, *inter alia*, Perplexity's founding, strategy, and business operations. In the responses to date, Latham & Watkins LLP, counsel responding to the subpoenas, have, in the main, argued that Perplexity is the party from whom Plaintiffs should seek certain documents. And even for the narrow category of documents that Latham has agreed to produce (including as noted below), they have not agreed to search for any documents earlier than August 2022. As such, the date range issue and question of pre-incorporation documents are ripe for resolution before this Court.

Hon. Katherine Polk Failla
October 27, 2025
Page 3

even add Mr. Konwinski as a custodian, let alone produce any documents whatsoever for Mr. Konwinski, claiming unilaterally that he was not an employee, is not involved with the business, and that his documents would be duplicative of other custodians. The Court should order Perplexity to search and produce Mr. Konwinski's documents.

First, Perplexity's assertions that Mr. Konwinski was never an employee of Perplexity, and never participated in daily operations, are belied by public materials which identify him as a key member of Perplexity's team. Mr. Konwinski describes himself today as "one of the first investors, co-founder, *and President* of Perplexity" (emphasis added).[4] That statement is supported by Perplexity's own website, which during March 2023, identified Mr. Konwinski as "Co-founder [and] President,"[5] and the fact that he maintains a Perplexity email address. Mr. Konwinski is also formally associated with Perplexity on multiple official government documents. Specifically, Mr. Konwinski was Perplexity's registered agent for service of process with the New York Secretary of State and he was the Perplexity representative recorded on two separate H-1B visa applications, which listed his titles of President and Chief Executive Officer, and included his official Perplexity email address.[6] It is reasonable to assume he has relevant information given his top roles and operational work at Perplexity.[7] *See Shenwick v. Twitter, Inc.*, 2018 WL 833085, at *1 (N.D. Cal. Feb. 7, 2018).

Second, among Perplexity's founders, Mr. Konwinski is the *only* one with prior success launching a technology company, having launched the highly successful Databricks.[8] Given this experience, it stands to reason that Mr. Konwinski's unique connections and experience helped guide Perplexity through its initial founding and post-founding investor relations such that he would likely have non-duplicative documents.[9] Those communications are the subject of several document requests, including RFP Nos. 90 (origin of "Skip the Links"), 93 (pitch materials shared with potential investors), and 95, 115 (communication with investors about key issues). Perplexity should be directed to search for and produce Mr. Konwinski's responsive documents.

We thank the Court for its continued attention to this matter.

---

[4] *Andy Konwinksi*, Andy Konwinski, https://perma.cc/XT5N-YC63 (last visited Oct. 26, 2025).
[5] *About Perplexity*, Perplexity.ai (Mar. 25, 2023), https://web.archive.org/web/20230325105305/https:/www.perplexity.ai/about.
[6] New York Dep't of State, Div. of Corps., Entity Information for Perplexity AI, Inc. ("Attn: Andy Konwinski, 341 Moultrie St., San Francisco, CA, UNITED STATES, 94110"), although he no longer is listed for service of process; U.S. Dep't of Labor, Office of Foreign Labor Certification, LCA Disclosure Data FY 2023 Q2 (Excel spreadsheet rows 1,971; 32,581), https://www.dol.gov/sites/dolgov/files/ETA/oflc/pdfs/LCA_Disclosure_Data_FY2023_Q2.xlsx
[7] Tellingly, regarding the third-party subpoenas, Latham has not taken the position that Mr. Konwinski has no relevant documents, but instead has agreed only to search his personal phone for responsive data from August 1, 2022 through April 30, 2023. As such, the issues of pre-August 2022 documents and of documents in Perplexity's control are ripe for this Court.
[8] *Databricks is raising a Series K Investment at >$100 billion valuation*, Databricks (Aug. 19, 2025), https://perma.cc/H3QR-Y49D.
[9] Importantly, Perplexity has not provided Plaintiffs with a "hit report" supporting its assertion that Mr. Konwinski's documents are duplicative of those from other custodians, nor have they purported to have reviewed a sample of his emails. Moreover, Perplexity's concern about duplication is overstated as, insofar as the ESI process is concerned, "emails from these custodians that are duplicative of emails from other custodians . . . can be easily eliminated through the deduping process." *Felder v. Warner Bros. Discovery, Inc.*, 2025 WL 1718098, *10 (S.D.N.Y. June 20, 2025).

Hon. Katherine Polk Failla
October 27, 2025
Page 4

                                        Respectfully submitted,

                                        */s/ Gianni P. Servodidio*
                                        Gianni P. Servodidio
                                        *Counsel for Plaintiffs*

cc:      All Counsel of Record via ECF