**quinn emanuel** trial lawyers | new york

295 5th Avenue, 9th Floor, New York, New York 10016 | TEL: (212) 849-7000 FAX: (212) 849-7100

October 30, 2025

WRITER'S DIRECT DIAL
**(212) 849-7164**

WRITER'S EMAIL ADDRESS
**andrewschapiro@quinnemanuel.com**

**VIA ECF AND EMAIL (FAILLA_NYSDCHAMBERS@NYSD.USCOURTS.GOV)**
Honorable Katherine Polka Failla
United States District Court for the Southern District of New York
40 Foley Square, Room 2013
New York, New York 10007

Re:     *Dow Jones & Co. v. Perplexity AI, Inc*., No. 24-cv-07984-KPF

Dear Judge Failla:

On behalf of Defendant Perplexity AI, Inc., we write in response to Plaintiffs' October 27, 2025 request for an informal conference regarding (1) Perplexity's document production start date and (2) whether Andrew Konwinski should be a custodian. Plaintiffs' request is unfounded and premature.

Perplexity provides a remarkable and transformative AI-powered internet search tool—an answer engine—that enables the public to obtain relevant and accessible factual answers to questions from information on the Internet. Plaintiffs—two affiliated news publishers—allege Perplexity's provision of search results infringes copyrights and trademarks owned by *The Wall Street Journal* and *New York Post*.

As an initial matter, Plaintiffs have not complied with Rule 2(c)(ii) of the Court's Individual Rules of Practice in Civil Cases, which requires the moving party to confirm meet-and-confer efforts were unsuccessful. Although Plaintiffs pay lip service to the Rule, no impasse was reached: On Friday, October 24, Perplexity asked to discuss these issues further with Plaintiffs. Plaintiffs instead filed their letter on Monday, October 27. For this reason alone, the Court should deny Plaintiffs' request. *See, e.g.*, Order at 2, *Milton v. AST Fund Sols.*, No. 16-CV-6516 (S.D.N.Y. 2017), ECF 35 (denying request where the letter motion did not say that meet-and-confer efforts were unsuccessful).

***Plaintiffs Articulate No Compelling Basis for Requiring Perplexity to Collect, Search, and Produce Custodial Documents from January 1, 2022.*** On the merits, the Court should deny Plaintiffs' request that Perplexity be compelled to collect, search, and produce documents created on or after January 1, 2022. As Perplexity explained to Plaintiffs, Perplexity conceived of the answer engine—the only technology at issue in this case—in ***October 2022***. This is months after both Plaintiffs' arbitrary start date of January 1, 2022, and the August 1, 2022 start date Perplexity offered. Plaintiffs seek production of documents from the pre-answer-engine period without articulating any valid basis for their relevance or their responsiveness to Plaintiffs' document requests.

Prior to October 2022, Perplexity's founders were focused on developing a text-to-SQL tool that was designed to translate natural language questions into SQL computer code. Perplexity then had the idea to develop a prototype AI tool that was able to conduct a general internet search.[1] This prototype was the first manifestation of what would become the answer engine at issue in this case.

Accordingly, August 1, 2022 is an appropriate start date for custodial searches, as it sufficiently precedes the initial conception of Perplexity's answer engine in October 2022 and appropriately excludes the period when Perplexity was pursuing an entirely different, unaccused product concept. Plaintiffs argue that documents showing that Perplexity "altered its business model" would be "highly illuminating." But Perplexity's proposed start date includes documents reflecting Perplexity's business operations both before and after the answer engine was first conceived in October 2022. Plaintiffs offer no reason why they would also need documents pre-dating Perplexity's development of the relevant technology. Plaintiffs' unbounded curiosity is not a substitute for establishing relevance and proportionality.[2] Plaintiffs' claims pertain to Perplexity's alleged unauthorized copying of news content into its RAG index and the generation of infringing outputs through its answer engine, and have nothing to do with Perplexity's prior text-to-SQL tool. The Requests cited by Plaintiffs—which were first identified in their Letter (despite Perplexity's prior requests for this information)—highlight this mismatch.[3]

Courts regularly deny discovery requests that reach "well beyond what is permissible discovery within the claims and defenses that are implicated in [the] case." *AM General LLC v. Activision Blizzard, Inc.*, 2019 WL 1085470, at *2, 3 (S.D.N.Y. Mar. 7, 2019) (denying request for documents concerning video games not alleged to be infringing products); *see, e.g.*, *Psihoyos v. Pearson Educ., Inc.*, 2010 WL 11889066, at *1 (S.D.N.Y. Dec. 7, 2010) (plaintiff's request for all photographs in any of defendant's textbooks—not just the four photographs in the complaint—was "grossly overbroad" and a "fishing expedition"); *Nazemian v. NVIDIA Corp.*, 2025 WL 2419299, at *2 (N.D.

---

[1]   *Perplexity's product-market fit journey*, UNUSUAL VENTURES BLOG (Apr. 22, 2024), https://tinyurl.com/37ebsp8u (last visited Oct. 30, 2025).

[2]   Plaintiffs essentially argue they are entitled to obtain discovery in order to test any contention that the requested discovery is not relevant or duplicative. This circular argument finds no support in the law. *El Badrawi v. Dep't of Homeland Security.*, 258 F.R.D. 198, 203 (D. Conn. 2009), cited by Plaintiffs, stands for the unremarkable proposition that "the Federal Rules of Civil Procedure do not require a plaintiff to prove his case before he can receive discovery."

[3]   Request 68 seeks documents concerning "use of copyrighted material"; Request 78 seeks documents regarding the actual or intended market, customers, competitors, and use of Perplexity's products, specifically, "Perplexity Free, Perplexity Pro, Perplexity API, and Perplexity Enterprise," the earliest of which was released in December 2022; Requests 80, 81, and 93 seek documents concerning "[c]ontent" used by the answer engine; Request 90 seeks documents regarding the origin and promotion of statements allowing end users to "Skip the Links"—a feature unique to the answer engine's design; Request 98 seeks documents concerning Perplexity's "reasons for implementing the 'Cited Sources' feature"—a capability that was part of the answer engine's design to address the ChatGPT citation problem identified in November 2022; Requests 107 and 108 seek Perplexity's statements and assessments regarding Generative AI applications' "potential effects on journalism and publishers" which relate to the answer engine technology.

Cal. Aug. 21, 2025) ("limiting the discovery to the dataset that Plaintiffs know that Defendant used and that contains Plaintiffs' copyrighted books"). Indeed, in *Go v. Rockefeller University*, 280 F.R.D. 165, 172 (S.D.N.Y. 2012), cited by Plaintiffs, the court restricted discovery to "relevant and admissible background evidence" directly connected to the claims—even before the adoption of the 2015 amendment to the Federal Rules of Civil Procedure requiring discovery to be "relevant to any party's claim or defense." *See also Delta Air Lines, Inc. v. Lightstone Grp., LLC*, 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021).[4]

Perplexity's proposed August 1, 2022 start date for its custodial productions is appropriately aligned with the temporal scope of this litigation. It precedes the October 2022 conception of the answer engine but excludes most of the period when Perplexity was pursuing an unrelated product concept.[5]

***Mr. Konwinski's Documents Are Either Irrelevant or Captured by Other Custodians***. Plaintiffs insist Mr. Konwinski should be a custodian, because Mr. Konwinski was a "founder of Perplexity," was its titular President, and has a Perplexity email address. But Plaintiffs' demand contravenes this Court's express directive that the parties "work in good faith to avoid duplication or redundancy in designating or identifying custodians." ESI Order, ECF 63, ¶ 6. Perplexity's custodian list already captures the individuals most likely to possess relevant documents concerning Perplexity's founding and product development. Expanding that list to include Mr. Konwinski—who was never involved in daily operations, and had maintained only a limited connection to the company (and is no longer President or board member)—would impose unnecessary burden and cost without yielding the unique, non-duplicative documents required to justify such an expansion.

Plaintiffs have not met their burden to establish that Mr. Konwinski's documents would not be duplicative of those already captured by Perplexity's existing custodians. Perplexity has agreed to search the files of the three of Perplexity's four founders who were deeply involved in operational decision-making during the development of Perplexity's answer engine. Unlike the requested CEO custodian in *Shenwick v. Twitter, Inc.*, 2018 WL 833085, at *1 (N.D. Cal. Feb. 7, 2018), Mr. Konwinski's limited role at the company, notwithstanding his title, did not involve the kind of day-to-day activities that would make him an appropriate custodian. Plaintiffs merely speculate that Mr. Konwinski had unique, responsive communications with investors. *See Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 107 (S.D.N.Y. 2013) (requiring plaintiff to "demonstrate that the additional requested custodians would provide *unique* relevant information not already obtained"). That Mr. Konwinski possesses a Perplexity email account does not justify his inclusion as a custodian; if it did, there would be virtually no limit to custodians affiliated with a party entity.

The Court should deny Plaintiffs' request to add Mr. Konwinski as a custodian.

---

[4]  *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005), cited by Plaintiffs, is inapposite; in the cited portion, the Court was addressing statements by an executive about the technology at issue.

[5]  Plaintiffs erroneously contend Perplexity has "not confirmed" its position on pre-August 1, 2022 documents from non-custodians. Perplexity repeatedly offered to produce responsive, non-privileged, non-custodial documents dated between January to August 2022 in exchange for Plaintiffs agreeing to not seek pre-August 2022 custodial documents.

Respectfully submitted,

Andrew H. Schapiro
*Counsel for Defendant Perplexity AI, Inc.*

cc: All counsel of record (via ECF)