**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| DOW JONES & COMPANY, INC. and NYP HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PERPLEXITY AI, INC., <br><br> Defendant. | Civil Action No. 1:24-cv-07984-KPF <br><br><br> **STIPULATED ORDER REGARDING PRODUCTION AND INSPECTION OF DATABASES AND REPOSITORIES** |

Plaintiffs Dow Jones & Company, Inc. and NYP Holdings, Inc. and Defendant Perplexity AI, Inc. ("Perplexity") (each a "Party," and collectively, "the Parties"), through their respective counsel of record, hereby submit this Stipulated Order Regarding Production and Inspection of Databases and Repositories (the "Databases Order") to protect the confidentiality of certain nonpublic and confidential data stored by Perplexity or the collection of which is in itself non-public, confidential, and valuable in its non-public nature that will be produced or made available for inspection, as described herein, pursuant to and during the course of discovery in the above-captioned action, for the Court to so order.

1.    The Parties acknowledge that this Databases Order is to be read in conjunction with and as a supplement to the Confidentiality and Protective Order entered in this action on August 1, 2025 (Dkt. 62) ("Protective Order") (including the definitions provided therein), the Stipulated Document Production Protocol entered in this action on August 1, 2025 (Dkt. 63), and the Stipulated Source Code Protocol entered in this action on January 20, 2026 (Dkt. 93), except as modified herein.  Unless otherwise stated within this Databases Order, the protections, processes, and limitations set forth in the Protective Order apply to the material that is subject to

this Databases Order.  However, in the event of any conflict, this Databases Order shall control for any data made available, upon agreement of the Parties, for production or inspection under the auspices of this Databases Order.

2.      The Parties acknowledge that discovery in this action will involve certain confidential data collected and stored by Perplexity on Perplexity-controlled servers and/or databases (including on Perplexity controlled accounts on third-party platforms or systems), or databases of data that are confidential and/or proprietary.  The Parties further acknowledge that those data stores and databases contain or comprise Perplexity's highly confidential, proprietary, and trade secret information, which must receive the highest level of protection, beyond the designations currently provided for in the Protective Order, to protect Perplexity or third parties from competitive harm.

3.      In light of these acknowledgements and the fact that the public disclosure of the information contained in Perplexity's databases, data stores, or the databases themselves will cause significant harm to Perplexity and/or one or more third parties to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of this data of the highest confidentiality, this Court finds good cause for issuance of an appropriately tailored confidentiality order regarding such data, governing the pretrial phase of this action.  Whereas, for good cause shown, IT IS HEREBY ORDERED THAT:

4.      Any person subject to this Databases Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Databases Order—shall adhere to the following terms.

5.      For the purposes of this Databases Order, the following definitions shall apply:

      a.     "Requesting Party" shall mean the Party or Parties to this action requesting production or inspection of Sensitive Repository Data, as defined in Paragraph 6.

      b.     "Responding Party" shall mean the Party or Parties to this action producing or making available for inspection of Sensitive Repository Data, as defined in Paragraph 6.

      6.     This protocol governs the inspection of Sensitive Repository Data—which shall receive the designation of "Highly Confidential – Sensitive Repository Data."  For the purposes of this protocol, "Sensitive Repository Data" includes information in any data set, repository, or other logical or physical collection of data (such as in the form of a database, file system or portion of a file system, cloud storage container, hard drive, server, or any other such grouping of data, whether structured or unstructured, and irrespective of format) that is pertinent to the Parties' discovery requests which, in light of its sensitivity and/or difficulty of production, the Parties agree is appropriate for a separate treatment under this Databases Order.  In particular, Sensitive Repository Data subject to this protocol may include any data in a repository such as a database or other data store that Perplexity uses or has used for the purpose of retrieval-augmented generation ("RAG"), including in lexical and/or semantic form (the "RAG Database"), as well as any logs, including but not limited to logs of user Queries (also referred to as Questions) and Responses (also referred to as Answers) (the "Log Database").[1]  The Parties acknowledge that the RAG Database may include data that, standing alone, is public in nature, but the inclusion, compilation, and organization of that data in the RAG Database may itself

---

[1] As used herein, "Query" means a user-submitted text input requesting information from Perplexity's answer engine; "Response" means the text output generated by Perplexity's answer engine in direct reply to a Query.  For avoidance of doubt, this Databases Order is not intended to define the scope of data contained within the Log Database.  Plaintiffs note that they seek all data artifacts logged throughout the RAG pipeline, including but not limited to "Databases" (which include "data . . . designed to support . . . retrieval"), the "Queries," "Responses," "Inputs," and "Outputs" as those terms are defined in Plaintiffs' First Set of Interrogatories to Defendant Perplexity AI, Inc., dated Aug. 7, 2025.  Perplexity preserves and reserves all its objections to the scope of Plaintiffs' requests, and nothing in this paragraph is intended to expand or limit the scope of data that will be made available for production and/or inspection.

warrant treatment as Highly Confidential – Sensitive Repository Data.  For avoidance of doubt, the RAG Database and the Log Database constitute Sensitive Repository Data and are designated as Highly Confidential - Sensitive Repository Data as is described herein.

7.      As to portions of the RAG Database that are otherwise available to the public, such as website text that is accessible to a human browsing a website or URLs ("Website Indexing Data"), Perplexity agrees that Plaintiffs and their representatives are not required to treat such publicly available information as Highly Confidential – Sensitive Repository Data or subject to any other confidentiality designation for purposes of this Order or the Protective Order once it is excerpted from the RAG Database, subject to the following requirements: (i) individuals permitted to review the RAG database must first confirm the information is publicly available and does not reveal any information about the structure or organization of the RAG Database or other information about the RAG Database (beyond the fact that the content at issue is included in it); (ii) this provision shall not be used to treat RAG Database contents generally as public, *i.e.*, in no way shall this provision be used to, or in a manner that could, give a competitor or third party a "head start" on the creation of a content collection; and (iii) the information is not subject to license terms that would prevent its reproduction or public filing.  In the event of any doubt or question as to whether these requirements are met, Plaintiffs agree to consult Perplexity, and Perplexity agrees to respond in good faith to determine whether information must be treated as Highly Confidential – Sensitive Repository Data or is otherwise subject to protections.

8.      Access to material designated "Highly Confidential – Sensitive Repository Data" shall be limited only to outside counsel and outside consultants or experts retained for the purpose of this litigation and approved to access "Confidential Information" pursuant to Paragraph 6(e) of the Protective Order.  Further, before accessing any Sensitive Repository Data, each person

must sign Exhibit A to this Databases Order (the signed copy of which shall be provided to the Responding Party before the disclosure of any portion of the Sensitive Repository Data to that person). For the purposes of this Databases Order, an outside consultant or expert is defined to include the outside consultant or expert's support personnel within his or her firm, such that the disclosure to a consultant or expert who works with others under his or her direction shall count as a disclosure to a single consultant or expert, provided that each support personnel has signed the Certification Regarding Confidentiality (Ex. A to the Protective Order) and been disclosed under the terms of the Protective Order and has also signed Exhibit A to this Database Order (the signed copy of which shall be provided to the Responding Party before the disclosure of any portion of the Sensitive Repository Data to that person). Except as otherwise provided in this Order, outside counsel and outside experts are strictly prohibited from disclosing, discussing, describing, characterizing, or otherwise communicating the substance or content of any Highly Confidential – Sensitive Repository Data to (among others): (i) any employee, officer, director, or in-house counsel of the Requesting Party; or (ii) any person or entity not directly involved in this litigation, regardless of whether such disclosure is purportedly made pursuant to a common interest agreement, joint defense agreement, or any similar arrangement.

      a.      For avoidance of doubt, Sensitive Repository Data, other than any Website Indexing Data in the RAG Database as discussed in Paragraph 7, shall not be furnished, shown, or disclosed to Plaintiffs Dow Jones & Company, Inc. and NYP Holdings, Inc., or their subsidiaries and affiliated entities or to their or any affiliated, related, parent, and subsidiary entity's respective current or former officers, directors, employees, agents, representatives, partners, successors, assigns, insurers, shareholders, or attorneys, including any Designated In-House Counsel disclosed under the Protective Order.

b.    Notwithstanding the foregoing, while Designated In-House Counsel (as defined in and identified pursuant to the Protective Order) may not inspect or review Sensitive Repository Data, Designated In-House Counsel may review information concerning such data as it relates to Plaintiffs' copyrighted content that does not repeat any Sensitive Repository Data, absent written consent from the Producing Party.  For instance, outside counsel for Plaintiffs may discuss with any Designated In-House Counsel whether, in what format, and to what extent Plaintiffs' copyrighted content appears in Sensitive Repository Data.

9.    The Parties hereby agree that the RAG Database and the Log Database and their contents, as noted above, are Sensitive Repository Data that shall receive and be entitled to maintain the designation of "Highly Confidential – Sensitive Repository Data."  To the extent any dispute regarding the designation of other data as Highly Sensitive - Sensitive Repository Data arises in the future concerning other information so designated, it shall be resolved pursuant to the dispute resolution procedures set forth in paragraph 5 of the Protective Order.  Nothing in this Databases Order shall create a presumption that any portion of data designated as Sensitive Repository Data is entitled to a lesser designation, and the Responding Party shall have no obligation to redesignate or produce separate copies of any data at a lower confidentiality tier absent agreement of the Parties or an order of the Court.

10.    In all cases, the foregoing definition of Sensitive Repository Data is not intended to expand or limit the scope of discovery, and the Requesting Party reserves all rights to make requests for additional information or data, and the Responding Party reserves all rights to object to any such requests.  Because the Parties have agreed to the production or the inspection of certain Sensitive Repository Data in consideration of the specific issues in this case and for the sake of efficient discovery process, the Parties shall not use the fact that the Sensitive Repository

Data is being disclosed to make arguments regarding the scope or relevance concerning discovery in this or any case where Perplexity is a party.  Neither Perplexity's disclosure of certain Sensitive Repository Data in this case nor anything in this Databases Order shall be construed as any admission, concession, or agreement by Perplexity concerning the scope or relevance of any discovery in this or any other case in which Perplexity is a party.  Perplexity expressly reserves all rights to object to the scope of any discovery requests on any grounds, including relevance, proportionality, and burden.

11.    As a general rule, the Parties agree to cooperate in good faith such that maintaining the security of the Sensitive Repository Data shall not unreasonably hinder the Requesting Party's ability to efficiently and effectively conduct the prosecution of this action.

12.    For any copies of Sensitive Repository Data the Responding Party produces to the Requesting Party, the following in this Paragraph 12 shall apply.  Paragraphs 12 does not apply to any copies of Sensitive Repository Data the Responding Party makes available for inspection to the Requesting Party.

    a.    In lieu of paragraph 24 of the Protective Order, the Parties agree that the following procedure, described as follows in this Paragraph, shall apply:  Within 14 days after the final termination of this litigation by settlement or exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, all production versions of the Sensitive Repository Data and all copies of Highly Confidential – Sensitive Repository Data, shall be securely destroyed.  "Securely destroyed" means shredded, burned, or permanently deleted (for electronic media).  For the avoidance of doubt, where reasonably possible, Sensitive Repository Data will be excluded from any automatic backups.  If Sensitive Repository Data is

inadvertently or reasonably unavoidably included in an automatic backup, this does not require the purging of such copies from automatic backups of devices; however, should such backups be restored or otherwise discovered, the reviewer shall promptly and securely destroy any Sensitive Repository Data upon discovery of such material.  Further, within 28 days after the final termination of this litigation, Plaintiffs shall permit Perplexity (including Perplexity's agents or any other person(s) Perplexity selects) to audit and verify the destruction and deletion of all produced versions of the Sensitive Repository Data by providing sufficient access to any locations where any such produced versions of the Sensitive Repository Data have been stored. To be clear, the procedures and requirements of this Paragraph 12(a) does not apply to information that, under Paragraph 7, has been expressly excluded from treatment as Highly Confidential – Sensitive Repository Data.

      b.    Within 28 days after the final termination of this litigation, the Requesting Party shall provide written certification, provided by each expert and outside counsel with access to Sensitive Repository Data, to the Responding Party, stating: (i) that all such Highly Confidential – Sensitive Repository Data materials have been destroyed; (ii) the method of destruction; (iii) the date of destruction; (iv) that no copies remain in any form whatsoever except in automatic backups as stated in this paragraph; and (v) that they shall not use any knowledge gained from review of the Sensitive Repository Data in any future work or endeavor.

      c.    The Requesting Party shall be entitled to take notes (electronic and non-electronic) but may not copy any Sensitive Repository Data itself into any notes.  Nothing in this provision shall prevent the Requesting Party from including in its notes "Website Indexing Data," statistical information (such as hits, file sizes, or match scores) or particular items, files, or categories of items or files contained in the Sensitive Repository Data, as well as metadata or

other identifying information regarding the data.  Unless the notes solely contain "Website Indexing Data," all notes will be marked as "Highly Confidential – Sensitive Repository Data / Subject to Protective Order and Databases Order," and so treated as other information that has been designated as "Highly Confidential – Sensitive Repository Data."

13.     For any Sensitive Repository Data that the Responding Party makes available for inspection, Paragraphs 14–22 shall govern.  Paragraphs 14–22 do not apply to any copies of Sensitive Repository Data the Responding Party produces to the Requesting Party.

14.     The Parties agree to cooperate in good faith to determine a mutually acceptable location (the "Inspection Location") for the inspection of the Sensitive Repository Data.  Unless otherwise agreed between the Parties, the Inspection Location shall be at the offices of counsel for the Responding Party located at 50 California Street, 22nd Floor, San Francisco, California 94111.

15.     At the Inspection Location, the Sensitive Repository Data will be made available for inspection within a secured room via at least two (2) standalone computers designated for the inspection of Sensitive Repository Data ("Data Computers"), each containing the computing demands for the anticipated inspection.  Should the need reasonably arise, the Requesting Party may request as many as two (2) additional Data Computers, approval for which shall not be unreasonably withheld by the Producing Party.  Such a request must be made with at least seven (7) days' prior notice to the Responding Party, which shall respond within five (5) business days.

16.     The Requesting Party shall provide at least 10 days' notice prior to the first request for access to a given Inspection Location and at least 3 days' notice for each subsequent request for that Inspection Location.  Each request for access shall specify the Inspection Location and the person(s) that will be accessing the Inspection Location as well as the start date ("Session

Start Date") and anticipated end date ("Session End Date") for the inspection (a "Review Session"). No additional notice is required for access to be made available on consecutive days within a Review Session. The Requesting Party will update the Responding Party to the extent the Requesting Party's anticipated Session End Date for any given Review Session changes. Should the Requesting Party need to extend a Review Session longer than previously requested, the Requesting Party will provide as much notice to the Responding Party as possible, but such notice shall not take place any less than two days prior to the Session End Date. The Responding Party will not unreasonably deny any request for an extension to a Review Session. Multiple extensions may be requested for the same Review Session if needed. During any Review Session, the Sensitive Repository Data will be made available each day of a Review Session from 9:00 am local time to 5:00 pm local time. During the course of a Review Session, and upon request by the Requesting Party at the end of a review day, the Responding Party will not intentionally shut off or otherwise intentionally stop or interfere with the Data Computer processes running. If such a request is made, the Requesting Party will make best efforts to specify how long the Data Computer will run for after that day's review has ended. The Data Computers will be configured to allow for the Requesting Party's processes to run continuously without interruption, such as by disabling any automatic shutdown or sleep state.

17.     Sensitive Repository Data shall be made available for inspection and review subject to the following additional provisions:

a.      The Data Computers on which the Sensitive Repository Data is accessed shall have no external Internet or other network access except as necessary to access the Sensitive Repository Data or any relevant tools pursuant to Paragraphs 17(c) and 17(d).

b.      Each Data Computer should be connected to an external monitor, an

external keyboard, and an external mouse. The hardware and software specifications of the Data Computers (*e.g.*, processor speed, RAM, operating system, monitor, compatible IDE and any dependencies, metrics and statistical information gathering software, etc.) shall be identified through good-faith consultation between the Parties. This includes adequate processing power and memory commensurate with the scale of review required in this case for efficient expert review. All hardware components of the Data Computer and any attached peripherals should be fully functional and in good repair, excepting for any functionality that is intentionally disabled for security reasons as provided herein.

        c.     The Data Computers (and/or any repositories or environments in which Sensitive Repository Data is stored for purposes of the review and/or to which access is given via the Data Computers) will be equipped with hardware and software specifications sufficient for viewing and searching the Sensitive Repository Data pursuant to paragraph 17(b). The Responding Party will reasonably cooperate with the Requesting Party to address any technical concerns the Requesting Party may raise regarding the form of production of the Sensitive Repository Data, as well as the hardware and software that is provided, so the Requesting Party may conduct the Sensitive Repository Data inspection in an effective and efficient manner and pursuant to the applicable rules of the Federal Rules of Civil Procedure. The Requesting Party reserves all rights to seek any additional relief from the Court, including to enable a more efficient and/or effective inspection of the Sensitive Repository Data, such as in consideration of the volume of the data, its format, or any other unduly complicating or burdensome factor; Likewise, the Responding Party reserves all rights to seek any additional relief from the Court, including with respect to the Requesting Party's demands and the burden factor.

        d.     Pursuant to paragraph 17(b), the Requesting Party may request that

software tools and/or services be installed or made available on the Data Computers (and/or in any repositories or environments in which Sensitive Repository Data is stored for purposes of the review, data queries and processes, and/or to which access is given via the Data Computers), provided that (i) the Requesting Party possesses an appropriate license to such software tools and/or files and bear all costs associated with such software tools, services and computing resources required for data queries and processes; (ii) the Responding Party approves such software tools and/or files, such approval not to be unreasonably withheld; and (iii) such other software tools and/or files are reasonably necessary for the Requesting Party to perform its review of the Sensitive Repository Data consistent with all of the protections herein. The Requesting Party must provide the Responding Party with the licensed software tool(s) and/or files (either directly or via public link to download), at the Requesting Party's expense, at least 10 days in advance of the date upon which the Requesting Party wishes to have the additional software tool(s) and/or files available for use. The Responding Party will reasonably cooperate with the Requesting Party to accommodate requests to install additional software tool(s) and/or files provided. The Responding Party will install and confirm installation of said software prior to the inspection. To the extent the programs or tools used by the Requesting Party reflect the work performed by the Requesting Party, such records shall be considered work product of the Requesting Party and shall not be reviewed, altered, or deleted by the Responding Party.

e.    Should the access method provided by the Responding Party prove unreasonable for the required analysis, the Requesting Party reserves the right to request an alternative option. The Parties agree to cooperate in good faith to facilitate an effective and efficient review of such data, including to formulate any necessary accommodations where the review of such data is not reasonably and adequately facilitated by the above.

f.      The Responding Party shall provide the Requesting Party with information explaining how to start, log on to, and operate the Data Computers in order to access the Sensitive Repository Data.  An individual will be available onsite or remotely to handle technical support issues with the Data Computers during normal business hours of a Review Session, Monday through Friday, excluding federal holidays, and the Responding Party's outside counsel will be reasonably available at least electronically over the same timeframes to address issues that may arise during the course of inspection.  The aforementioned timeframes notwithstanding, the Responding Party will make all reasonable efforts to address any technical or other issues timely.

g.      Unless otherwise permitted by this Databases Order, the Requesting Party's personnel are prohibited from bringing the following into the secure room: (i) cellular phones, smartphones, or any wireless communication devices; (ii) personal computers, laptops, tablets, or portable computing devices; (iii) recording devices of any kind, including audio recorders, video cameras, or digital recorders; (iv) storage devices, including flash drives, memory sticks, external hard drives, or USB devices; (v) cameras, including digital or film cameras; (vi) wearable electronic devices which allow for the recording or uploading of files; (vii) virtual or augmented reality headsets; (viii) personal digital assistants (PDAs) or similar devices; and (ix) any other electronic devices not explicitly approved in writing by the Responding Party in advance (such approval not to be unreasonably withheld).  The only exceptions are medical devices, implants, or equipment permitted  under the following circumstances: (1) Reviewers shall be able to copy notes from a note taking computer (pursuant to Paragraphs 17(i) and 17(j)) onto a recordable device, such as a USB drive for transfer of those notes out of the secure inspection room; (2) Reviewers shall not otherwise use networked or recordable devices of any kind within the secure inspection room.  In addition to the secure

inspection room, the Responding Party agrees to make available, space permitting, a breakout room within reasonable proximity of the secure inspection room, in which the Requesting Party's reviewers may access electronic devices and/or make phone calls and/or conduct any other necessary business that cannot be performed within the secure inspection room.  The Requesting Party's reviewers will be provided Internet access within the breakout room.

h.      The Requesting Party shall provide the name(s) of the person(s) who will be attending the inspection in writing to the Responding Party at least 10 days in advance of the first time such person is given access to the Data Computers.  All authorized persons inspecting the Data Computers shall, on each day they view the Data Computers, sign a log that will include the names of persons who enter the secure inspection room to view the Data Computers and when they enter and depart.  Proper identification of all authorized persons shall be provided prior to the start of any Review Session.  Proper identification requires showing, at a minimum, photo identification sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship.  Access to the secure inspection room may be denied, at the discretion of the Responding Party, to any individual who fails to provide proper identification.

i.      Access to material designated "Highly Confidential – Sensitive Repository Data" shall be limited to counsel and up to six (6) outside consultants or experts (*i.e.*, not existing employees or affiliate(s) of a Party) retained for the purpose of this litigation, approved to access such protected materials pursuant to paragraph 6(e) of the Protective Order, and have signed Exhibit A to this Databases Order, copies of which shall be provided to the Responding Party before the start of the inspection.  For the purposes of this Databases Order, an outside consultant or expert is defined to include the outside consultant's or expert's support

personnel within his or her firm, such that the disclosure to a consultant or expert who works with others under his or her direction shall count as a disclosure to a single consultant or expert, provided that each outside person has signed the Certification Regarding Confidentiality and been disclosed under the terms of the Protective Order, and also signed Exhibit A to this Databases Order, copies of which shall be provided to the Responding Party before the start of the inspection.

j.       The Requesting Party shall be entitled to take notes (electronic and non-electronic) but may not copy any Sensitive Repository Data itself into any notes.  Nothing in this provision shall prevent the Requesting Party from including in its notes statistical information (such as hits, file sizes, or match scores), or particular items, files (as long as such items or files are not in and of themselves Sensitive Repository Data), or categories of items or files contained in the Sensitive Repository Data, as well as metadata or other identifying information regarding the data (as long as such information is not in and of themselves Sensitive Repository Data). Should the Requesting Party need to take any notes directly on the Data Computers (such as in the form of voluminous output from an analysis), and given that such notes abide the terms of this paragraph, the Responding Party shall provide a means for the Requesting Party to transfer those notes electronically out of the secure inspection room without being viewed by the Responding Party.  All notes will be marked as "Highly Confidential – Sensitive Repository Data / Subject to Protective Order and Databases Order," and so treated as other information that have been designated as "Highly Confidential – Sensitive Repository Data."  All notes shall be subject to all applicable work-product protections.

k.       To facilitate the provisions of Paragraph 17(j) of this Databases Order, each of the Requesting Party's reviewers shall be entitled to use one air-gapped computer within

the secure inspection room for the purpose of taking notes.  Such note taking computers are to be independent of and separate from the Data Computers and shall be fully isolated from networks, with Bluetooth and other wireless features disabled.  Physical ports must be locked or covered, and cameras must be covered or disabled.  Reviewers shall be permitted to use private laptops as note taking computers, provided the same security measures are followed as specified herein. The Responding Party may inspect the air gapped computers prior to them entering the secure room by requiring the Requesting Party reviewer to demonstrate that the air gapped computers meet the requirements of this provision.  Approval of the air gapped computers shall not be unreasonably withheld.  Should the Responding Party determine that the air gapped computers do not meet the requirements of this provision, they will in good faith assist the Requesting Party in bringing the computers into compliance.  Such inspection shall not unreasonably delay the entrance to the room and shall not in any case involve the Responding Party viewing any file or technology on the air gapped Computers not necessary to ensure compliance.  The Responding Party shall not review the substance of reviewer notes at any time.  Except as provided in Paragraphs 17(g), 17(i), and 21 of this Databases Order, no copies of all or any portion of the Sensitive Repository Data may leave the secure inspection room.

l.      The Responding Party may visually monitor the activities of the Requesting Party's reviewers during any inspection, but only to ensure that there is no unauthorized recording, copying, or transmission of the Sensitive Repository Data.  Such monitoring must take place from a separate room, such as from outside the walls of a glass conference room.  Under no circumstances shall the Responding Party be permitted to monitor the conversations of the Requesting Party's reviewers.

m.      Unless otherwise agreed to in advance by the Parties in writing, the

Requesting Party shall not leave any physical notes, documents, or other materials in the secure inspection room or breakout room or in any other location within the building where the inspection is taking place when its reviewers are not physically on site. Presence within the building where the inspection is taking place, including in the breakout room, restrooms, or other authorized locations within the building, or for brief periods stepping out of the building to obtain meals constitutes being on site. That notwithstanding, the Responding Party shall not be responsible for any items left in the secure inspection room at times when no reviewers are physically present in that room. The Responding Party shall provide means for secure entry into the breakout room for the Requesting Party's reviewers to ensure the security of items left in that space while the reviewers are on site.

n. In the event that the Requesting Party requests access to Sensitive Repository Data under this Databases Order and to Source Code under the Stipulated Source Code Order at the same time, in the same location, and by the same person(s), the Data Computers under this Databases Order and the Source Code Computers under the Stipulated Source Code Order will be provided near the secure Source Code Computer inspection room, subject to availability of space. Under such circumstances, the air-gapped note taking computers permissible for taking notes under this Databases Order shall be considered sufficient for taking notes under the Stipulated Source Code Order as well, and vice-versa.

o. Except as provided in this Databases Order, the Requesting Party will not copy, remove, or otherwise transfer or transmit any Sensitive Repository Data from the Data Computers, including, without limitation, copying, removing, or transferring Sensitive Repository Data onto any recordable media or recordable device.

18. The costs of making the Sensitive Repository Data available to the Requesting

Party for inspection shall be shared by the Parties as follows: (1) the Responding Party shall bear the storage fees associated with making the data available on any secure cloud service; (2) the Requesting Party shall bear the costs associated with the proposed software tools, services and computing resources required for data queries and processes; and (3) all other costs of making the Sensitive Repository Data available to the Requesting Party, including the cost of printing in Paragraph 20, shall be shared equally, with the Responding Party providing an invoice for the costs to Requesting within 45 days of receiving any such invoice, 50% of which shall be paid by the Requesting Party within 30 days of receipt.

19.    The Requesting Party may include protected material designated "Highly Confidential – Sensitive Repository Data" in a pleading, exhibit, expert report, discovery document, or other Court document ("Repository Document"), provided that the Sensitive Repository Documents are also designated "Highly Confidential – Sensitive Repository Data," restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, orders, this Databases Order, and the Protective Order in this case.  The Requesting Party shall only include such excerpts or portions of such Sensitive Repository Data as reasonably necessary for the purposes for which such Sensitive Repository Data is used.  To the extent Repository Documents designated "Highly Confidential – Sensitive Repository Data" is attached as exhibit(s), either (i) the entire Repository Document will be stamped and treated as "Highly Confidential – Sensitive Repository Data," or (ii) the first page and those pages containing protected material designated "Highly Confidential – Sensitive Repository Data" will be separately stamped and treated as "Highly Confidential – Sensitive Repository Data."

20.    The Requesting Party shall be permitted to request a reasonable number of

printouts of certain fields in the Sensitive Repository Data which contains some or all of Plaintiffs' copyrighted content, that is reasonably necessary for the preparation of court filings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of avoiding electronic review on the computers supplied for viewing the Sensitive Repository Data in the first instance. All such printouts shall be designated and clearly labeled "Highly Confidential - Sensitive Repository Data." For purposes of this Databases Order, references to "print," "printing," or "print outs" are understood to refer to a Bates-stamped electronic production (as described in this paragraph). Upon receiving a request to print, the Responding Party shall Bates stamp all requested files by stamping each page of any files and confirm the destruction of any files not receiving a Bates stamp. Any manifest file will also be Bates-stamped and included in the printing. Within 5 business days from the date of request, the Responding Party shall either (i) produce electronic versions to the Requesting Party's counsel, or (ii) inform the Requesting Party that the Responding Party objects to the requested portions as excessive, not for a permitted purpose, and/or not justified (*see, e.g.*, Fed. R. Civ. P. 26(b)). In the event that the Responding Party objects, the Parties shall meet and confer within 7 business days of the Responding Party's notice of its objection. If, after meeting and conferring, the Parties cannot resolve the objection, the Requesting Party shall be entitled to seek a Court resolution of whether the requested Sensitive Repository Data should be "printed." To the extent the Requesting Party has a right to seek production, separate and apart from any inspection, of portions of Responding Party's Data, nothing in this protocol should be read to prejudice that right. In the event that any "printed" Sensitive Repository Data is physically printed on paper at any point, such as by later agreement between the Parties, such printed material must be printed with black ink on white paper.

21.     If the Requesting Party's outside counsel, consultants, or experts obtain printouts of Sensitive Repository Data, the Requesting Party shall ensure that such outside counsel, consultants, or experts keep the printouts in a secured, locked area in the offices of such outside counsel, consultants, or expert.  The Requesting Party may also temporarily keep the printouts at: (i) the Court for any proceeding(s) relating to the Sensitive Repository Data, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Sensitive Repository Data are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport (*e.g.*, a hotel prior to a Court proceeding or deposition), provided that the printouts are kept in a secure manner that ensures access is limited to the persons authorized under this Databases Order.

22.     Material designated "Highly Confidential – Sensitive Repository Data" may only be transported by the Requesting Party at the direction of a person authorized under paragraph 17(k) to another person authorized under paragraph 17(k), on paper via hand carry, or by Federal Express or other similarly reliable courier.  Printouts of Sensitive Repository Data may only be transported for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 21 and is at all times subject to the transport and labeling restrictions set forth herein.  The Sensitive Repository Data may not be scanned into a computer.  For purposes of Court filings and proceedings, citations to line numbers and photographic images or embeddings of Sensitive Repository Data may be used consistent with paragraph 14 of the Protective Order.

23.     Access to and review of the Sensitive Repository Data shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned case.  No person shall review or analyze any Sensitive Repository Data for purposes unrelated to this case, nor may any person use any Sensitive Repository Data gained as a result of reviewing the Sensitive

Repository Data in any other pending or future dispute, proceeding, or litigation.

24.    Notwithstanding any provisions of this Databases Order or the Protective Order, the Parties reserve the right to amend this protocol either by written agreement or Order of the Court upon showing of good cause.

**AGREED:**

By: */s/ Justin M. Romeo*
William P. Barr *(pro hac vice)*
Paul T. Cappuccio (4092508)
    *Counsel of Record*
Justin M. Romeo *(pro hac vice)*
Genevieve M. Kelly *(pro hac vice)*
TORRIDON LAW PLLC
801 Seventeenth Street NW, Suite 1100
Washington, DC 20006
Telephone: (202) 249-6900
pcappuccio@torridonlaw.com
jromeo@torridonlaw.com
gkelly@torridonlaw.com

Brett D. Katz (BK6685)
TORRIDON LAW PLLC
800 Westchester Avenue, Suite N-641
Rye Brook, NY 10573
Telephone: (646) 787-9290
bkatz@torridonlaw.com

Susan J. Kohlmann
Alison I. Stein
Gianni P. Servodidio
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 891-1600
skohlmann@jenner.com
astein@jenner.com
gservodidio@jenner.com

*Counsel for Plaintiffs Dow Jones & Company, Inc. and NYP Holdings, Inc.*

By: */s/ Moon Hee Lee*
Andrew H. Schapiro
Dylan I Scher
Jessica Anne Rose
William F. Patry
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Avenue, 9th Floor
New York, New York 10016
Telephone: 212-849-7000
andrewschapiro@quinnemanuel.com
dylanscher@quinnemanuel.com
jessicarose@quinnemanuel.com
williampatry@quinnemanuel.com

John B. Quinn
Moon Hee Lee *(pro hac vice)*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, Ste 10th Floor
Los Angeles, CA 90017
Telephone: 213-443-3627
johnquinn@quinnemanuel.com
moonheelee@quinnemanuel.com

*Counsel for Defendant Perplexity AI, Inc.*

Dated:      February 17, 2026
            New York, New York

**SO ORDERED**

Katherine Polk Failla
United States District Judge

This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The Court
will retain jurisdiction over the terms and conditions of this agreement
only for the pendency of this litigation.  Any party wishing to make
redacted or sealed submissions shall comply with Rule 9 of this Court's
Individual Rules of Civil Procedure.

**EXHIBIT A**

**CERTIFICATION REGARDING CONFIDENTIALITY OF
SENSITIVE REPOSITORY DATA**

***Dow Jones & Company, Inc. and NYP Holdings, Inc. v. Perplexity AI, Inc.*,
Case No. 24-cv-07984-KPF**

I hereby acknowledge that I have read the Stipulated Order Regarding Discovery of Perplexity's Databases ("Databases Order") entered by the Court on _____, 2026, in the above-captioned case and that I understand both the terms of the Databases order and the potential consequences of violating the Databases Order.

I recognize that I am bound by the terms of the Databases Order, and I agree to comply with its terms. I agree not to disclose any portions, information, or other things designated thereunder as "Highly Confidential - Sensitive Repository Data" to any person not entitled to access to such information under the express terms of the Databases Order. I also understand that I may be subject to penalties or sanctions and that I and others to whom I convey such designated documents, information, or other things may be restrained or enjoined if I violate the terms of the Databases Order. I further agree to use Highly Confidential – Sensitive Repository Data only in connection with this litigation (and for no other litigation) and not for any other purpose. I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York in respect to any proceedings relative to the enforcement of the Protective Order or any claims arising thereunder, whether or not this action has been dismissed, transferred, stayed or is appealed.

By _____

Name: _____

Business Address: _____

_____