UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOW JONES & COMPANY, INC. and NYP HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PERPLEXITY AI, INC., <br><br> Defendant. | Civil Action No. 1:24-cv-07984-KPF <br><br> **ORDER GOVERNING THE EXCHANGE OF PRIVILEGE LOGS** |

**PRIVILEGE LOG PROTOCOL**

Plaintiffs Dow Jones & Company, Inc. and NYP Holdings, Inc., and Defendant Perplexity AI, Inc (each a "Party," and collectively, "the Parties"), through counsel of record, hereby submit this Protocol Governing the Exchange of Privilege Logs ("Protocol") pursuant to Section VI of the Parties' Stipulated Document Production Protocol (ECF No. 63) for the Court to so order.

Whereas, for good cause shown, IT IS HEREBY ORDERED THAT:

**I.    Definitions.**[1]

   A.    **"Action"** means the federal lawsuit pending in the United States District Court for the Southern District of New York captioned *Dow Jones & Co., Inc. and NYP Holdings, Inc. v. Perplexity AI, Inc.*, No. 24-cv-07984-KPF.

   B.    **"Counsel"** means attorneys who represent a Party to the Action and have appeared in the Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party and is currently reflected on the docket as representing

---

[1]    Unless otherwise noted, this Privilege Log Protocol adopts and incorporates the definitions as set forth in the Stipulated Document Production Protocol, ECF No. 63 ("Document Production Protocol").

that Party. For purposes of identifying privileged materials that do not need be logged in accordance with Section V below, "Counsel" also includes attorneys who have represented a Party to the Action and have appeared in the Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that party, where those attorneys or law firms are no longer counsel of record, during that period prior to and during which the attorneys or law firms were counsel of record, and attorneys or law firms who have provided legal advice to a Party concerning matters related to the subject matter of this Action.

  C. **"Discovery Material(s)"** means anything produced or provided by any Party or Non-Party in connection with the Action in response to disclosure requirements or discovery requests, including, but not limited to, documents, ESI, things, deposition testimony, responses to interrogatories, responses to requests for admission, responses to requests for production of documents, deposition transcripts and videos, deposition exhibits, and other writings or things produced, given, served, or filed in the Action, as well as any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

  D. **"Non-Party" or "Non-Parties"** means any natural person, corporation, association, or other legal entity not named as a Party to the Action.

  E. **"Party" or "Parties"** means any party to the Action, including all of its officers, directors, employees, consultants, retained experts and in-house counsel (and their support staff) for the duration of this Protocol.

F.    **"Withholding Party"** means a Party who withholds or redacts Discovery Material in this Action, and who produces or is required to produce a privilege log pursuant to Section II below.

II.    **Production of Privilege Logs.**  Consistent with the requirements of the Federal Rules of Civil Procedure and pursuant to Section VI of the Document Production Protocol, following each rolling production of documents, each Withholding Party shall serve (as set forth below) a privilege log providing information regarding all responsive ESI and documents withheld from a rolling production pursuant to a claim of privilege, work-product, or any other protection or immunity.  The Parties agree that all privilege logs shall be served in electronic Microsoft Excel spreadsheet file format, as more fully set forth below in Section III.  Each privilege log served by a Withholding Party shall include the entries of all prior privilege logs served by that Withholding Party, such that each subsequent privilege log supersedes all prior privilege logs served by that Withholding Party.  To the extent any previous privilege designations are modified or withdrawn by the Withholding Party, each such change to the privilege designation shall be so noted in any subsequent privilege log to ensure clarity and completeness.  The parties shall exchange initial privilege logs by March 9, 2026, and will supplement the initial logs no later than 14 days after each rolling production in which any responsive document is withheld from production pursuant to a claim of privilege, work-product, or any other protection or immunity.  In any event, each privilege log identifying ESI and documents withheld from a rolling production must be exchanged sufficiently in advance of the close of document discovery, to allow time for the Parties to meet and confer and to file any necessary motions with the Court concerning contested issues in each privilege log, as further described in Section VII, below.

III.     **Format of Privilege Logs.**  A Withholding Party's privilege log needs only to provide objective metadata, as defined below (to the extent it is reasonably available and does not reflect privileged or protected information) and a description of the privilege or protection being asserted (*e.g.*, attorney-client communication; work product).  Attorneys or legal support personnel shall be indicated through the use of "*" next to the individual's name or through the use of a comprehensive key or legend setting forth each individual and that individual's title/role.  For each document withheld pursuant to a privilege or immunity from disclosure, the Withholding Party's privilege log shall include the following objective metadata in separate columns as applicable to the document types as shown in Schedule A:

    A.     A unique identifying number for each logged document (*i.e.*, a privilege log identification number);

    B.     A unique number identifying the family group for each logged document;

    C.     Date (using Sent_Date field for emails, and the Create_Date and DateLastMod fields for non-email documents);

    D.     Document type (*e.g.*, .msg, .doc, .pdf, or similar indication of the type of file withheld);

    E.     Custodian(s) or source (the name of the person(s) or non-custodial source from which the document was collected using the Custodian_All field):

    F.     Author;

    G.     From;

    H.     To;

    I.     CC;

    J.     BCC (to the extent available);

      K.      Email_Subject or File_Name, as applicable (so long as the disclosure would not reveal information itself privileged or protected; if the disclosure would reveal information itself privileged or protected, then the field shall indicate "Privileged");

      L.      Basis for the privilege claim (*e.g.*, attorney-client communication, work product); and

      M.      For entries where the objective metadata contained in columns A through K does not provide sufficient information for the Requesting Party (and the Court, as necessary) to evaluate the assertion of privilege, the Producing Party will provide, in the initial privilege log in which the entry appears, a description of the document and the basis for the privilege assertion. A Requesting Party may reasonably request that the Party serving a privilege log supplement its privilege log with a description for entries for which the objective metadata does not provide sufficient information to allow the Requesting Party to evaluate the assertion of privilege.

    IV.    **<u>Redacted Metadata.</u>** Pursuant to Paragraph 36 of the Stipulated Document Production Protocol, any redacted metadata shall also be recorded as redacted on the privilege log and accompanied by a short description of the basis for the privilege assertion.

    V.    **<u>Privileged Emails.</u>** For Discovery Materials comprising a chain of privileged e-mails, the Withholding Party need only include one entry for the top/most recent email on the privilege log for the entire e-mail chain and need not log each e-mail in the chain separately. However, this does not relieve the Withholding Party of the obligation to produce non-privileged responsive emails and attachments within or attached to the email chain. Discovery Materials comprising a family (email and attachments) may be logged as a single entry so long as the description of that entry includes a reference to the attachments. Notwithstanding the foregoing,

5

the Withholding Party must produce all non-privileged emails in a chain (and any non-privileged attachments to withheld emails in that chain) and only redact the privileged portion of any email that is part of that chain.

VI.     **Exceptions to Logging.**  The Parties agree that the following privileged or protected documents need not be included on a privilege log: (i) privileged or work product documents generated after commencement of this Action (October 21, 2024) involving Counsel or in-house counsel; or (ii) privileged or work-product documents regarding litigation holds, the preservation, collection, or review of documents in this Action or any other litigation related to the allegations underlying the claims asserted in this Action.

VII.    **Redactions.**  For all redacted documents, the reason for redaction shall be provided on the privilege log and shall be reflected on the face of the document itself.  For example, redactions on the basis of the attorney-client privilege or work product protection shall be indicated as follows: "REDACTED – PRIVILEGED."  Redactions shall otherwise only be applied to the categories of information specified in Rule 5.2 of the Federal Rules of Civil Procedure and Rule 9(A) of the Court's Individual Rules of Practice in Civil Cases, and shall be indicated in a manner as follows: "REDACTED – PII" (for Personally Identifiable Information) or "REDACTED – PHI" (for Protected Health Information), as appropriate.  Any Document to which a redaction is applied shall have the "Redacted" Metadata field populated "Y."  For redacted documents where the subject matter is not decipherable as a result of redaction, a description of the document that is sufficient to understand the subject matter of the document shall be provided on the privilege log, to the extent possible to do so without disclosing privileged information.

VIII.   **Challenges to Claims of Privilege**.  Nothing in this Order shall limit a Requesting Party's right to challenge (on grounds unrelated to the fact or circumstances of the disclosure) a

6

Withholding Party's claim that information is protected from disclosure by the attorney-client privilege, work product doctrine, or any other privilege or immunity. All such challenges shall follow the following procedures, unless otherwise required by the Court's Individual Rules of Practice or the Local Rules:

    A.    Within twenty (20) calendar days of receipt of a privilege log, the Requesting Party may identify, in writing, the privilege log entries and/or redacted documents that the Requesting Party believes require further explanation by indicating the unique log identifier or Bates number for the document in question, and the reason why the Requesting Party contends the information in the document may not be privileged or otherwise protected.

    B.    The Withholding Party shall respond to such a request within ten (10) calendar days. In the event the Withholding Party does not respond within this timeframe, and does not request a reasonable extension of its time to do so within that time period from the Requesting Party, the Requesting Party may seek relief from the Court in accordance with the Court's Individual Rules of Practice and the Local Rules for resolving disputes relating to discovery.

    C.    The Parties shall undertake an appropriate meet and confer process within seven (7) calendar days of any Withholding Party's response.

    D.    If, after the Parties undertake an appropriate meet and confer process, the Parties are unable to resolve any dispute they have concerning a claim of privilege or other protection, or if the Withholding Party does not agree to meet and confer in a timely fashion or seek a reasonable extension from the Requesting Party during that timeframe, the Requesting Party may seek relief from the Court in accordance with the Court's

Individual Rules of Practice and the Local Rules for resolving disputes relating to discovery. Any information that the Withholding Party has identified as privileged that is submitted to the Court in connection with a challenge to the Withholding Party's claim of attorney-client privilege or other protection shall not be filed on the public record, but rather, shall be redacted and filed under seal in accordance with the Local Rules and the Confidentiality and Protective Order in this Action, ECF No. 62, and/or submitted for *in camera* review as appropriate.

   E.  Notwithstanding the above deadlines, as the parties approach the end of document discovery, they shall cooperate to ensure that disputes concerning claims of privilege can be resolved appropriately and brought to the attention of the Court.

**AGREED:**

By: */s/ Susan J. Kohlmann*
 William P. Barr (*pro hac vice*)
 Paul T. Cappuccio (4092508)
  *Counsel of Record*
 Justin M. Romeo (*pro hac vice*)
 Genevieve M. Kelly (*pro hac vice*)
 TORRIDON LAW PLLC
 801 Seventeenth Street NW, Suite 1100
 Washington, DC 20006
 Tel: 202.249.6900
 pcappuccio@torridonlaw.com
 jromeo@torridonlaw.com
 gkelly@torridonlaw.com

 Brett D. Katz (BK6685)
 TORRIDON LAW PLLC
 800 Westchester Avenue, Suite N-641
 Rye Brook, NY 10573
 Telephone: (646) 787-9290
 bkatz@torridonlaw.com

By: */s/ Moon Hee Lee*
 John B. Quinn
 Moon Hee Lee (*pro hac vice*)
 QUINN EMANUEL URQUHART &
 SULLIVAN LLP
 865 S. Figueroa St., 10th Floor
 Los Angeles, CA 90017
 Telephone: (213) 443-3000
 johnquinn@quinnemanuel.com
 moonheelee@quinnemanuel.com

 Andrew H. Schapiro
 William F. Patry
 Jessica Anne Rose
 Dylan I. Scher
 QUINN EMANUEL URQUHART &
 SULLIVAN LLP
 295 5th Avenue, 9th Floor
 New York, NY 10016
 Telephone: (212) 849-7000
 Facsimile: (212) 849-7100
 andrewschapiro@quinnemanuel.com
 williampatry@quinnemanuel.com
 jessicarose@quinnemanuel.com

Susan J. Kohlmann
Gianni P. Servodidio
Alison I. Stein
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
Tel: (212) 891-1600
skohlmann@jenner.com
gservodidio@jenner.com
astein@jenner.com

*Counsel for Plaintiffs Dow Jones &
Company, Inc. and NYP Holdings, Inc.*

dylanscher@quinnemanuel.com

*Counsel for Defendant Perplexity AI, Inc.*

Dated: <u>February 23</u>, 2026
New York, New York

**SO ORDERED**

_____
Katherine Polk Failla
United States District Judge

```
This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The Court
will retain jurisdiction over the terms and conditions of this agreement
only for the pendency of this litigation.  Any party wishing to make
redacted or sealed submissions shall comply with Rule 9 of this Court's
Individual Rules of Civil Procedure.
```