1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711

J E N N E R & B L O C K LLP

February 27, 2026

Gianni Servodidio
Tel +1 212 891 1620
Fax +1 212 891-1699
GServodidio@jenner.com

**VIA ECF AND ELECTRONIC MAIL**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re:     *Dow Jones & Co., Inc., et al. v. Perplexity AI, Inc.*, Civ. No. 24-7984 (KPF)

Dear Judge Failla:

I write on behalf of Plaintiffs Dow Jones & Company, Inc. and NYP Holdings, Inc., in response to Defendant Perplexity AI, Inc.'s ("Perplexity") Request for a Discovery Conference (ECF 102) ("Letter") seeking to compel the production of the full expanse of Plaintiffs' pre-suit investigatory use of Perplexity's product.  This request should be denied for at least two reasons.  First, Plaintiffs have explained repeatedly to Perplexity that they have no intention of relying upon their pre-suit work product as evidentiary support for their claims.[1]  Perplexity therefore has made no showing of "substantial need" to delve into such materials, as required to overcome the steadfast protection of Rule 26.  Second, Perplexity's suggestion that Plaintiffs have waived their right to work product protection through the mere use of Perplexity's product is specious.  Unlike sending a demand letter to a litigation adversary, Plaintiffs engaged in an analysis of their claims against Perplexity by the only means available, namely, by entering queries into that product.  Nonetheless, Perplexity argues that merely *pressing "enter"* to submit a question to the Perplexity answer engine constitutes an automatic waiver of work product.  Letter at 3.  Such an expansive theory of waiver would effectively eliminate work product protection for any pre-suit investigation of a generative AI tool, software, smartphone, technology-enabled car, or any other product where the defendant has the *ability* to track plaintiffs' activity, surreptitiously or otherwise.  This is not the law.

As a starting point, work product is protected from discovery unless the party seeking discovery can show that it has "substantial need for the materials" and "cannot obtain the substantial equivalent without undue hardship." *Gucci Am., Inc. v. Guess, Inc.*, 271 F.R.D. 58, 74 (S.D.N.Y. 2010) (cleaned up).  Here, Perplexity does not and cannot articulate any substantial need for access to such materials.  Like any other pre-suit investigation, Plaintiffs ran various test queries to ascertain both whether Perplexity had copied Plaintiffs' copyrighted content in the first instance (as relevant to Plaintiffs' input claim) and whether Perplexity would output Plaintiffs' content or

---

[1] Plaintiffs have advised Defendant that if a change in circumstances alters the need for reliance on pre-suit investigation materials they will of course meet and confer to address disclosure.  For example, if Perplexity disregarded its preservation obligations and failed to retain evidence of copyrighted content it copied or how that content was used, Plaintiffs may be forced to resort to their pre-suit testing.

Hon. Katherine Polk Failla
February 27, 2026
Page 2

a substitutive summary (as relevant to Plaintiffs' output claims). Such testing reflects Plaintiffs' mental impressions and the analysis of counsel in assessing the accused infringing product and formulating the allegations in the Complaint, a fact that Perplexity does not dispute. None of the work product at issue will be relied upon as evidence. Rather, Plaintiff will establish Perplexity's wholesale copyright infringement through direct evidence from Perplexity's RAG and other databases, and will show how Perplexity used that content to usurp the market for Plaintiffs' works through direct evidence such as Perplexity's internal documents, source code and log database comprised of hundreds of terabytes of user queries and responses.[2] Because Plaintiffs' pre-suit investigative work product has scant relevance, if any, to the merits of the case, and Perplexity has failed to show any substantial need for access to such materials, its request should be denied.

Unable to show a compelling need, Perplexity rests its hat on an astonishingly broad work product waiver argument. This too, fails. Specifically, Perplexity argues that because Plaintiffs merely used their product and pressed "Enter," any pre-suit investigatory privilege is automatically waived. In essence, anyone who investigates and sues Perplexity will be compelled to hand over their pre-suit investigative work product. This runs counter to the Court's previous statements recognizing that when conducting their pre-suit investigation, Plaintiffs "were not 'users' of Defendant's website in the general sense of the term." ECF 65 at 52. Disturbingly, Perplexity's Letter to the Court reveals[3] that it apparently has tracked and uncovered Plaintiffs' work product, including the identity and activity of users who have not provided their identities to Perplexity, to argue that any protection of pre-suit investigation has been waived. But Perplexity's invasive ability to track the identity and activity of its users does not provide Perplexity the right to deprive Plaintiffs of basic legal protections, such as the pre-suit investigatory privilege.

This is not, and should not be, the law. Indeed, it runs headlong into the admonition that "[c]ommon sense and the practicalities of litigation define the limits of the work product doctrine." *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 235 (2d Cir. 1993). Here, the practicalities of investigating Perplexity's intellectual property theft *require* entering queries into its AI-answer engine. It is not surprising, then, that Perplexity has no legal authority supporting its position. The three cases it cites are wholly inapposite. None involves a scenario, as here, where the alleged act of voluntary surrender of work product was the mere investigation of a piece of technology. *See In re Steinhardt Partners, L.P.*, 9 F.3d at 235 (voluntary disclosure of memorandum to SEC); *New York Times Co. v. DOJ*, 939 F.3d 479, 496 (2d Cir. 2019) (statements amounting to public disclosure of contents of memorandum); *In re Terrorist Attacks on Sept. 11, 2001*, 293 F.R.D. 539, 544 (S.D.N.Y. 2013) (voluntary service of FOIA request).

---

[2] Perplexity has claimed that it does not copy Plaintiffs' copyrighted content, but instead extracts and uses "facts." *See* Letter at 1 (arguing that Perplexity provides "factual summaries"). Perplexity's Letter conveniently fails to provide the "answers" accompanying the queries it quotes. Instead, Perplexity characterizes the answers as benign "Key Points," and "succinct[] summar[ies]." *Id.* Of course, there is no categorical copyright exception for "Key Points" and "succinct summaries." They likely contain protectible expression and serve as market substitutes.

[3] In prior meet and confers, Perplexity did not disclose that it was able to identify Plaintiffs' pre-suit queries from its own forensic investigation, or assert waiver on the basis of that forensic investigation. Nor did Perplexity seek to confirm that the queries and (bracketed) answers it included in its Letter were from Plaintiffs or those acting at their direction. In any event, Perplexity's confident representation to the Court that the queries in its Letter were performed by or at the direction of Plaintiffs further undercuts the "substantial need" for Plaintiffs' work product.

Hon. Katherine Polk Failla
February 27, 2026
Page 3

Moreover, every court to have considered this issue in the AI context, including in this District, has rejected defendants' similar attempts to breach the work product privilege, and done so despite those defendants' reliance on the same three cases cited above. *See, e.g.*, *Tremblay v. OpenAI, Inc.*, 2024 WL 3748003, at *2–3 (N.D. Cal. Aug. 8, 2024) (concluding that prompts were opinion work product and rejecting argument that plaintiffs had waived work product protection for pre-suit investigation materials); *Concord Music Grp., Inc. v. Anthropic PBC*, 2025 WL 1482734, at *2 (N.D. Cal. May 23, 2025) ("prompts and related settings are attorney work product"); *see also id.* (rejecting defendant's argument for "sweeping subject-matter waiver for all unrelied-upon prompts and outputs" because it went "too far regardless of whether the prompts, settings and corresponding output are fact work product or opinion work product")[4]; *New York Times Co. v. Microsoft Corp.*, No. 23-cv-11195 (S.D.N.Y.), ECF Nos. 243 at 3, and 304 at 4 (denying motions to compel at ECF Nos. 124 and 284, raising similar arguments).

Perplexity suggests that none of these courts considered the waiver argument. But that is false. OpenAI raised *exactly the same argument* twice, and it was rejected both times. *Tremblay*, 2024 WL 3748003, at *2–3; *New York Times Co.*, No. 23-cv-11195, ECF 243. In *Tremblay*, OpenAI specifically argued that "Plaintiffs waived any arguable work-product protection over . . . prompt-and-output information . . . by disclosing the allegedly protected information to OpenAI in ChatGPT." *Tremblay*, No. 23-cv-03223, ECF 153 at 1. Plaintiffs responded by pointing out that accepting OpenAI's claim that "simply by using the OpenAI chatbot, Plaintiffs' attorney[s] waived any protection for [their] investigation . . . would produce the absurd result that Plaintiffs could not investigate their claim without waiving protection." *Id.* at 5. The Court sided with the plaintiffs, holding that plaintiffs had not waived work product protection for prompting and "documentation of the testing process" that was not referenced in Plaintiffs' First Amended Complaint. 2024 WL 3748003, at *3. In *New York Times*, OpenAI cited *Steinhardt Partners* to argue that the "[p]laintiff's claim for work-product protection over OpenAI account information and prompt and output data has been waived because that data and information was voluntarily disclosed to OpenAI in the course of interacting with ChatGPT LLMs." ECF 124 at 2–3. Unconvinced, Judge Wang denied OpenAI's motion to compel. ECF 243 at 3.

In sum, neither "[c]ommon sense and the practicalities of litigation," *Steinhardt Partners*, 9 F.3d at 235, nor the bevy of cases having considered this issue, support Perplexity's position. Accepting Perplexity' argument would constitute a seismic shift in the case law, fatally undermining the pre-suit investigative privilege for entire categories of litigants. Plaintiffs respectfully request that the Court deny Perplexity's request to compel production of Plaintiffs' pre-suit investigative work product and preclude Perplexity from using or otherwise relying on these pre-suit investigative materials in the litigation.

---

[4] Perplexity does not dispute that Plaintiffs' queries are protected work product. *See* Letter n.3. Perplexity nonetheless suggests that it is entitled to the identities of Plaintiffs' pre-suit investigators, along with other details concerning Plaintiffs' investigation. *Id.* This request is another attempted incursion into the Rule 26 protection, already thrice rejected. *See Concord Music,* 2025 WL 1482734, at *2; *Tremblay*, 2024 WL 3748003, at *1; *New York Times Co.*, No. 23-cv-11195, *compare* ECF 124 at 2 (requesting identities of pre-suit investigators), *with* ECF 243 (denying relief).

Hon. Katherine Polk Failla
February 27, 2026
Page 4

Respectfully submitted,

*/s/ Gianni P. Servodidio*
Gianni P. Servodidio
*Counsel for Plaintiffs*

cc:    All Counsel of Record via ECF