# Torridon Law PLLC

801 Seventeenth Street NW, Suite 1100
Washington, DC 20006
(202) 249-6900

April 20, 2026

BY ECF AND ELECTRONIC MAIL

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov



**RE:    *Dow Jones & Company, et al. v. Perplexity AI, Inc.*, Civ. No. 24-7984 (KPF)**

Dear Judge Failla:

I write pursuant to Rule 9 of this Court's Individual Rules of Practice in Civil Cases on behalf of Plaintiffs Dow Jones & Company, Inc. and NYP Holdings, Inc. to request leave to file under seal, with redacted copies on the public docket, Plaintiffs' motion to compel Defendant Perplexity AI, Inc. to produce missing source code version control repositories ("Motion to Compel") and the accompanying declaration of Dr. Jonathan L. Krein ("Krein Declaration").

The Motion to Compel concerns source code material designated by Perplexity as Highly Confidential – Inspection Data ("Inspection Data"), pursuant to the Protective Order and Source Code Protocol entered in this case. *See* Dkt. Nos. 62, 93. While neither the Motion to Compel nor the Krein Declaration reproduces any Inspection Data, the filings discuss certain details regarding Inspection Data that may not otherwise be public, and Perplexity has indicated that disclosure of Inspection Data "would create a substantial risk of serious harm" to Perplexity's competitive interests. *See* Dkt. 93 ¶4.

Because it is necessary to provide this information concerning Inspection Data to the Court for resolution of the instant dispute, consistent with Plaintiffs' obligations under the Protective Order and Source Code Protocol, Dkt. 62 ¶14; Dkt. 93 ¶5(j), Plaintiffs request an order permitting the Motion to Compel and Krein Declaration to be filed under seal, with redacted copies on the public docket. Although the law favors public access to judicial proceedings, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), that presumption is entitled to less weight where, as here, "the documents are not to be submitted in connection with a dispositive motion, but merely a motion to compel further discovery from a party." *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014); *see also Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (noting that the presumption in favor of public access is "generally somewhat lower" with respect to discovery disputes).

We thank the Court for its continued attention to this matter.

Respectfully submitted,

*/s/ Paul T. Cappuccio*

Paul T. Cappuccio

cc: All Counsel of Record via ECF

Application GRANTED.  The Clerk of Court is directed to maintain docket entries 117 and 118 under seal, and to terminate the pending motion at docket entry 116.

Dated:     April 21, 2026           SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE