UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOW JONES & COMPANY, INC.
and NYP HOLDINGS, INC.,

                    Plaintiffs,

        v.

PERPLEXITY AI, INC.,

                    Defendant.

Civil Action No. 24-cv-7984 (KPF)

SECOND AMENDED
CIVIL CASE MANAGEMENT
PLAN AND SCHEDULING
ORDER

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.    All parties [consent □ / **do not consent** ☒] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.  28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences.  [*If all parties consent, the remaining paragraphs need not be completed.  Instead, the parties shall submit to the Court a fully executed SDNY Form Consenting to Proceed for All Purposes Before a Magistrate Judge, available at the Court's website, https://nysd.uscourts.gov/hon-katherine-polk-failla, within three (3) days of submitting this Proposed Civil Case Management Plan and Scheduling Order.*]

2.    Settlement discussions [**have** ☒ / have not □] taken place.

3.    The parties [**have** ☒ / have not □] conferred pursuant to Fed. R. Civ. P. 26(f).

4.    Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion to amend or to join additional parties shall be filed within **45** days from the date of the August 29, 2025 initial Civil Case Management Plan and Scheduling Order. [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

5.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) **were exchanged by the parties on April 4, 2025**.  [*Absent exceptional circumstances, a date not more than 14 days following the initial pretrial conference.*]

1

6. ~~[*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than [DATE].~~

7. Discovery

    a. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

    b. The parties are to discuss, if and as appropriate, provisions for the disclosure, discovery, or preservation of electronically stored information (ESI). The parties proposed and the Court so-ordered a Stipulated Document Production Protocol on August 1, 2025.

    c. The parties are to discuss whether a procedure for designating materials as confidential is necessary in this matter. Any agreement between the parties for designating materials as confidential must conform to the Court's Individual Rules regarding the filing of materials under seal. The parties proposed and the Court so-ordered a Confidentiality and Protective Order on August 1, 2025.

    d. The parties are also to discuss protocols for asserting claims of privilege or of protection as trial-preparation material after such information is produced, pursuant to Federal Rule of Evidence 502. Any agreement reached between the parties concerning such protocols is to be filed within 30 days from the date of this Order.

    e. Document discovery shall commence by no later than **September 24, 2025**.

    f. All document discovery shall be completed no later than **May 18, 2026**, excluding document discovery related to the Log Data as agreed by the parties in separate email correspondence. All document discovery related to production of the Log Data shall be completed by **August 15, 2026**. Documents responsive to document requests timely served in time for response by May 18, 2026 may continue to be produced until **August 15, 2026.**

        i. Inspection of Defendant's source code commenced no later than **February 11, 2026**.

        ii. Provision of the RAG database commenced no later than **48 hours after entry of the Stipulated Order Regarding Production and Inspection of Databases and Repositories**.

        iii. Provision of the Log Database commenced no later than **10 business days after entry of the Stipulated Order**

**Regarding Production and Inspection of Databases and Repositories**.

iv. By **February 28, 2026**, The parties substantially completed production of all custodial and non-custodial documents responsive to the requesting parties' First Sets of Requests for Production (as narrowed by the parties' objections, meet-and-confers, and agreements), with rolling productions of both custodial and non-custodial responsive documents by all parties prior to that date. Notwithstanding the foregoing, documents requiring additional review and/or production time (*e.g.*, additional review for privilege, confidentiality obligations to third parties, etc.) were produced no later than **March 13, 2026**. The parties acknowledge and agree that they have documented the meaning of "substantial completion" for purposes of this February 28, 2026 deadline in separate email correspondence.

v. Production of the Log Data from May 2024, June 2024, and July 2024, shall be completed no later than **May 18, 2026.**

vi. Production of the Log Data from August 2024 and November 2024 shall be completed no later than **June 8, 2026.**

vii. Production of the Log Data from December 2024 and January 2025 shall be completed no later than **June 23, 2026.**

viii. Production of the Log Data from February 2025 shall be completed no later than **June 30, 2026.**

ix. Plaintiffs will raise deficiencies, if any, in the Log Data produced by Perplexity between May 18, 2026 and June 30, 2026 no later than **July 23, 2026**.

g. All fact discovery shall be completed no later than **October 15, 2026**. [*A date not more than 120 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

h. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than **January 19, 2027**. [*Absent exceptional circumstances, a date not more than 45 days from the date in paragraph 7(g) (i.e., the completion of all fact discovery).*]

8.  Interim Discovery Deadlines

   a.  Initial requests for production of documents were exchanged by the parties on **April 4, 2025**.

   b.  Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by **no later than 30 days following initial pre-trial conference**.  No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

   c.  Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than 30 days before the close of discovery.  No other interrogatories are permitted except upon prior express permission of the Court.

   d.  Depositions of fact witnesses shall be completed by **October 15, 2026**.

      i.  Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

      ii.  There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

      iii.  Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

   e.  Requests to admit shall be served by **October 15, 2026**.

   f.  Any of the deadlines in paragraphs 8(a) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(g).

   g.  No later than 30 days prior to the date in paragraph 7(g) (i.e., the completion of all fact discovery), the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(h).

4

9.  All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), which are available at https://nysd.uscourts.gov/hon-katherine-polk-failla.

10. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications.  Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party may submit a letter to the Court, no longer than three pages, explaining the nature of the dispute and requesting an informal conference.  Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful.  If the opposing party wishes to respond to the letter, it must submit a responsive letter, not to exceed three pages, within three business days after the request is received.  Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.

11. All counsel must meet in person for at least one hour to discuss settlement within 14 days following the close of fact discovery EXCEPT in cases brought as putative collective actions under the Fair Labor Standards Act, in which case counsel must meet to discuss settlement within 14 days following the close of the opt-in period.

12. Alternative dispute resolution/settlement

    a.  Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

        **Representatives for the Parties met in January 2025 to discuss early settlement of this case and exchanged related information at that time.**

    b.  Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator.  Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

        **The Parties propose retaining a private mediator if and when settlement discussions are practical and the use of**

5

**a third-party mediator would assist in facilitating those discussions.**

c.   Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 12(b) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

**After the close of fact discovery.**

d.   The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

13.   Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case. Before filing a summary judgment motion, the moving party must file a pre-motion submission pursuant to Section 4(A) of the Court's Individual Rules. The submission shall be filed within 30 days of the close of fact or expert discovery, whichever comes later.

14.   Similarly, any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, is to be filed within 30 days of the close of fact or expert discovery, whichever is later. Unless otherwise ordered by the Court, opposition to any such motion is to be filed two weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one week after service of any opposition.

15.   Unless otherwise ordered by the Court, within 30 days of the close of all discovery, or, if a dispositive motion has been filed, within 30 days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Fed. R. Civ. P. 26(a)(3). The parties shall also follow Paragraph 5 of the Court's Individual Rules, which paragraph identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

16.   If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules.

17. Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial 30 days after the Joint Pretrial Order is filed.

18. This case [**is** ☒ / is not ☐] to be tried to a jury.

19. Counsel for the parties have conferred and the present best estimate of the length of trial is **10 to 14 days**.

20. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

    **Consistent with paragraph 3.B of the Court's Individual Rules of Practice in Civil Cases, the Parties will submit such topics in a supplemental filing with the Court no later than Thursday of the week prior to the initial pretrial conference.**

Counsel for the Parties:

By: */s/ Paul T. Cappuccio*

William P. Barr *(pro hac vice)*
Paul T. Cappuccio (4092508)
   *Counsel of Record*
Justin M. Romeo *(pro hac vice)*
Genevieve M. Kelly *(pro hac vice)*
TORRIDON LAW PLLC
801 Seventeenth Street NW,
Suite 1100
Washington, DC 20006
Telephone: (202) 249-6900
pcappuccio@torridonlaw.com
jromeo@torridonlaw.com
gkelly@torridonlaw.com

Brett D. Katz (BK6685)
TORRIDON LAW PLLC
800 Westchester Avenue,
Suite N-641
Rye Brook, New York 10573
Telephone: (646) 787-9290
bkatz@torridonlaw.com

Susan J. Kohlmann
Alison I. Stein
Gianni P. Servodidio
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 891-1600
skohlmann@jenner.com
astein@jenner.com
gservodidio@jenner.com

*Counsel for Plaintiffs Dow Jones
& Company, Inc. and NYP
Holdings, Inc.*

By: */s/ Andrew H. Schapiro*

Andrew H. Schapiro
Dylan I Scher
Jessica Anne Rose
William F. Patry
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
295 5th Avenue, 9th Floor
New York, New York 10016
Telephone: (212) 849-7000
andrewschapiro@quinnemanuel.com
dylanscher@quinnemanuel.com
jessicarose@quinnemanuel.com
williampatry@quinnemanuel.com

John B. Quinn
Valerie Roddy (*pro hac vice*)
Moon Hee Lee (*pro hac vice*)
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
865 South Figueroa Street,
10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3627
johnquinn@quinnemanuel.com
valerieroddy@quinnemanuel.com
moonheelee@quinnemanuel.com

*Counsel for Defendant Perplexity AI, Inc.*

8

**TO BE FILLED IN BY THE COURT IF APPLICABLE:**

_____ shall file a motion for _____ no later than_____. Any opposition shall be filed by_____ and any reply shall be filed by _____. One courtesy copy of all motion papers, marked as such, shall be mailed or hand delivered to the Court by the movant at the time the reply is served. All courtesy copies should be three-hole punched, tabbed, and placed in binders as specified in the Court's Individual Rules.

The next pretrial conference is scheduled for _____ at _____. The conference will take place:

☐ in-person in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007; or,

☐ remotely by telephone. At the scheduled time, the parties are to dial in to the conference by calling (855) 244-8681 and entering access code 2315 780 7370#. Note that the conference line will not be available before the start of the conference time.

By Thursday of the week prior to that conference, the parties shall file on ECF, and provide a courtesy copy, clearly marked as such, via e-mail (Failla_NYSDChambers@nysd.uscourts.gov) a joint letter, not to exceed three pages, regarding the status of the case. The letter should include the following information in separate paragraphs:

[1]  A statement of all existing deadlines, due dates, and/or cut-off dates;

[2]  A brief description of any outstanding motions;

[3]  A brief description of the status of discovery and of any additional discovery that needs to be completed;

[4]  A statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

[5]  A statement of the anticipated length of trial and whether the case is to be tried to a jury;

[6]  A statement of whether the parties anticipate filing motions for summary judgment, including the basis of any such motion; and

[7]  Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

9

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and must be made no fewer than two business days prior to the expiration of the date sought to be extended.

SO ORDERED.

_____
KATHERINE POLK FAILLA
United States District Judge

Dated:     May 1 , 2026
           New York, New York