1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711

JENNER & BLOCK LLP

Susan J. Kohlmann
Tel +1 212 891 1690
Fax +1 212 891 1699
SKohlmann@jenner.com

June 30, 2026

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

**VIA ECF AND ELECTRONIC MAIL**

Re: *Dow Jones & Co., Inc. et al. v. Perplexity AI, Inc.*, Civ. No. 24-7984 (KPF)

Dear Judge Failla:

I write on behalf of Plaintiffs Dow Jones & Company, Inc. and NYP Holdings, Inc. ("Plaintiffs") write pursuant to Local Civil Rule 37.2 and Rule 2(C)(ii) of the Court's Individual Practices to request that the Court compel Defendant Perplexity AI, Inc. ("Defendant") to search the personal Gmail accounts of founders Denis Yarats and Johnny Ho and produce all responsive, non-privileged documents. Defendant previously represented that these founders did not use Gmail for work, but third-party discovery has proven that to be false. The parties have met and conferred extensively on the issue but remain at an impasse.

**Plaintiffs sought materials from the critical period during which Perplexity was formed.** From January through December 2022, Perplexity's founders conceived of and launched the business, raised capital, and made key decisions regarding content scraping and product design that are central to this case. This period includes the months before Perplexity set up its email domain, during which time communications among the founders were necessarily exchanged through their personal email accounts and messaging platforms. Indeed, this timeframe was so critical to establishing part of its claims that on October 27, 2025, Plaintiffs moved to compel Defendant to search for and produce documents that pre-dated Defendant's formal incorporation because, until then, Defendant had refused to do so. *See* ECF No. 85. To resolve that motion, on November 20, 2025, Defendant agreed, *inter alia*, "to conduct a reasonable search for relevant and responsive documents from the three co-founders and non-custodial sources *commencing on January 1, 2022* . . . ." *See* Def.'s November 20, 2025 Email (emphasis added). Given that the main source of responsive materials during the pre-founding time period would be the founders' personal email accounts and devices, Defendant's agreement necessarily encompassed the very accounts that are the subject of this motion.

**Defendant produced no documents from the company's formation period.** Incredibly, Defendant, despite its prior agreement to do so, has produced ***no documents whatsoever*** dated prior to December 2022: no communications between founders, no planning or brainstorming documents, no investor materials, no Board of Directors meeting minutes—nothing. Indeed, Defendant produced only seven Perplexity documents ***in total*** dated prior to March 2023, and not a single non-custodial document dated prior to May 2023. Defendant has confirmed that it

maintains documents from this time period and insisted it conducted a reasonable search, despite these glaring omissions. In response to Plaintiffs' understandable skepticism about the lack of documents, Defendant provided only dismissive assurances. This conduct has required Plaintiffs to litigate not only the merits of the case itself, but access to the most basic prelitigation factual record.

**Third-party productions confirm Defendant's production is incomplete.** Plaintiffs raised this glaring time gap with Defendant months ago, citing evidence that Mr. Srinivas used his personal Gmail account for Perplexity business. *See* Pls.' March 18, 2026 Ltr. at 2–3. In response, Defendant represented that "all relevant and responsive documents located through that search of non-custodial and custodial sources used by the three founders to conduct Perplexity-related business have been produced" and further claimed that "co-founders Denis Yarats and Johnny Ho did not use personal email accounts for Perplexity-related business." *See* Def.'s March 23, 2026 Ltr. from M.H. Lee at 2. In other meet and confers, Defendant claimed none of the founders used personal emails for work.

These representations are demonstrably false. Through recently obtained third-party discovery, Plaintiffs have confirmed all three Perplexity co-founders used personal Gmail accounts for work, directly contradicting Defendant's earlier representations.[1] Third-party productions additionally confirmed the existence of investor presentations such as "Aravind's deck" (KONWINSKI_0000257 at 261) and that brainstorming documents regarding company strategy and planning resided in Google Drive—an obvious first place to look for any competent investigation, *see* KONWINSKI_0000243 at 249.[2]

**Defendant responded to evidence of deficiency with baseless conditions.** Only when Plaintiffs provided Defendant with clear evidence that its production was deficient did it agree to reexamine its earlier collection and search, and then only with baseless and changing conditions. *First*, Defendant agreed to search all three founders' Gmail accounts, but only for a three-month period from August through December 2022, *see* Def.'s June 9, 2026 Email, as though its prior agreement had never happened. *Second*, when Plaintiffs rejected this limitation and presented further evidence that the founders used Gmail beyond this narrow time window, Defendant rescinded its offer and refused to conduct any search whatsoever for Mr. Yarats' and Mr. Ho's Gmail accounts, and only offered to search Mr. Srinivas' Gmail account without time restrictions *if* Plaintiffs dropped their request for the other founders. Defendant suggested it might revisit this refusal to search the Gmail accounts of the other founders if Plaintiffs come forward with sufficient evidence of Gmail use by the other founders independent of Mr. Srinivas' use of his account. Def.'s June

---

[1] *See, e.g.,* ABBEEL_000001 (Yarats', Ho's, and Srinivas' Gmail accounts, August 19, 2022); ABBEEL_000014 (Yarats' and Srinivas' Gmail accounts, December 5, 2022); ABBEEL_000002 (Srinivas' Gmail account, September 1, 2022); Indeed, Mr. Srinivas set up "intros" through his personal email even after he was assigned a Perplexity email account. KONWINSKI_0000396 at 402; *see also* FRIEDMAN_0000078 (email introduction to Srinivas' Gmail in April, 2023).

[2] Only after extensive meet and confers has Defendant agreed to conduct a new search and produce any non-custodial documents and documents in Mr. Srinivas' Gmail account by July 10th—almost four months after the Court ordered deadline.

19, 2026 Email. However, at no point did Defendant represent that it had conducted a further investigation that would justify not conducting any Gmail search whatsoever for two of the founders of the company.

**Perplexity must search for and produce documents from founders' Gmail accounts.** Rule 37(a) authorizes this Court to compel production where a party has failed to conduct an adequate search. Fed. R. Civ. P. 37(a)(3)(B). Where, as here, a party's production is demonstrably incomplete, the Court has broad discretion to fashion appropriate relief. *See Fossil Indus., Inc. v. Onyx Specialty Papers, Inc.*, 302 F.R.D. 288, 293 (E.D.N.Y. 2014). When a party offers specific evidence of an incomplete production, that relief properly includes ordering supplemental production and requiring additional searches. *This LLC v. HolaBelle, Inc.*, 2024 WL 4871688, at *6 (D. Conn. Nov. 22, 2024). ("To be sure, this is just one document, but it shows that [Defendant]'s production was incomplete").

Courts regularly compel production from personal email accounts where specific evidence shows those accounts were used for business purposes. *CA, Inc. v. AppDynamics, Inc.*, 2014 WL 12860591, at *4 (E.D.N.Y. Sept. 8, 2014) (directing defendant to produce responsive emails from two employees' personal email accounts where evidence established those accounts were used for business purposes on numerous occasions); *Galvan v. Rolling Lawns, Inc.*, 2025 WL 618558, at *2–3 (S.D.N.Y. Feb. 26, 2025) (finding a justified suspicion warranted search of personal devices where defendant had not represented that it issued company devices for business communications and work-related messages from those same accounts had been produced). The record here satisfies this standard. Third-party productions demonstrate that all three founders used their personal email and messaging accounts for Perplexity business before and after the company was incorporated and the corporate email domain was established. Courts have found that a defendant cannot rely on a custodian's representation of non-use of email where contrary evidence exists. *Owen v. Elastos Found.*, 343 F.R.D. 268, 287 n.18 (S.D.N.Y. 2023). That Plaintiffs were required to develop this evidence through third-party discovery rather than Defendant's own production is itself a measure of the inadequacy of Defendant's search.

Defendant cannot make the necessary showing that it would be unduly burdensome to collect and search the Gmail accounts of Mr. Yarats and Mr. Ho in light of their critical role as founders of the business, and the dearth of any other email productions for key time periods in the case. Nor has Defendant ever represented that Mr. Yarats and Mr. Ho *always* included Mr. Srinivas on their Gmail communications such that no independent search would be warranted. And even if there is some overlap between these Gmail accounts, it would not add to the burden to review and produce any unique responsive messages given that e-discovery platforms readily permit the de-duplication of messages before they are reviewed by counsel.

**Relief Requested.** Plaintiffs respectfully request that the Court order Defendant to search the personal Gmail accounts of Denis Yarats and Johnny Ho from January 2022 (or the date of their first involvement with the business) through February 2026, and produce all responsive, non-privileged documents by no later than July 10, 2026.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

/s/ Susan J. Kohlmann
Susan J. Kohlmann
*Counsel for Plaintiffs*

cc: All Counsel of Record via ECF