1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711

**JENNER&BLOCK** LLP

June 30, 2026

Susan Kohlmann
Tel  +1 212 891 1690
SKohlmann@jenner.com

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov



Re:     ***Dow Jones & Company, et al. v. Perplexity AI, Inc.***, **Civ. No. 24-7984 (KPF)**

Dear Judge Failla:

I write pursuant to Rule 9 of this Court's Individual Rules of Practice in Civil Cases on behalf of Plaintiffs Dow Jones & Company, Inc. and NYP Holdings, Inc. ("Plaintiffs") to request leave to file under seal, with redacted copies on the public docket, Plaintiffs' motion to compel Defendant Perplexity AI, Inc. to produce certain data repositories ("Motion to Compel").

The Motion to Compel concerns Perplexity's technology, including its data repositories, and includes certain details regarding that technology designated by Perplexity as Highly Confidential pursuant to the Protective Order entered in this case.  *See* ECF 62.  Perplexity has indicated that disclosure of information designated Highly Confidential "would create a substantial risk of serious harm" to Perplexity's competitive interests.  *See id.* ¶ 3(c).

Because it is necessary to provide this information to the Court for resolution of the instant dispute, consistent with Plaintiffs' obligations under the Protective Order, *id.* ¶ 14, Plaintiffs request an order permitting the Motion to Compel to be filed under seal, with redacted copies on the public docket.  Although the law favors public access to judicial proceedings, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), that presumption is entitled to less weight where, as here, "the documents are not to be submitted in connection with a dispositive motion, but merely a motion to compel further discovery from a party." *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014); *see also Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (noting that the presumption in favor of public access is "generally somewhat lower" with respect to discovery disputes).

We thank the Court for its continued attention to this matter.

Respectfully submitted,

/s/ *Susan J. Kohlmann*
Susan J. Kohlmann
*Counsel for Plaintiffs*

CENTURY CITY   CHICAGO   LONDON   LOS ANGELES   NEW YORK   SAN FRANCISCO   WASHINGTON, DC        JENNER.COM

June 30, 2026
Page 2

cc:    All Counsel of Record via ECF

Application GRANTED.  The Clerk of Court is directed to maintain docket
entry 138 under seal, and to terminate the pending motion at docket entry
137.

Dated:    July 1, 2026                    SO ORDERED.
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE