**quinn emanuel** **trial lawyers | new york**
295 5th Avenue, 9th Floor, New York, New York 10016 | TEL: (212) 849-7000 FAX: (212) 849-7100

WRITER'S DIRECT DIAL
**(212) 849-7164**

WRITER'S EMAIL ADDRESS
**andrewschapiro@quinnemanuel.com**

July 7, 2026

**VIA ECF AND EMAIL (FAILLA_NYSDCHAMBERS@NYSD.USCOURTS.GOV)**

**MEMO ENDORSED**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re: *Dow Jones & Co. and NYP Holdings, Inc. v. Perplexity AI, Inc.*, Case No. 24-cv-07984-KPF: Defendant's Motion to Seal

Dear Judge Failla:

On behalf of Defendant Perplexity AI, Inc., I write pursuant to Rule 9 of this Court's Individual Rules of Practice in Civil Cases to request leave to file under seal, with redacted copies on the public docket, Defendant's forthcoming Letter Response in Opposition to Plaintiffs' Letter Motion to Compel Perplexity AI, Inc. to Produce Data Repositories ("Opposition") and the accompanying declaration of Alexandr Yarats (the "Declaration").

While some presumption of public access attaches to all judicial documents, the Second Circuit has instructed that where, as here, documents are "submitted in connection with discovery dispute" the "presumption of public access…is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *see also CRC Ins. Servs., Inc. v. Suh*, No. 22-CV-9528 (AT) (JW), 2025 WL 560749, at *2 (S.D.N.Y. Feb. 19, 2025) (discovery motions are "only entitled to 'modest' weight" because "resolving a discovery motion does not involve analyzing the merits of the claims").

The Opposition and the Declaration discuss details regarding the format, volume, and contents Perplexity's proprietary RAG database and systems infrastructure, and what information can be gleaned from it—all of which has been designated by Perplexity as Highly Confidential – Inspection Data under the Protective Order entered in this case, and disclosure of which would risk

serious harm to Perplexity's competitive interests and systems security. *See* Dkts. 62, 93. "Courts may deny public access to records that contain sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm." *McKeon Rolling Steel Door Co. v. U.S. Smoke & Fire Corp*., No. 23-CV-8720 (ALC) (RFT), 2025 WL 2644308, at *2 (S.D.N.Y. Sept. 15, 2025) (internal quotations omitted); *see also Emergency Physician Servs. of New York v. UnitedHealth Grp., Inc.*, No. 20 Civ. 9183, 2023 WL 8306746, *1 (S.D.N.Y. Dec. 1, 2023) ("[I]f the disclosure of a litigant's confidential business information places such party at risk of competitive harm, there is compelling justification for sealing the documents containing such information."); *In re Parmalat Sec. Litig*., 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing.").

Courts in this district have regularly granted requests to seal confidential information regarding a party's source code, finding that competitively sensitive nature of such information warrants greater protection. *See, e.g.*, *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 CIV. 211 (LGS), 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021) (granting motion to seal "information relating to [defendant's] confidential and proprietary software and trade secrets," finding that "sealing is necessary to protect against competitive harm, which outweighs the presumption of access"); *Volino v. Progressive Cas. Ins. Co.*, No. 21 CIV. 6243 (LGS), 2024 WL 3026030, at *2 (S.D.N.Y. June 14, 2024) (finding that the "confidential business information filed under seal here, such as…information concerning proprietary software, is competitively sensitive and may harm Defendants…if disclosed").

Perplexity therefore respectfully requests that the Court grant it leave to file the Opposition and the Declaration under seal.

Respectfully submitted,

*/s/ Andrew H. Schapiro*

Andrew H. Schapiro
*Counsel for Defendant Perplexity AI, Inc.*

cc: All counsel of record (via ECF)

Application GRANTED. The Clerk of Court is directed to terminate the pending motion at docket entry 145, and to maintain docket entries 146 and 147 under seal.

Dated: July 8, 2026
New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE