MEMO ENDORSED

quinn emanuel trial lawyers | new york
295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

July 7, 2026

WRITER'S DIRECT DIAL NO.
**(212) 849-7164**

WRITER'S EMAIL ADDRESS
**andrewschapiro@quinnemanuel.com**

**VIA ECF AND EMAIL (FAILLA_NYSDCHAMBERS@NYSD.USCOURTS.GOV)**
Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square, Room 618
New York, New York 10007

Re: *Dow Jones & Co., Inc. et al. v. Perplexity AI, Inc.,* No. 24-cv-07984-KPF

Dear Judge Failla:

I write to oppose Plaintiffs' July 1, 2026 letter request (Dkt. 140) ("Ltr.") to compel the collection and review of more than four years of Perplexity founders Johnny Ho's and Denis Yarats' personal Gmail correspondence. Plaintiffs have not demonstrated that these personal email accounts are likely sources of relevant evidence, and any responsive emails would likely be duplicative of documents Perplexity offered to produce (an offer Plaintiffs rejected). Plaintiffs' request to compel the invasive collection and review of Mr. Ho's and Mr. Yarats' personal emails, without any particularized basis to believe such a review would yield any relevant, non-duplicative documents, is a fishing expedition and should be denied.

Relevant Background. In August 2022, Aravind Srinivas, Johnny Ho, Denis Yarats, and Andy Konwinski founded and incorporated Perplexity. Perplexity launched its flagship answer engine in December 2022, giving users answers with in-line citations. For Mr. Srinivas, who recalled using his personal email account for Perplexity matters prior to obtaining a corporate email account, Perplexity agreed to search his personal emails from January 2022 (before he began to conceive of Perplexity) through incorporation. Because Mr. Ho and Mr. Yarats did not believe they used their personal email accounts for relevant Perplexity business, Perplexity did not collect or search their personal email accounts for responsive documents. As explained below, although a few documents from third party productions indicate Mr. Ho and Mr. Yarats' personal Gmail accounts received or sent a small number of emails related to Perplexity generally, they do not show their recollection—four years after the fact—to be materially incorrect or misleading.

Related Discovery Disputes. Plaintiffs complain that Perplexity has produced only a limited number of documents from what it (now) contends is the "critical period" in this case. But as Plaintiffs concede in a footnote, in response to their concerns regarding the total volume of Perplexity's production from this time period, Perplexity agreed to undertake a thorough review of its collection, review, and production of both custodial and non-custodial documents to identify any inadvertent deficiencies in its production and produce any additional responsive documents it identifies by July 10, 2026. As Perplexity has repeatedly reminded Plaintiffs, it is unlikely a significant number of responsive documents exist, factoring in the nature of the work being done

at the time, the application of party-agreed search terms, and the undisputed lack of any obligation to preserve documents from this period (long before Plaintiffs threatened suit).

Plaintiffs also cite Perplexity's November 20, 2025 agreement to "conduct a reasonable search for relevant and responsive documents from [Messrs. Srinivas, Yarats, and Ho] and non-custodial sources commencing on January 1, 2022." Ltr. at 1. Plaintiffs' recitation of this agreement is incomplete: Plaintiffs' response confirms the search would be limited to "sources used by these 3 custodians." Accordingly, because Mr. Ho and Mr. Yarats did not identify their personal Gmail accounts as "sources used," Perplexity did not collect or review their personal Gmails (as Perplexity has made clear to Plaintiffs).

<u>Plaintiffs' Showing in Support of Seeking Collection and Review of Mr. Ho's and Mr. Yarats' Personal Emails Is Deficient.</u> Plaintiffs contend collection and review of four-plus years' worth of Mr. Ho's and Mr. Yarats' personal email is warranted because they have obtained a few emails in third-party productions on which Mr. Ho's and/or Mr. Yarats' personal email addresses were recipients or senders. But Plaintiffs gloss over the specifics of those emails.

First, the documents Plaintiffs cite are at best marginally relevant to their claims. For example, ABBEEL_000001 is an email from Mr. Srinivas to the Perplexity team, introducing Johnny Ho as the founding engineer and describing his success in the International Olympiad in Informatics. ABBEEL_000002 shows Mr. Srinivas declining to join a [redacted] program. In KONWINSKI_0000396 at 405, Mr. Konwinski [redacted] Notably, KONWINSKI_0000243 at 249, which Plaintiffs describe as "brainstorming documents regarding company strategy," is nothing more than a list of [redacted]. None of the cited documents relate to the use of Dow Jones' materials, copyright, or any similar issues that might be relevant to Plaintiffs' claims. Nor does the discovery of these few inconsequential emails establish that Mr. Ho's or Mr. Yarats' belief (years later) that they did not use their personal email for relevant business was anything more than honestly and marginally mistaken.

Second, Mr. Srinivas is a sender or recipient on ***all*** of these documents. Plaintiffs have failed to identify a single document produced by third parties that would not be captured—if responsive at all[1]—by Perplexity's offer to run Plaintiffs' search terms against Mr. Srinivas' personal Gmail account for the period from January 2022-February 2026.

Third, Plaintiffs' unsupported claim that "the main source of responsive materials during the pre-founding time period would be the founders' personal email accounts and devices" is pure speculation. Plaintiffs imagine both that the founders were devising means to exploit copyrighted works (they were not) and that they devised Perplexity's business model over personal Gmail instead of, for example, in person or by phone or videoconference. No evidence supports Plaintiffs' assumptions. Indeed, as discussed above, the personal Gmails Plaintiffs cite, Ltr. at 2 n.1, show, at most, general discussions about hiring, advising, and valuation.

---

[1] Custodial review and production by parties is limited by negotiated search terms and accordingly may exclude documents produced by third parties.

<u>The Law Does Not Support Plaintiffs' Invasive Request.</u> Plaintiffs' paltry showing does not establish that Mr. Ho's or Mr. Yarats' personal email accounts are relevant data sources such that they must be collected, searched, and reviewed. Under Federal Rule of Civil Procedure 26(b)(1), discovery must be both relevant and proportional to the needs of the case. Plaintiffs seek evidence from personal accounts that appear to have been used sparingly for general business communications, none of which are related to the core issues in this case. The marginal utility of such discovery is extremely low and therefore disproportionate, especially given that Perplexity has agreed to collect and search the personal Gmail of Mr. Srinivas—who is included on every document Plaintiffs have identified—from January 2022 through February 2026. Accordingly, the Court should deny Plaintiffs' motion as disproportionate to the needs of the case. *See, e.g.*, *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2017 WL 2305398, at *3 (S.D.N.Y. May 18, 2017) (denying motion to compel search where plaintiffs provided no basis to expect search would uncover new information "of any significance").

None of Plaintiffs' cited cases support the requested relief. In each, there was either a more substantive showing by the requesting party or facts bearing no resemblance to those of the present dispute. In *CA, Inc. v. AppDynamics, Inc.*, the court compelled production of a personal email account only where the custodian had testified that he sent emails about the product at issue to his personal email account when he traveled "a lot." 2014 WL 12860591, at *4 (E.D.N.Y. Sept. 8, 2014). In *Galvan v. Rolling Lawns, Inc.*, the plaintiff sought the production of the defendant's employees' phones. 2025 WL 618558, at *1 (S.D.N.Y Feb. 26, 2025). The court found the defendant had "control" over the witnesses and compelled the search, but declined to dictate how to conduct the search. *Id.* at *2-3. In *Galvan* (unlike here), the defendant did not dispute that there may have been responsive material on the personal phones, and the employees did not have company phones for work-related communications. *Id.* In the present case, the founders *do* have a company email that covers almost all of the requested time period, and any communications made prior to the incorporation of Perplexity (and issuance of a business email) likely include Mr. Srinivas as a sender or recipient.

<u>Perplexity's Offered Remedy Should Resolve This Dispute.</u> As noted, in an effort to avoid burdening the Court, Perplexity offered to search Mr. Srinivas' personal Gmail account from January 2022 to February 2026 because (i) all evidence indicates Mr. Srinivas was a "central clearinghouse" who received the emails from third party productions identified by Plaintiffs; and (ii) in compliance with its November 20, 2025 agreement discussed above, Perplexity had already invaded Mr. Srinivas' privacy to collect his personal Gmail account to search for responsive documents from the January 1, 2022 - July 31, 2022 period. Although Perplexity's offer was contingent on Plaintiffs' agreement to accept it as resolution of the parties' dispute, Perplexity remains willing to undertake this review on its originally proposed timeline (*i.e.*, by July 10, 2026) notwithstanding that Plaintiffs inexplicably waited more than eight days (with each day eating into Perplexity's time to perform) from impasse to file their motion. Plaintiffs have presented no compelling justification for invading the privacy of Mr. Ho and Mr. Yarats (to find emails that are likely in Mr. Srinivas' personal Gmails that are already being searched) and their motion should be denied. *See Shackleford v. Vivint Solar Dev., LLC*, 2020 WL 6273892, at *5 (D. Md. Oct. 26, 2020) (denying motion to require search of employee's personal accounts because any benefit would be outweighed by privacy concerns and burden).

Respectfully submitted,

*/s/ Andrew H. Schapiro*

Andrew H. Schapiro

*Counsel for Defendant Perplexity AI, Inc.*

Cc: All counsel of record (via ECF)

The Court has reviewed (i) Plaintiffs' motion to compel Defendant to search the personal email accounts of founders Denis Yarats and Johnny Ho (the "Founders") and to produce all responsive, nonprivileged documents (Dkt. #140), as well as (ii) Defendant's above response (Dkt. #143-144).

Plaintiffs' request is GRANTED. Defendant states that it only did not undertake the requested searches in the past because the Founders represented that they did not use their personal email accounts for relevant Perplexity business. (Dkt. #143). Defendant also appears to recognize that the Founders did, in fact, use their personal email accounts for business, thus negative their reason to avoid performing the search. (*Id.*). And yet, Defendant still opposes Plaintiffs' request, stating that "Plaintiffs have presented no compelling justification for invading the privacy of [the Founders]." (*Id.*). Not so.

Given the evidence that the Founders did use their personal email accounts for company business, and given the Founders' apparent difficulty remembering this fact, the Court determines that Plaintiffs have easily satisfied the standard to require production of the Founders' personal email accounts. *See, e.g.*, *CA, Inc.* v. *AppDynamics, Inc.*, No. 13 Civ. 2111 (WFK) (SIL), 2014 WL 12860591, at *4 (E.D.N.Y. Sept. 8, 2014).

Defendant shall search the personal email accounts of the Founders from January 2022 (or the date of their first involvement with the business) through February 2026, and produce all responsive non-privileged documents on or before **July 15, 2026.**

The Clerk of Court is directed to terminate the pending motion at docket entry 142.

Dated: July 8, 2026
New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE