1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711

JENNER&BLOCK LLP

July 10, 2026

Susan Kohlmann
Tel +1 212 891 1690
SKohlmann@jenner.com

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

**MEMO ENDORSED**

Re: ***Dow Jones & Company, et al. v. Perplexity AI, Inc.*, Civ. No. 24-7984 (KPF)**

Dear Judge Failla:

I write pursuant to Rule 9 of this Court's Individual Rules of Practice in Civil Cases on behalf of Plaintiffs Dow Jones & Company, Inc. and NYP Holdings, Inc. ("Plaintiffs") to request leave to file under seal, with redacted copies on the public docket, Plaintiffs' reply and associated declaration (collectively, "Reply") on Plaintiffs' motion to compel production of certain data repositories (ECF No. 138), in response to Defendant's response in opposition to the motion of July 7, 2026 (ECF No. 146) and associated declaration (ECF No. 147).

The Reply concerns Perplexity's technology and includes certain details regarding that technology designated by Perplexity as Highly Confidential and Highly Confidential – Inspection Data pursuant to the Protective Order entered in this case. *See* ECF No. 62. Perplexity has indicated that disclosure of information designated Highly Confidential "would create a substantial risk of serious harm" to Perplexity's competitive interests, *see id.* ¶ 3(c), and that disclosure of the same or similar information would "risk serious harm to Perplexity's competitive interests and systems security," *see* ECF No. 145 (granted ECF No. 152).

Because it is necessary to provide this information to the Court for resolution of the instant dispute, consistent with Plaintiffs' obligations under the Protective Order, ECF No. 62 ¶ 14, Plaintiffs request an order permitting the Reply to be filed under seal, with redacted copies on the public docket. Although the law favors public access to judicial proceedings, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), that presumption is entitled to less weight where, as here, "the documents are not to be submitted in connection with a dispositive motion, but merely a motion to compel further discovery from a party." *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014); *see also Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (noting that the presumption in favor of public access is "generally somewhat lower" with respect to discovery disputes).

We thank the Court for its continued attention to this matter.

Respectfully submitted,

<u>/s/ *Susan J. Kohlmann*</u>
Susan J. Kohlmann
*Counsel for Plaintiffs*

cc: All Counsel of Record via ECF

Application GRANTED. The Clerk of Court is directed to terminate the pending motion at docket entry 156.

Dated: July 10, 2026
New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE