1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711                                   JENNER & BLOCK LLP

**MEMO ENDORSED**

July 10, 2026

Hon. Katherine Polk Failla                                          Susan J. Kohlmann
United States District Court                                        Tel  +1 212 891 1690
Southern District of New York                                       SKohlmann@jenner.com
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re:    *Dow Jones & Company, et al. v. Perplexity AI, Inc.*, Civ. No. 24-7984 (KPF)

Dear Judge Failla:

I write in reply to Perplexity's Response in Opposition ("Opposition"), ECF No. 146, to Plaintiffs' letter motion to compel production of previously undisclosed ████████████████ ██████, ECF No. 138.  Plaintiffs should be granted access to this fundamental discovery bearing on which of their works were copied, how many times they were copied, and how they were used.[1]

*First*, Perplexity waited until its Opposition to disclose that the scope of the web content contained in the ████████ is vastly larger than what is contained in the RAG database.[2]  Perplexity tries to obscure this by anchoring the inquiry to its RAG database, ████████████████████████ ████████████████████.  Opp. at 2.  This begs the question: ████████████████████████ ████████████████████████████?  The answer is an emphatic no.  The sheer difference in the size of the ██████████████ makes that clear.  Perplexity in fact *concedes* that there may be "articles ████████████████████████████████████."  *See* Opp. at 3.  The Yarats Declaration further confirms that ████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████.  *See* Yarats Decl. ¶¶ 11, 14, ECF No. 147.  This industrial-scale copying is both qualitatively and quantitatively ████████████████████████████████████████████████.  *See* Delorey Decl. ¶ 10.

Further, the Yarats Declaration confirms another misrepresentation as to the alleged completeness of Perplexity's prior productions.  Throughout the meet and confer process *and indeed in the Opposition itself*, Perplexity's counsel represented to Plaintiffs (and now the Court) that "█████████ ████████████████████████████" except that "████████████████████████████████████ █████████████"  Opp. at 2.  Thus, ██████████████████████████████████████████████

---

[1] Perplexity's unsupported and misleading suggestion that Plaintiffs have not uncovered evidence of widespread infringement of their works to date is false: in its review to date, ████████████████████████████████████ ████████████████████████████████████████████████████████████████, and that review is ongoing. ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ and Plaintiffs are entitled to confirm what was copied in the first instance, ██████████████████. Delorey Decl. ¶10.
[2] The ██████████ size of the ██████████ dwarfs the already-produced ████████ RAG database, by nearly ████████

CENTURY CITY  CHICAGO  LONDON  LOS ANGELES  NEW YORK  SAN FRANCISCO  WASHINGTON, DC            JENNER.COM

July 10, 2026
Page 2

▮▮▮▮▮▮  Now, the Yarats Declaration, for the first time (and directly contradicting prior statements) adds another instance when ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮" Yarats Decl. ¶ 15 (emphasis added).  Significantly, this means that Perplexity may ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ because Perplexity appears to value current news content).  This admission further underscores the need to access the ▮▮▮▮▮ to locate ▮▮▮▮▮ articles.

*Second*, Perplexity's argument that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Yarats Decl. ¶ 11, is wholly misleading.  As explained above, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Regardless of its precise use, the wholesale copying of Plaintiffs' content is directly relevant to, *inter alia*, Count 1, which alleges that Perplexity "willfully copied as many of these articles that it has been able to access with its own or with third parties' web crawlers as inputs into a database or databases"—that is, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮.  SAC ¶ 134, ECF No. 46; Yarats Decl. ¶ 11.  Count 1 is not limited to the database Defendant labels the RAG database. *See* SAC ¶ 5 n.2.  In effect, Defendant now concedes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ likely containing Plaintiffs' content—sources it never searched, never disclosed, and has refused to produce.  Denying production of such foundational discovery in a copyright case would be unprecedented, and the Court should not do so here.[3]

*Third*, the Court should not be persuaded by Perplexity's burden argument, which again, was presented to Plaintiffs for the first time in Perplexity's Opposition.  Rather than produce copies, and consistent with the existing Databases and Repositories Inspection Order, ECF No. 98, Perplexity can grant Plaintiffs' experts secure "read-only" access to the data—▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Yarats Decl. ¶ 21, Delorey Decl. ¶¶ 6–7.  Moreover, Plaintiffs are willing to pay for the compute costs to search across those repositories (with Perplexity paying for the storage costs), exactly as for the Log database.  Finally, based on new information in the Opposition, Plaintiffs are willing to limit their request for access to a subset of ▮▮▮▮▮.[4]

Perplexity spent months denying that Plaintiffs' content could exist anywhere beyond the RAG database and Log database, only to concede for the first time in its Opposition that ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  This shifting, incomplete disclosure, surfacing only after Plaintiffs were forced to seek judicial relief, has materially prejudiced Plaintiffs' ability to investigate the copying of their content.  In light of the coming close of fact discovery, Plaintiffs request an order granting Plaintiffs access to query the ▮▮▮▮▮▮▮ identified in footnote 4 (with the ability to export their own content, consistent with the existing protocol).

---

[3] Perplexity's claim that it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is irrelevant at best.  The vast majority of *New York Post* content is not paywalled.  Nor is all *Wall Street Journal* content behind a paywall. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[4] Specifically, Plaintiffs would be willing to limit their request to, ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮ (to the extent technically feasible, *see* Delorey Decl. ¶ 7), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

July 10, 2026
Page 3

We thank the Court for its continued attention to this matter.

Respectfully submitted,

/s/ *Susan J. Kohlmann*
Susan J. Kohlmann
*Counsel for Plaintiffs*

cc:      All Counsel of Record via ECF

The Court thanks Plaintiffs for the above reply.  Given that the possibility of "ready-only" access was only just raised in reply, the Court welcomes a surreply from Defendant on only that point.  That surreply shall be filed on or before **July 13, 2026,** and it shall not exceed two pages.

Dated:     July 10, 2026
           New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE