**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DOW JONES & COMPANY, INC. and NYP HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PERPLEXITY AI, INC., <br><br> Defendant. | Civil Action No. 24-cv-07984-KPF |

**DECLARATION OF ROHIT KELKAR IN SUPPORT OF PERPLEXITY'S SUR-REPLY TO PLAINTIFFS' REQUEST FOR PRODUCTION OF** ████████████

I, Rohit Kelkar, submit this declaration pursuant to 28 U.S.C. § 1746, and declare under penalty of perjury that the following is true and correct:

1.      I respectfully submit this Declaration in order to provide this Court with certain information relevant to Perplexity's sur-reply addressing Plaintiffs' proposal that Perplexity grant Plaintiffs' experts "read-only" access to certain of Perplexity's ████████████████████ ██████████. I have personal knowledge of the information provided below and, if called as a witness, I could and would testify competently to these matters.

2.      I am a Managing Director at FTI Consulting, Inc. ("FTI"), where I serve as a senior member of FTI Technology's E-Discovery Innovation team. In this role, I lead testing and workflow development for AI-driven technology offerings used in litigation, disputes, investigations, and regulatory matters, including matters involving the review and analysis of large-scale, cloud-hosted data repositories maintained by parties to litigation.

3.      I have more than 18 years of experience researching, developing, and deploying artificial intelligence and machine learning solutions, including in the legal and e-discovery

context. Prior to joining FTI, I served as Head of AI/ML Products and, before that, Vice President of Research & Development for AI/ML, at a software-as-a-service company providing AI-driven technology solutions to legal and compliance departments and law firms. In that role, and in earlier roles as a Manager of Machine Learning and as a data science analyst, I worked on the design and operation of large-scale data platforms, including a bid-processing platform built on cloud infrastructure, and on machine learning systems built to operate against enterprise-scale datasets.

4.    I hold a Bachelor of Engineering degree in Electronics Engineering from Mumbai University, a Master of Science degree in Information Technology, with a specialization in Robotics, from Carnegie Mellon University, and a Master of Business Administration from the University of Chicago Booth School of Business.

5.    I am familiar with Perplexity's data systems, including ███████████████, and how Perplexity's databases have been produced or made available for inspection in this action. I have substantial experience designing, implementing, and evaluating cloud-based data architectures using ███████████████████, and related technologies. My work has involved the storage, indexing, querying, and analysis of large-scale datasets, and the assessment of cloud infrastructure performance and scalability.

6.    In preparing this declaration, I reviewed Plaintiffs' Reply in support of their Motion to Compel Production of Data Repositories, the accompanying Declaration of Daniel Delorey, and the Declaration of Alexandr Yarats submitted in support of Perplexity's Opposition. My opinions are also informed by my professional experience with █████████, my review of Perplexity's data systems, and by my analysis, at counsel's request, of the specific access mechanism Plaintiffs propose.

7.      In my more than 18 years of experience working on data-intensive matters with e-discovery and legal technology teams, I am not aware of any instance in which a producing party granted an opposing party direct or live access—including live, read-only access—to its own systems without first creating a static, preservation, or forensic copy of the data for that purpose.

## I.      PLAINTIFFS PROPOSE READ-ONLY ACCESS TO A LIVE ENVIRONMENT

8.      Mr. Delorey proposes that Perplexity grant Plaintiffs' experts access to the ███ ████████ at issue by █████████████████████████████████████████████████ ████████████████████████████████████████████████████ Delorey Decl. ¶ 6. I have evaluated what this mechanism would actually entail in practice.

9.      An ███████████████████ of the kind Mr. Delorey describes does not create or transfer a copy of any data. It instead grants the holder of the credential the ability to issue read requests directly against the ██████████████████████████████████████████, in real time. Under this arrangement, every list and read operation (*i.e.*, every request to view what files exist ██████████ or to retrieve their contents) that Plaintiffs' experts issue would execute against ███████████████████████████████████████████████ in the ordinary course of operating its search and retrieval pipeline. This is a fundamentally different arrangement than providing a static copy of data for offline review, including for preservation copies (or snapshots) of the Log Database.

## II.     READ-ONLY ACCESS DOES NOT ELIMINATE STRAIN ON PERPLEXITY'S LIVE SYSTEMS

10.     Mr. Delorey asserts that because read-only access "moves no files," ██████████ █████████████████████████████████████ Delorey Decl. ¶ 8. That is not accurate. ██████

█████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████ In my opinion, █████████████████████████████

█████████████████████ therefore has the potential to affect the performance and responsiveness of

██████████████████████████████████████ Thus, because ████████████ at any point in time

apply to ████████████████████████████████████████████████████

every read request that Plaintiffs' experts issue ████████████████████████████████

████████████████████████████████████████████████. In other words,

Perplexity and Plaintiffs' experts would be ████████████████████████████████████

█████████████████.

11.    ████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████. Accordingly, in order to identify

and locate any content responsive to Plaintiffs' document requests ████████████████████

Plaintiffs' experts would need to do one of two things: ███████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████

12.    I understand that Plaintiffs have proposed limiting their request to ████████

Even so limited, both of the approaches described in the preceding paragraph would require

███████████████████████████████████████████████████████████

███████████████████████████. The second approach listed above carries an additional

practical complication: ███████████████████████████████████████████

████████████████████████████████████████████████████A read-only

grant to ███████████████████████████would not, by itself, provide the means to create or

store███████████████.

### III.    LIVE ACCESS TO ██ PRESENTS SECURITY AND INTEGRITY RISKS

13.    In my professional experience, providing live, read-only credentialed access to

██████████████████carries a risk that such access controls could be misconfigured, or that

vulnerabilities not yet identified could be inadvertently or deliberately exploited, in either case

potentially affecting the integrity of the underlying data.

14.    Because a live grant of this kind does not produce a fixed, unchanging copy of the

data as it existed at a given point in time, any dispute that later arose over what Plaintiffs' experts

observed during their access could not be resolved by reference to a stable record. Ensuring that

Perplexity could verify what actions were taken, and when, would require that all activity taken

pursuant to any such access be comprehensively tracked and logged. But even so, an intentional

or inadvertent alteration to Perplexity's system is not something that can easily be remedied. A

static, forensic copy of the kind Perplexity has provided for the RAG and Log databases does not

present this difficulty, because the copy itself remains fixed and unaltered by the receiving party's review.

Executed on this 13th day of July, 2026 in Houston, Texas.

By _____

Rohit Kelkar

6