**quinn emanuel trial lawyers | new york**
295 5th Avenue, 9th Floor, New York, New York 10016 | TEL: (212) 849-7000 FAX: (212) 849-7100

WRITER'S DIRECT DIAL
**(212) 849-7164**

WRITER'S EMAIL ADDRESS
**andrewschapiro@quinnemanuel.com**

July 13, 2026

**VIA ECF AND EMAIL (FAILLA NYSDCHAMBERS@NYSD.USCOURTS.GOV)**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

**MEMO ENDORSED**

Re: ***Dow Jones & Company, et al. v. Perplexity AI, Inc.*, Case No. 24-cv-07984 (KPF)**

Dear Judge Failla:

At the invitation of the Court (ECF 164), I write to address Plaintiffs' Reply argument that the burden on Perplexity of producing its [redacted] could be ameliorated if Perplexity provides Plaintiffs' experts with read-only access to its live systems.[1] ECF 157 & 158 (the "Reply").

Plaintiffs are seeking direct, standing access to monitor Perplexity's live environment—the infrastructure that operates Perplexity's answer engine in real time, or is otherwise used by Perplexity. Reply at 2. Plaintiffs suggest that such read-only access is similar to the secure access Perplexity has provided Plaintiffs' experts to inspect the Log Database snapshots pursuant to this Court's Databases Order. ECF 158 (Delorey Decl.) ¶ 6. But that is incorrect. The Databases Order permits the secure inspection of static snapshots—copies Perplexity created—that are viewable from a clean room without being connected to Perplexity's live systems. ECF 147 (Yarats Decl.) ¶¶ 8–9; ECF No. 98 (Databases Order) ¶ 17(a). Plaintiffs are now asking this Court to give them access from their review machines to Perplexity's live application, so that every time Plaintiffs' experts search for or retrieve a file, that request would execute against the infrastructure that operates the answer engine. Decl. ¶ 9.

That live access would not only be unprecedented and dangerous, it would create a substantial operational burden on Perplexity's core business functions. That is true even if the Court were to

[1] Plaintiffs fault Perplexity for not presenting its burden arguments during the meet-and-confer process. But the parties' discussions constituted responding to questions related to Plaintiffs' successively expanding requests until they culminated in a new demand, on the eve of the motion, to produce all [redacted] that could contain Plaintiffs' articles. *See* Ltr. at 1-2.

limit Plaintiffs' request to [redacted] the Reply identifies.[2] Providing read-only access would risk degrading the performance of Perplexity's live application. Decl. ¶ 10. Contrary to Plaintiffs' expert's assertions, [redacted]. *Id.* To put it simply, [redacted] *Id.*

Further, [redacted]. Decl. ¶ 11; *see also* Yarats Decl. ¶ 11. To locate anything [redacted] Decl. ¶ 11. Either way, Plaintiffs' access would generate substantial, sustained [redacted]. *Id.* ¶ 12. Plaintiffs' [redacted] *Id.* ¶ 10; *see also S.E.C. v. Strauss*, 2009 WL 3459204, at *12 n. 8 (S.D.N.Y. Oct. 28, 2009) (courts must "guard against undue intrusiveness resulting from inspecting or testing such systems") (internal citation omitted); *Broidy Cap. Mgmt. LLC v. Muzin*, 2023 WL 12119750, at *1 (D.D.C. Oct. 13, 2023) (denying access to computer systems because it "would raise complex and sensitive issues regarding … information security").

In addition to the operational burden described above, it would be functionally impossible for Perplexity to make live access to its systems truly secure. Plaintiffs' expert acknowledges the [redacted] are live components of [redacted]. Delorey Decl. ¶ 5. Unknown vulnerabilities could be inadvertently or deliberately exploited to alter or compromise Perplexity's data, and once made available, Perplexity would have no mechanism to prohibit or limit these harmful actions. Decl. ¶¶ 13-14. That would result in irreparable harm to Perplexity. Further, any access to Perplexity's dynamic system would require careful tracking and logging of every action on that system. *Id.* ¶ 14. Otherwise, if Plaintiffs later claim to have observed particular content, Perplexity would have no independent means of verifying that the underlying data had not changed. *Id.* This is why Rule 34 is "not meant to 'create a routine right of direct access to a party's electronic information system,'" and why discovery typically involves the production of static, forensic copies that provide all parties with a verifiable, unchanging record of what existed at a given moment that cannot be altered by a receiving party. *Strauss*, 2009 WL 3459204, at *12 n. 8 ("courts have declined to find an automatic entitlement to access an adversary's database") (citation omitted).

This Court should not allow Plaintiffs to have unprecedented, wholesale access to their litigation adversary's live systems. The request should be denied.

---

[2] The Reply (at 1 n.2) incorrectly states that Perplexity's [redacted] Perplexity's [redacted] Yarats Decl. ¶¶ 12, 25. These are not all [redacted]. For example, [redacted]. *Id.* ¶ 20. Given [redacted], *id.* ¶¶ 16-17, Plaintiffs are seeking live-access to [redacted].

Respectfully submitted,

*/s/ Andrew H. Schapiro*

Andrew H. Schapiro
*Counsel for Defendant Perplexity AI, Inc.*

cc: All counsel of record (via ECF)

The Court has reviewed Plaintiffs' motion to compel Defendant to produce certain data repositories (Dkt. #138, 139), Defendant's initial response (Dkt. #146-149), Plaintiffs' reply (Dkt. #157-160), and Defendant's above surreply (Dkt. #166-169). The Court thanks the parties for their helpful and timely submissions.

After reviewing the material, Plaintiffs' motion to compel is DENIED. The Court believes that the burden of the request -- even Plaintiff's narrower request -- is just too great, given the fact that much of the material sought appears to be duplicative. *See Chem. Bank* v. *Affiliated FM Ins. Co.*, No. 87 Civ. 150 (VLB), 1994 WL 89273, at *2 (S.D.N.Y. Mar. 16, 1994). The Court is also convinced by Defendant's surreply, which explains why Plaintiffs' "read-only" request is not workable. Given that the material would have to be produced and exported, Plaintiffs' request is far too costly to be justified.

The Clerk of Court is directed to terminate the pending motion at docket entry 165.

Dated: July 14, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE