1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711

JENNER&BLOCK LLP

July 28, 2026

Susan J. Kohlmann
Tel +1 212 891 1690
Fax +1 212 891 1699
SKohlmann@jenner.com

MEMO ENDORSED

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

Re: ***Dow Jones & Company, et al. v. Perplexity AI, Inc.*, Civ. No. 24-7984 (KPF)**

Dear Judge Failla:

I write pursuant to Rule 9 of this Court's Individual Rules of Practice in Civil Cases on behalf of Plaintiffs Dow Jones & Company, Inc. and NYP Holdings, Inc. ("Plaintiffs") to request leave to file under seal, with a redacted copy on the public docket, Plaintiffs' motion to compel production of certain Discord communications ("Motion to Compel").

The Motion to Compel includes certain information designated by non-party Andy Konwinski as Highly Confidential pursuant to the Protective Order entered in this case. *See* ECF No. 62. Producing non-party Andy Konwinski has indicated that disclosure of information designated Highly Confidential in this case "would create a substantial risk of serious harm" to his "privacy or business interests." *See id.* ¶ 3(c).

Because it is necessary to provide this information to the Court for resolution of the instant dispute, consistent with Plaintiffs' obligations under the Protective Order, ECF No. 62 ¶ 14, Plaintiffs request an order permitting the Motion to Compel to be filed under seal, with a redacted copy on the public docket. Although the law favors public access to judicial proceedings, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), that presumption is entitled to less weight where, as here, "the documents are not to be submitted in connection with a dispositive motion, but merely a motion to compel further discovery from a party." *Alexander Interactive, Inc. v. Adorama, Inc*., 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014); *see also Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (noting that the presumption in favor of public access is "generally somewhat lower" with respect to discovery disputes). Further, the Second Circuit has held that privacy interests of third parties, at issue here, "should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

We thank the Court for its continued attention to this matter.

Respectfully submitted,

/s/ *Susan J. Kohlmann*
Susan J. Kohlmann

*Counsel for Plaintiffs*

cc: All Counsel of Record via ECF

Application GRANTED.

The Clerk of Court is directed to terminate the pending motion at docket entry 173, and to maintain docket entry 174 under seal.

Dated: July 28, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE