**quinn emanuel** trial lawyers | new york
295 5th Avenue, 9th Floor, New York, New York 10016 | TEL: (212) 849-7000 FAX: (212) 849-7100

WRITER'S DIRECT DIAL
**(212) 849-7164**

WRITER'S EMAIL ADDRESS
**andrewschapiro@quinnemanuel.com**

July 31, 2026

**VIA ECF AND EMAIL (FAILLA_NYSDCHAMBERS@NYSD.USCOURTS.GOV)**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

**MEMO ENDORSED**

Re: *Dow Jones & Co. and NYP Holdings, Inc. v. Perplexity AI, Inc.*, Case No. 24-cv-07984-KPF: Defendant's Motion to Seal

Dear Judge Failla:

On behalf of Defendant Perplexity AI, Inc., I write pursuant to Rule 9 of this Court's Individual Rules of Practice in Civil Cases to request leave to file under seal, with redacted copies on the public docket, Defendant's forthcoming Letter Response in Opposition to Plaintiffs' Letter Motion to Compel Perplexity AI, Inc. to search the Discord direct messages and private channels of all Perplexity custodians and produce all responsive, non-privileged documents ("Opposition").

While some presumption of public access attaches to all judicial documents, the Second Circuit has instructed that where, as here, documents are "submitted in connection with discovery dispute" the "presumption of public access…is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *see also CRC Ins. Servs., Inc. v. Suh*, No. 22-CV-9528 (AT) (JW), 2025 WL 560749, at *2 (S.D.N.Y. Feb. 19, 2025) (discovery motions are "only entitled to 'modest' weight" because "resolving a discovery motion does not involve analyzing the merits of the claims").

The limited sections of the Opposition proposed for redaction discuss the contents of three documents produced by a non-party in this litigation—Mr. Andy Konwinski. Mr. Konwinski designated these documents as Highly Confidential under the Protective Order entered in this case. *See* Dkt. 62. Because these documents belong to and were designated Highly Confidential by Mr.

Konwinski, Perplexity may not unilaterally waive these confidentiality designations; Mr. Konwinski retains that right. Moreover, absent redaction, the public filing of the Opposition would disclose the substance of documents that Mr. Konwinski may have identified as commercially or personally sensitive and that have not been made part of the public record in this case. "Courts may deny public access to records that contain sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm." *McKeon Rolling Steel Door Co. v. U.S. Smoke & Fire Corp*., No. 23-CV-8720 (ALC) (RFT), 2025 WL 2644308, at *2 (S.D.N.Y. Sept. 15, 2025) (internal quotations omitted); *see also Emergency Physician Servs. of New York v. UnitedHealth Grp., Inc.*, No. 20 Civ. 9183, 2023 WL 8306746, *1 (S.D.N.Y. Dec. 1, 2023) ("[I]f the disclosure of a litigant's confidential business information places such party at risk of competitive harm, there is compelling justification for sealing the documents containing such information."); *In re Parmalat Sec. Litig*., 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing.").

Because the proposed redactions are limited to the discrete non-party confidential material, and leave the remainder of the Opposition fully accessible on the public docket, sealing only the limited confidential material is narrowly tailored to protect Mr. Konwinski's legitimate confidentiality interests while preserving the public's right of access.

Perplexity therefore respectfully requests that the Court grant it leave to file the Opposition under seal.

Respectfully submitted,

*/s/ Andrew H. Schapiro*

Andrew H. Schapiro
*Counsel for Defendant Perplexity AI, Inc.*

cc: All counsel of record (via ECF)

Application GRANTED.

The Clerk of Court is directed to terminate the pending motion at docket entry 181, and to maintain docket entry 182 under seal.

Dated: August 3, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE