UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOW JONES & COMPANY, INC., and NYP HOLDINGS, INC., Plaintiffs, -v.- Perplexity AI, Inc., Defendant. | 24 Civ. 7984 (KPF) **ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Plaintiffs' motion to compel Defendant to search for and produce materials and information related to custodians' Discord accounts (Dkt. #174), and Defendant's response (Dkt. #182), as well as Defendant's motion to compel Plaintiffs to search for and produce materials and information responsive to certain Requests for Production ("RFPs") and Interrogatory No. 6. (Dkt. #177), and Plaintiffs' response (Dkt. #180). The Court is mindful that document discovery in this case shall be completed no later than August 15, 2026. Given the limited time remaining, the Court does not anticipate continuing to referee the finer points of untimely production disputes, absent particularly compelling circumstances. With that said, the Court takes each motion to compel in turn.

*First*, the Court has considered Plaintiffs' motion to compel Defendant to search for and produce by August 7, 2026, all responsive, non-privileged information regarding the Discord accounts of any custodians using Discord on

the Perplexity server from December 2022 through February 2026.  (Dkt. #174).  Plaintiffs' application is GRANTED IN PART.

To establish reasonable grounds for their requests, Plaintiffs have attached to their motion exhibits based on third-party productions in which Perplexity AI, Inc.'s custodians use Discord's private messaging function to communicate personal and potentially business information.  (Dkt. #176, 176-1 to -13).  Defendant argues that Plaintiffs' cited examples are neither relevant to Plaintiffs' infringement claims nor responsive to their discovery requests.  (Dkt. #182).  Further, Defendant argues that Plaintiffs' request is overbroad.  The Court disagrees.  (*Id.*).  The exhibits show, at the very least, that Perplexity AI, Inc.'s custodians are using and relying on Discord in the business context.  This type of discovery is plainly in scope.  Given the looming document discovery deadline, Defendant shall search for and produce these documents by the date mutually agreed upon by the parties before the close of document discovery.  The Court has every confidence in the parties to resolve any potential disagreement about who qualifies as a "custodian" based on their Stipulated Document Production Protocol.

*Second*, the Court has reviewed Defendant's request to compel Plaintiffs to search for and produce materials and information responsive to Interrogatory No. 6 and RFPs Nos. 143-44, 149-50, and 167-68.  (Dkt. #177).  The application is DENIED.

Beginning with Interrogatory No. 6, Plaintiffs have agreed to supplement their response "well before" the parties begin depositions, (Dkt. #180) — not at

the "eleventh hour," as Defendant suggests, (Dkt. #177).  But, for the avoidance of doubt, the Court hereby ORDERS Plaintiffs to provide a response to Interrogatory No. 6 no later than **20 days before the first deposition**, or on a date mutually agreed upon by the parties.

Moving on to the RFPs, the Court largely adopts Plaintiffs' arguments as the basis for denying Defendant's requests.  With respect to RFP Nos. 143 (any licensing agreements for the trademarks) and 144 (financial benefits derived from any licensing agreements), Plaintiffs have stated that it is not part of their general business practice to license their trademarks, so Defendant's requests strike the Court as largely immaterial.  (Dkt. #180).  Regardless, the terms or rates for any trademark licensing agreement do not bear on the value of the trademark and are thus irrelevant to the issues in this case.  (*Id.*).  For RFP No. 149 (costs and expenses to maintain the trademarks), Plaintiffs have already produced 15 years' worth of marketing and promotional expenditures, which is a sufficient response to the request.  (*Id.*).  Concerning RFP No. 150 (the costs and expenses to maintain the works), the Court takes Plaintiffs at their word that they do not maintain these types of records in the ordinary course at the level of granularity that Defendant seeks, so there is nothing additional to produce.  (*Id.*).  With respect to RFP No. 167 (comparisons to "alternative news sources"), Defendant's request for "alternative news sources" is vague and overbroad.  (*Id.*).  Finally, for RFP No. 168 (valuations of Plaintiffs' business), Defendant has failed to demonstrate why it is entitled to "all documents"

concerning the market valuation of Plaintiffs' entities.  (*Id.*).  Thus, the Court denies Defendants' motion to compel in its entirety.

The Clerk of Court is directed to terminate the pending motions at docket entries 174 and 177.  The Clerk of Court is further directed to terminate the pending motion at docket entry 138, which was resolved by this Court's Endorsed Letter on July 14, 2026.  (Dkt. #172).

SO ORDERED.

Dated:   August 3, 2026
         New York, New York

KATHERINE POLK FAILLA
United States District Judge