1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711

JENNER&BLOCK LLP

August 27, 2026

Susan J. Kohlmann
Tel +1 212 891 1690
Fax +1 212 891 1699
SKohlmann@jenner.com

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

**MEMO ENDORSED**

Re: ***Dow Jones & Company, et al. v. Perplexity AI, Inc.*, Civ. No. 24-7984 (KPF)**

Dear Judge Failla:

I write pursuant to Rule 9 of this Court's Individual Rules of Practice in Civil Cases on behalf of Plaintiffs Dow Jones & Company, Inc. and NYP Holdings, Inc. ("Plaintiffs") to request leave to file under seal, with a redacted copy on the public docket, Plaintiffs' motion to compel production of certain confidential documents ("Motion to Compel"). Plaintiffs further request leave to file the Motion to Compel's accompanying exhibits fully under seal.

The Motion to Compel and accompanying exhibits include information that Perplexity represents should be made under seal and which the producing third party has designated as Confidential pursuant to the Protective Order entered in this case, *see* ECF No. 62. The third party has indicated that disclosure of information designated Confidential "could harm the privacy or business interests of the Producing Party … or any other person," *see id*. ¶ 3(a).

Because it is necessary to provide this information to the Court for resolution of the instant dispute, consistent with Plaintiffs' obligations under the Protective Order, *id.* ¶ 14, Plaintiffs request an order permitting the Motion to Compel to be filed under seal, with a redacted copy on the public docket, and Exhibits A and B be filed fully under seal. Although the law favors public access to judicial proceedings, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), that presumption is entitled to less weight where, as here, "the documents are not to be submitted in connection with a dispositive motion, but merely a motion to compel further discovery from a party." *Alexander Interactive, Inc. v. Adorama, Inc*., 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014); *see also Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (noting that the presumption in favor of public access is "generally somewhat lower" with respect to discovery disputes).

We thank the Court for its continued attention to this matter.

Respectfully submitted,

/s/ *Susan J. Kohlmann*
Susan J. Kohlmann
*Counsel for Plaintiffs*

cc: All Counsel of Record via ECF

Application GRANTED.

The Clerk of Court is directed to maintain docket entry 188 under seal, viewable only to the parties and the Court.

Further, the Clerk of Court is directed to terminate the pending motion at docket entry 187.

Dated: August 28, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE