ROTHWELL FIGG

901 New York Avenue, N.W.
Suite 900 East
Washington, DC 20001

Telephone (202) 783-6040
Facsimile (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | Boston

E. Anthony Figg
Steven Lieberman
Joseph A. Hynds
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Brett A. Postal
Aydin H. Harston, Ph.D.
Jennifer B. Maisel
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols
Daniel L. Shores

*Not a member of the D.C. Bar. Practice limited to patent, trademark and copyright matters

G. Franklin Rothwell (1928-2011)
Harry F. Manbeck, Jr. (1926-2025)

Mark T. Rawls
Nicole M. DeAbrantes
Davide F. Schiavetti
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
Bryan B. Thompson
Adam M. Nicolais
Gregory S. DeLassus
Michael P. Ellenberger
Mary L. Mullins
Stephanie E. Waltersdorff
Benjamin H. Fishman
Jotham Koneri
Delon Lier*
Thomas R. Langdon
Kenneth O. Aruda

Of Counsel
Alexandra S. Hughes
Hugham Chan

October 30, 2026

Hon. Katherine Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

**Re: Non-Parties Chicago Tribune and The Times's Request for Access to Sealed Documents in *Dow Jones & Co., Inc., et al. v. Perplexity AI, Inc.*, No. 24-cv-07984 (S.D.N.Y.)**

Dear Judge Failla:

I write on behalf of Chicago Tribune Company, LLC (the "Chicago Tribune") and The New York Times Company, Wirecutter, Inc., and The Athletic Media Company (collectively, "The Times"), which are plaintiffs in two pending lawsuits against Perplexity AI, Inc. in this District. *See Chicago Tribune Co., LLC v. Perplexity AI, Inc.*, No. 1:25-cv-10094-LAP-GWG (S.D.N.Y.); *The New York Times Co., et al. v. Perplexity AI, Inc.*, No. 1:25-cv-10106-LAP-GWG (S.D.N.Y.).

On October 6, this Court granted non-parties Encyclopaedia Britannica, Inc. and Merriam-Webster, Inc.'s request for access to the transcript of the September 15, 2026 conference in this action that encapsulates the analysis and adjudication of a Dow Jones's motion to compel. Dkt. No. 216.

On October 13, 2026, in the Chicago Tribune and Times cases, Perplexity likewise agreed to produce the unredacted briefing, declarations, and exhibits associated with a Dow Jones motion to compel in this case, *see* Dkts. 191, 195, as well as the same set of documents that this Court ordered produced to Dow Jones in response to that motion. As to the sealed order and hearing transcript that encapsulates the Court's analysis of the motion, the Chicago Tribune and The Times now respectfully request that this Court permit Perplexity to produce these documents, including any orders and/or hearing transcripts, that encapsulate this Court's analysis and adjudication of the motion to compel at issue.

The Chicago Tribune and The Times will treat all documents to which the Court grants access as Highly Confidential under the protective orders in the Dow Jones case and in their respective cases, without prejudice to their right to challenge the designation in the future.

ROTHWELL FIGG



**Counsel for Perplexity has confirmed that Perplexity does not oppose the relief sought in this letter. Counsel for Dow Jones has confirmed that its clients do not oppose the relief sought in this letter. Counsel for third-party Institutional Venture Partners ("IVP") has confirmed that IVP takes no position on the relief sought in this letter.**

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Steven Lieberman*
Steven Lieberman
*Attorney for the Chicago Tribune, The New York Times, Wirecutter, and The Athletic*

Application GRANTED. Defendant Perplexity may produce to non-parties The Chicago Tribune and The Times all unredacted briefing and supporting documentation related to Plaintiffs' motions to compel (Dkt. #191, 218), and the documents Defendant has and will produce consistent with the Court's Sealed Orders on September 15, 2026 (*See* Sept. 15, 2026 Minute Entry; Dkt. #218-1), and October 29, 2026 (Dkt. #226).

The non-parties are reminded to treat these productions as Highly Confidential, and to observe the protective orders in this case and their respective cases, without prejudice to the non-parties' right to challenge the designation in the future.

Dated: October 30, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE